VES-3-CO:R:IT:C 112085 LLB

Mr. David A. Mayo
President, Freight Management Companies
200 W. Thomas Street, Suite 305
Seattle, Washington 98119

RE: Coastwise transportation; Waiver of coastwise laws; Third proviso to merchandise transportation statute; Transportation of fish products; 46 U.S.C. App., section 883

Dear Mr. Mayo:

Reference is made to your letter of February 18, 1992, received via facsimile transmission, in which you request that this office issue a ruling regarding the use of a non-coastwise- qualified vessel in the transportation of fish products between coastwise points. Proposed as alternatives are the direct transportation of the products, and the transportation in part via Canadian rail trackage.

FACTS:

An unusually large harvest of Alaskan crab has reportedly led to a shortage in the numbers of available refrigerated containers. It is also stated that there is a shortage in the number of coastwise-qualified refrigerated bulk cargo vessels. Such containers or vessels are necessary for the shipment to United States markets of frozen pollock roe from Dutch Harbor, Alaska. There also exists a shortage of freezer capacity in Dutch Harbor.

With the foregoing as background, two alternative proposals are made. The first is that a waiver from the application of the coastwise laws be granted. Alternatively, it is requested that consideration be given to whether the merchandise might be permitted to be transported from Dutch Harbor on a foreign-flag vessel to the port of Vancouver, British Columbia, Canada, and thence via railroad from Canada to a destination in the United States. It is reported the as a result of recent deregulation initiatives undertaken by the Interstate Commerce Commission, frozen fish has been designated as an exempt commodity for which route rate tariffs are not required to be filed.

ISSUE:

1. Whether a waiver of the coastwise merchandise transportation statute may be authorized for the transportation of frozen fish products directly between coastwise points.

2. Whether merchandise may be transported indirectly between coastwise points, in part via rail trackage in Canada, when the cargo being transported has been designated by the Interstate Commerce Commission as an exempt commodity for which route rate tariffs need not be filed.

LAW AND ANALYSIS:

The coastwise law pertaining to the transportation of merchandise, section 27 of the Act of June 5, 1920, as amended (41 Stat. 999; 46 U.S.C. App. 883, often called the Jones Act), provides that:

No merchandise shall be transported by water, or by land and water, on penalty of forfeiture of the merchandise (or a monetary amount up to the value thereof as determined by the Secretary of the Treasury, or the actual cost of the trans- portation, whichever is greater, to be recovered from any consignor, seller, owner, importer, consignee, agent, or other person or persons so transporting or causing said merchandise to be transported), between points in the United States...embraced within the coastwise laws, either directly or via a foreign port, or for any part of the transportation, in any other vessel than a vessel built in and documented under the laws of the United States and owned by persons who are citizens of the United States...

The coastwise laws generally apply to points in the territorial sea, defined as the belt, three nautical miles wide, seaward of the territorial sea baseline, and to points located in the internal waters, landward of the territorial sea baseline in cases where the baseline and the coastline differ. These laws have also been

EXHIBIT 11
Page 1 of 3
Case 3:21-cv-00198-SLG Document 6-12 Filed 09/02/21 Page 1 of 3

interpreted to apply to transportation between points within a single harbor. Merchandise, as used in section 883, includes any article, including even materials of no value (see the amendment to section 883 by the Act of June 7, 1988, Pub. L. 100-329; 102 Stat. 588). The navigation laws (including the coastwise laws) can only be waived under the authority provided by the Act of December 27, 1950 (64 Stat. 1120; note preceding 46 U.S.C. App. 1). This statute provides that, "...[t]he head of each department or agency responsible for the administration of the navigation and vessel inspection laws is directed to waive compliance with such laws upon the request of the Secretary of Defense [and] [t]he head of such department or agency is authorized to waive compliance with such laws ... either upon his own initiative or upon the written recommendation of the head of any Government agency whenever he deems that such action is in the interest of national defense." Owing to the necessity for some national defense justification, requests for waiver of the coastwise laws are infrequently granted. We perceive no valid waiver justification in the present matter.

The third proviso to 27 of the Merchant Marine Act, 1920, as amended (46 U.S.C. App. 883), provides:

That this section shall not apply to merchandise transported between points within the continental United States, including Alaska, over through routes heretofore or hereafter recognized by the Interstate Commerce Commission for which routes rate tariffs have been or shall hereafter be filed with said Commission when such routes are in part over Canadian rail lines and their own or other connecting water facilities...

Simply stated, 883 would not prohibit the transportation of merchandise if all of the conditions of the third proviso are met, that is:

a) through routes are utilized which have heretofore or are hereafter recognized by the I.C.C.

b) routes rate tariffs have been or shall hereafter be filed with the I.C.C., and have not subsequently been rejected for filing, have become effective according to their terms, and have not been subsequently suspended, or withdrawn by the Commission.

c) the routes utilized are in part over Canadian rail lines and their own or other connecting water facilities.

We have held that "over Canadian rail lines" means simply over rail trackage in Canada, and that "their own or other connecting water facilities" means water facilities covered by a through route regardless of whether those facilities connect directly with the Canadian rail line covered by that through route. An investigation was made into Interstate Commerce Commission procedures regarding the commodity exemption claim which has been advanced in this matter. Research has revealed that frozen seafood has been designated as Standard Transportation Commodity Code 20 361, an exempt commodity for which no rate tariff is required under agency procedures (see title 49, Code of Federal Regulations, section 1039.11, which implements subtitle IV of title 49, United States Code, the enabling legislation for the Interstate Commerce Commission). These findings were confirmed with a representative of the Tariffs Section, Interstate Commerce Commission.

It is a basic tenet of statutory construction and interpretation that the laws as enacted are considered to be forward-looking and adaptable to evolving circumstances. This has application to the present matter in that although the statute specifies the filing of rate tariffs with the Interstate Commerce Commission, mechanistic adherence to that requirement in the present climate of deregulation would lead to an absurd result which cannot be justified. Accordingly, the indirect transportation between coastwise points of commodities which are exempt from requirements regarding rate tariffs, through the utilization of foreign-flag vessels and Canadian rail trackage, is not impermissible merely because no tariffs may be filed to cover the movements.

HOLDING:

1. The proposed direct transportation of frozen seafood between coastwise points on non-coastwise-qualified vessels is not a transportation for which a national defense waiver from the restrictions of the coastwise merchandise transportation statute may be justified.

2. The proposed non-coastwise-qualified vessel transportation of frozen fish between coastwise points

**EXHIBIT 11**
**Page 2 of 3**

which is accomplished in part over Canadian rail trackage, is permissible under the third proviso to 46 U.S.C. App. 883. The legality of the proposed movement is not defeated merely because a statutory element is the filing of a rate tariff with the Interstate Commerce Commission and the commodity to be transported is exempted under Agency rules from such rate requirements.

Sincerely,

B. James Fritz
Chief