

DEPARTMENT OF THE TREASURY
U.S. CUSTOMS SERVICE
WASHINGTON

APR 30 1982



REFER TO
VES-3-17-CO:R:CD:C
105604 JM

Dear Mr. Walsh:

Your letter dated March 29, 1982, requested advise concerning the proposed use of foreign-built and registered vessels to transport merchandise between points in the United States. You state that goods originating in the continentatl United states and inland cities of Canada will be piggy-backed via the Canadian National Railway, at least for the Canadian portion of the journey, to the Canadian port city of Prince Rupert on a through bill of lading to Alaska. At Prince Rupert, the van type highway trailers or flat bed trailers containing merchandise will be tansferred to the foreign roll on-roll off vessel. The vessel will transport the merchandise to either Valdez or Whittier depending on whether the the goods are to be piggy-backed on the Alaska Railroad to Fairbanks. In addition, you state that you believe the Interstate Commerce Commission has published through tariffs for traffic of the type mentioned above.

In view of the fact that goods originating at inland cities of Canada, provided that the goods were not transported to the Canadian city from the United States, would not be travelling in the coastwise trade of the United States, we will limit our discussion to goods originating in the continental United States. Your questions are set forth below and answered in the order they appear in your letter.

> 1. Will the proposed service qualify under the exemption stated in paragraph 883 of the Jones Act?

The third proviso to section 27 of the Merchant Marine Act, 1920, as amended (46 U.S.C. 883) reads:

> That this section shall not apply to merchandise transported between points within the continental United States, including Alaska, over through routes heretofore or hereafter recognized by the Interstate Commerce Commission for which routes rate tariffs have been or shall hereafter be filed with said Commission when such routes are in part over Canadian rail lines and their own or other connecting water facilities....

**EXHIBIT 2**
**Page 1 of 3**

-2-

We have held that through routes are, within the meaning of the third proviso, "recognized by the Interstate Commerce Commission" when rate tariffs for them have been filed with the Commission, have not subsequently been rejected for filing, have been effective according to their terms, and have not been subsequently suspended by the Commission or superseded or withdrawn. Such through route rate tariffs are on file in the public file, Interstate Commerce Commission Building. We maintain no list of these tariffs. To determine if through route rate tariffs are on file for your proposed service, you can contact Mr. William P. Geisenkotter, Chief, Section on Tariffs, Interstate Commerce Commission, 12th and Constitution, N.W., Washington, D.C. 20229. Mr. Geisenkotter's telephone number is 202-275-7739.

We have held that "over Canadian rail lines" means simply "over rail trackage in Canada" and that "their own or other connecting water facilities" means "water facilities, whether or not connecting with trackage in Canada." Accordingly, your proposed service will qualify under the third proviso and will not constitute a violation of the coastwise laws of the United States provided the through route is "recognized by the Interstate Commerce Commission" as set forth in the preceeding paragraph.

> 2. Will it be necessary or desirable for a U.S. Customs official to be present for he transshipment of goods at Prince Rupert?

It will not be necessary for a U.S. Customs official to be present for transshipment of the goods at Prince Rupert. However, subsection 123.21(a), Customs Regulations (19 CFR 123.21(a)) provides in pertinent part that merchandise transported between ports in the United States through Canada will be treated as importations when returned to the United States if the merchandise has been transshipped in foreign territory without Customs supervision when the transshippment requires the breaking of Customs seals, or the Customs inspector finds any of the Customs seals applied to the conveyance or compartment unlocked or missing. Section 123.24, Customs Regulations, provides that merchandise transported between ports in the United States through Canada shall be transported in sealed conveyance or compartments with certain exceptions.

> 3. In the event that the vessel qualifies for the exemption under 883, will it therefore be entitled to haul goods in bond as "a vessel entitled to engage in the coastwise trade" pursuant to paragraph 18.1 of the Customs Regulations?

**EXHIBIT 2**
**Page 2 of 3**

-3-

As stated above, the third proviso of section 883 allows foreign vessels to transport merchandise between points within the continental United States, including Canada, over through routes recognized by the Interstate Commerce Commission and section 123.24, Customs Regulations, requires this merchandise to be transported in bond. Accordingly, vessels qualifying under the third proviso of section 883 are entitled to transport merchandise in bond over the through routes recognized by the Interstate Commerce Commission.

    4. Do you foresee our encountering any further difficulties launching this proposed service from a Customs point of view?

If your proposed service qualifies under the third proviso of section 883 and you comply with Subpart C of Part 123, Customs Regulations, you should encounter no further difficulties from the U.S. Customs Service.

We are enclosing a copy of Subpart C of Part 123 for your information.

    Sincerely,

    Edward B. Gable, Jr.
    Chief
    Carrier Rulings Branch

Mr. William L. Walsh
1005 Dumbarton Square
4515 MacLeod Trail S.
Calgary, Alberta. T2G OA5

Enclosure

**EXHIBIT 2**
**Page 3 of 3**