| U.S. DEPARTMENT OF HOMELAND SECURITY<br>U.S. Customs and Border Protection | ORDER NUMBER<br>14-004 |
|---|---|
| **DELEGATION ORDER** | ISSUE DATE<br>September 11, 2014 |
| CUSTOMS DIRECTIVE | EFFECTIVE DATE<br>September 11, 2014 |

| SUBJECT |
|---|
| Delegation of Authorities to Center Directors |

| DELEGATED BY | DELEGATED TO |
|---|---|
| Commissioner | Directors, Centers of Excellence and Expertise or any CBP official acting in that capacity |

| SOURCE OF AUTHORITY BEING DELEGATED | SUPERSEDED ORDER(S) (ORDER NUMBER(S) AND DATES(S) ONLY) |
|---|---|
| Homeland Security Act of 2002 (Public Law 107-296), Treasury Order 100-16 (May 23, 2003), DHS Delegation No. 7010.3 (May 11, 2006), and all applicable statutes and regulations granting authority to the Commissioner, U.S. Customs and Border Protection. | None |

**DELEGATION**

By virtue of the authority vested in me as the Commissioner of U.S. Customs and Border Protection, and to the extent permitted by law, I hereby delegate to the Directors, Centers of Excellence and Expertise (Center Directors), currently the Assistant Director of Field Operations, Trade (ADFO) in the Office of Field Operations, all functions, authorities, rights, privileges, powers, and duties vested in Port Directors by law, regulation, or otherwise.

These functions, authorities, rights, privileges, powers, and duties may be exercised concurrently by Port Directors and Center Directors.

*[signature]*

Commissioner
U.S. Customs and Border Protection

# Delegation Order
# Guidance for Trade Community
# April 2021

**Executive Summary**

Delegation Order, Number 14-004, effective on September 11, 2014 ("Delegation Order"), delegated all authorities provided by law, regulation (e.g., in Title 19, Code of Federal Regulations) or otherwise that are vested in Port Directors to the Directors, Centers of Excellence & Expertise (Center Directors). The Delegation Order facilitated the Office of Field Operations' transition of trade processes to the Electronics Center; the Pharmaceutical, Health & Chemicals Center; the Petroleum, Natural Gas, and Minerals Center; the Apparel, Footwear & Textiles Center; the Agriculture and Prepared Products Center; the Automotive and Aerospace Center; the Base Metals Center; the Consumer Products and Mass Merchandising Center; the Industrial and Manufacturing Materials Center; and the Machinery Center. The Centers assumed the trade work from the Ports of Entry within their respective industry sector.

The "Regulatory Implementation of the Centers of Excellence and Expertise" interim final rule was published on December 20, 2016 and amended the CBP regulations to identify the regulatory functions that were transitioned from the Port Directors to the Center Directors and those that are jointly carried out by the Port Directors and the Center Directors.

**Examples of Excepted Authorities**

Port Directors retain singular authority over those matters pertaining to the control, movement, examination, and release of cargo. While a Port Director may consult a Center Director regarding these matters, Center Directors will not issue decisions or determinations.

The Port Director has responsibility for exercising authority over all matters related to Fines, Penalties and Forfeitures (FP&F). All notices to the trade regarding these cases (including CBPF 5955A, pre-penalty/penalty notices, and seizure notices) are issued under the authority of the FP&F Officer.

**Examples of Joint Authorities**

Port Directors and Center Directors both have the authority to demand redelivery of cargo when necessary to ensure safety and security, and to protect the revenue. Both Port Directors and Center Directors have the authority to take samples of merchandise as needed.

Port Directors and Center Directors have the authority to demand single transaction bonds when necessary to ensure safety and security, and to protect the revenue. Revenue collections can be accepted by Port of Entry staff and/or Center personnel on behalf of CBP.

**Regulatory References**

Center Directors will have the same authority within Section 191, Title 19 of the Code of Federal Regulations, wherever the Port Director is referenced, to render trade decisions and determinations.