David Karl Gross, ABA #9611065
Birch Horton Bittner & Cherot
510 L Street, Suite 700
Anchorage, Alaska 99501
Telephone: 907.276.1550
dgross@bhb.com

Edward E. McNally, ABA #9203003
Marc E. Kasowitz *(Admitted Pro Hac Vice)*
Hector Torres *(Admitted Pro Hac Vice)*
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
Telephone: 212.506.1700
emcnally@kasowitz.com
mkasowitz@kasowitz.com
htorres@kasowitz.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KLOOSTERBOER INTERNATIONAL FORWARDING LLC and ALASKA REEFER MANAGEMENT LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. CUSTOMS AND BORDER PROTECTION, and TROY A. MILLER, U.S. Customs and Border Protection Acting Commissioner, in his official capacity, <br><br> Defendants. | Case No.: 3:21-cv-00198-SLG |

**EXHIBIT A**
**Page 1 of 3**

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.
DECLARATION OF M. CHRISTY MCMANUS

CASE NO. 3:21-cv-00198-SLG
PAGE 1 OF 3

Case 3:21-cv-00198-SLG   Document 59-1   Filed 09/20/21   Page 1 of 3

## <u>DECLARATION OF M. CHRISTY MCMANUS</u>

Pursuant to 28 U.S.C. § 1746, I, M. Christy McManus, declare as follows:

1.      I am the General Manager of Storage and Service Solutions in Bayside, New Brunswick, Canada. I have been the General Manager of Storage and Service Solutions since 2015.

2.      From 1989 until early 2015, I worked at Woodstock Cold Storage [1990] Ltd. ("WCS"), now operating as Kloosterboer Bayside Cold Storage ("KBB"). I became Operations Manager of KBB in 2006, and General Manager of KBB in or about 2010. I served as General Manager of KBB from in or about 2010 until my departure in early 2015. Peter and Beverly Frye, the owners of WCS before its sale to KBB, were my parents.

3.      I have personal knowledge of the facts set forth in this declaration.

4.      During my time as General Manager of KBB, U.S. Customs and Border Protection ("CBP") officers were on site at KBB and on site at the Bayside Canadian Railway ("BCR"), which is located adjacent to KBB, more than once.

5.      CBP officers were on site before, during, and after construction of the BCR in Bayside. CBP did some observation one morning after the BCR had been operating for a couple of months. The ramp that would have allowed the trucks to exit the flat rail cars was not installed once the BCR learned from CBP that as soon as the rail cars touched the stops on the south end of the rail trackage, their destination had been reached. Thus, it was deemed irrelevant where the trucks were discharged. The driver

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.          CASE NO. 3:21-cv-00198-SLG
DECLARATION OF M. CHRISTY MCMANUS                                        PAGE 2 OF 3

had to exit the truck during the rail movement to ensure that it was just the truck and trailer being transported in accordance with standard rail safety procedures.

6.    At no time did the CBP ever express any issues or concerns with the use, length, or directionality of the BCR. It is my understanding that the CBP was aware that the BCR was being used for purposes of compliance with the Jones Act.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: Bayside, New Brunswick, Canada
        September 17, 2021


_____
M. Christy McManus

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.    CASE NO. 3:21-cv-00198-SLG
DECLARATION OF M. CHRISTY MCMANUS                  PAGE 3 OF 3