David Karl Gross, ABA #9611065
Birch Horton Bittner & Cherot
510 L Street, Suite 700
Anchorage, Alaska 99501
Telephone: 907.276.1550
dgross@bhb.com

Edward E. McNally, ABA #9203003
Marc E. Kasowitz *(Pro Hac Vice)*
Hector Torres *(Pro Hac Vice)*
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019
Telephone: 212.506.1700
emcnally@kasowitz.com
mkasowitz@kasowitz.com
htorres@kasowitz.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KLOOSTERBOER INTERNATIONAL FORWARDING LLC and ALASKA REEFER MANAGEMENT LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. CUSTOMS AND BORDER PROTECTION, and TROY A. MILLER, U.S. Customs and Border Protection Acting Commissioner, in his official capacity,<br><br>Defendants. | Case No.: 3:21-cv-00198 (SLG) |

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.  CASE NO. 3:21-cv-00198 (SLG)
PROPOSED ORDER FOR PRELIMINARY INJUNCTION                                      PAGE 1 OF 6

Case 3:21-cv-00198-SLG   Document 59-2   Filed 09/20/21   Page 1 of 6

# [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Upon due consideration of Plaintiffs' Motion for a Preliminary Injunction, as submitted pursuant to Federal Rule of Civil Procedure 65, IT IS ORDERED that the motion is hereby GRANTED.

Plaintiffs meet the requirements for injunctive relief under the "constitutional tolling" doctrine. *See Oklahoma Operating Co. v. Love*, 252 U.S. 331 (1920) (Brandeis, J.); *United States v. Pac. Coast Eur. Conf.*, 451 F.2d 712, 717 (9th Cir. 1971). Plaintiffs have shown that they are likely to prevail in establishing, through the bills of lading submitted with each shipment and the Declaration of M. Christy McManus dated September 17, 2021, that U.S. Customs and Border Protection ("CBP") was aware of the Bayside Canadian Railway ("BCR") since at least as early as 2012, and have shown that they raise "substantial questions" as to whether their due process and other constitutional rights have been and will continue to be violated. *See Pac. Coast*, 451 F.2d at 717; *see also Oklahoma Operating Co. v. Love*, 252 U.S. at 338 (where plaintiff raises "reasonable ground" to contest government penalties as confiscatory, enforcement of penalties accrued *pendent lite* is barred, even if plaintiff does not ultimately prevail). Given the extreme penalties already assessed by CBP, and the continuing threat to Plaintiffs and others in their supply chain that CBP will issue new penalty notices during this case, Plaintiffs face a "Hobson's choice" that they are constitutionally protected from having to make. *Kansas-*

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.  CASE NO. 3:21-cv-00198 (SLG)
PROPOSED ORDER FOR PRELIMINARY INJUNCTION  PAGE 2 OF 6

Case 3:21-cv-00198-SLG   Document 59-2   Filed 09/20/21   Page 2 of 6

*Nebraska Nat. Gas Co. v. Dep't* of *Energy*, No. 79-4055, 1979 WL 998, at *4 (D. Kan. July 31, 1979). To allow this legal challenge to proceed without threat of additional penalties for alleged Jones Act violations, Plaintiffs have established a right to enjoin CBP from ever issuing and enforcing any new penalty notices to Plaintiffs and any other company in the supply chain of the Bayside Program during the period from the date of entry of this order until the date of entry of the final judgment, while Plaintiffs are pursuing their judicial and administrative remedies. *See Pac. Coast*, 451 F.2d at 717.

Plaintiffs also have shown that they meet the requirements for a preliminary injunction. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

Plaintiffs also have shown that they are likely to prevail on one or more of their claims that Plaintiffs are entitled to a declaratory judgment that their shipping practices satisfy the Third Proviso (46 U.S.C § 55116) of the Jones Act; that CBP violated 19 U.S.C. § 1625(c)(1) and (2), by improperly modifying or revoking the agency's prior interpretive rulings as to the Third Proviso in issuing the penalty notices without providing any prior notice or opportunity to comment; that CBP's imposition of the penalty notices violates the rights of Plaintiff Kloosterboer International Forwarding LLC ("KIF") under the Due Process clause of the Fifth Amendment; and that CBP's penalty notices violate KIF's rights under the Excessive Fines clause of the Eighth Amendment.

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.     CASE NO. 3:21-cv-00198 (SLG)
PROPOSED ORDER FOR PRELIMINARY INJUNCTION     PAGE 3 OF 6

Case 3:21-cv-00198-SLG Document 59-2 Filed 09/20/21 Page 3 of 6

Plaintiffs have suffered a violation of their constitutional rights for which no showing of irreparable harm is required. In any event, Plaintiffs also have established that they will continue to suffer irreparable harm from CBP's issuance of penalty notices and from the threat of new penalty notices being issued. Plaintiffs are unable to resume their business operations pending the final determination of this action without an injunction against any subsequent issuance and enforcement of new penalty notices for any alleged violations of the Jones Act relating to shipments of seafood products from Alaska to U.S. destinations through the port of Bayside, New Brunswick ("Bayside") against Plaintiff KIF and/or all other companies in the chain of supply, transportation and distribution of seafood products from Alaska to U.S. destinations through Bayside in reliance on the Third Proviso. This injunction applies to the enforcement of any penalty notices issued to date, and the issuance and enforcement of new penalty notices for any alleged violations of the Jones Act with respect to seafood products shipped before the date of this Order, or shipped at any time between the date of this Order and the date of the final judgment in this action, and regardless of the outcome of the action, including any such products that are in ocean transit or in cold storage facilities in Alaska or Bayside.

Plaintiffs have demonstrated that their businesses and others in the affected supply chain who have received penalty notices will suffer irreparable harm in the absence of injunctive relief, including the imminent destruction of their businesses, loss of jobs and

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.  CASE NO. 3:21-cv-00198 (SLG)
PROPOSED ORDER FOR PRELIMINARY INJUNCTION  PAGE 4 OF 6

Case 3:21-cv-00198-SLG   Document 59-2   Filed 09/20/21   Page 4 of 6

customers, and a substantial reduction in supply and increased prices to customers for frozen seafood products.

Plaintiffs have further established that the balance of equities is in Plaintiffs' favor, and a preliminary injunction is in the public interest. Plaintiffs have established that issuance of new penalty notices for the alleged Jones Act violations will result in irreparable harm to Plaintiffs' businesses and related industries throughout the entire frozen fish supply chain to the eastern United States. In contrast, enjoining issuance of new penalty notices and the enforcement of the existing penalty notices until the entry of a final judgment in this action will not cause any material harm to defendants or prejudice their rights given the extraordinary scope of the penalty notices that have already been issued.

Accordingly, defendants and all others acting on their behalf or in concert with them, are enjoined from

(a) enforcing any of the penalty notices for any alleged violations of the Jones Act relating to shipments of seafood products from Alaska to U.S. destinations through Bayside, issued and/or served to date on Plaintiff KIF and/or any other company or person in the chain of supply, transportation and distribution of frozen seafood products from Alaska to U.S. destinations through Bayside in reliance on the Third Proviso, and

(b) issuing and enforcing any new penalty notices for any alleged violations of the Jones Act relating to shipments of seafood products from Alaska to U.S. destinations through Bayside,

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.　　　　　　　CASE NO. 3:21-cv-00198 (SLG)
PROPOSED ORDER FOR PRELIMINARY INJUNCTION　　　　　　　　　　PAGE 5 OF 6

Case 3:21-cv-00198-SLG   Document 59-2   Filed 09/20/21   Page 5 of 6

on Plaintiff KIF and/or any other company or person in the chain of supply, transportation and distribution of frozen seafood products from Alaska to U.S. destinations through Bayside in reliance on the Third Proviso, made before the date of this Order, including any such products that are in ocean transit or in cold storage facilities in Alaska or Bayside, until the entry of a final judgment in this action.

Defendants and all others acting on their behalf or in concert with them, also are enjoined, pursuant to the constitutional tolling doctrine (*see, e.g., Oklahoma Operating Co. v. Love*, 252 U.S. 331, 338 (1920)), from ever issuing and enforcing any new penalty notices, for alleged violations of the Jones Act relating in any way to shipments from Alaska to U.S. destinations through Bayside commenced or completed at any time between the date of this Order and the date of the final judgment in this action, and regardless of the outcome of the action, on Plaintiff KIF and/or any other company or person in the chain of supply, transportation and distribution of frozen seafood products from Alaska to U.S. destinations through Bayside, including any such products that are in ocean transit or in cold storage facilities in Alaska or Bayside.

DATED this _____ day of September, 2021.

_____
Sharon L. Gleason
United States District Court Judge

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.     CASE NO. 3:21-cv-00198 (SLG)
PROPOSED ORDER FOR PRELIMINARY INJUNCTION     PAGE 6 OF 6

Case 3:21-cv-00198-SLG   Document 59-2   Filed 09/20/21   Page 6 of 6