David Karl Gross, ABA #9611065
Birch Horton Bittner & Cherot
510 L Street, Suite 700
Anchorage, AK 99501
Telephone: 907.276.1550
dgross@bhb.com

Edward E. McNally, ABA #9203003
Marc E. Kasowitz *(Pro Hac Vice)*
Hector Torres *(Pro Hac Vice)*
David J. Abrams *(Pro Hac Vice)*
Kim Conroy *(Pro Hac Vice)*
David E. Ross *(Pro Hac Vice)*
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019
Telephone: 212.506.1700
emcnally@kasowitz.com
mkasowitz@kasowitz.com
htorres@kasowitz.com
dabrams@kasowitz.com
kconroy@kasowitz.com
dross@kasowitz.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

KLOOSTERBOER INTERNATIONAL
FORWARDING LLC and ALASKA
REEFER MANAGEMENT LLC,

        Plaintiffs,

    vs.

UNITED STATES OF AMERICA,
U.S. DEPARTMENT OF HOMELAND
SECURITY, U.S. CUSTOMS AND
BORDER PROTECTION, and TROY A.
MILLER, U.S. Customs and Border
Protection Acting Commissioner, in his
official capacity,

        Defendants.

    )
    )
    )
    )
    )
    )
    )
    )
    )    Case No.: 3:21-cv-00198-SLG
    )
    )
    )
    )
    )
    )
    )
    )
    )

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.      CASE NO. 3:21-cv-00198-SLG
PLAINTIFFS' RENEWED MOTION FOR TRO AND PI      PAGE 1 OF 6
01129122.DOCX

# PLAINTIFFS' RENEWED MOTION FOR
# TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiffs Kloosterboer International Forwarding LLC ("KIF") and Alaska Reefer Management LLC ("ARM") submit this Renewed Motion for Temporary Restraining Order and Preliminary Injunction. Plaintiffs incorporate by reference the facts and legal arguments set forth in their Motion for Temporary Restraining Order and Preliminary Injunction and Memorandum of Law in Support (the "Motion") (Dkts. 4-5), the Reply Memorandum of Law in Further Support of the Motion (the "Reply") (Dkt. 47), and the various fact declarations and exhibits thereto in support of the Motion and Reply, and as addressed during the hearing held on September 17, 2021. (*See* Dkts. 6-15, 19, 48-53). Plaintiffs renew the Motion on the following grounds.

## ARGUMENT[1]

On September 28, 2021, the Court issued its Order (Dkt. 64) denying the Motion "without prejudice to renew at such time that Plaintiffs can demonstrate that they have filed a rate tariff for the BCR Route with the STB and that Plaintiffs are diligently pursuing available administrative remedies." (Dkt. 64 at 25). Plaintiffs renew their Motion because they have fully complied with the conditions set forth in the Court's Order—they have filed the rate tariff and have filed their petition challenging the Penalty Notices with CBP.

---

[1] Defined terms have the meaning provided in the Motion (Dkt. 5) or the Reply (Dkt. 47).

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.     CASE NO. 3:21-cv-00198-SLG
PLAINTIFFS' RENEWED MOTION FOR TRO AND PI                          PAGE 2 OF 6
01129122.DOCX

Case 3:21-cv-00198-SLG   Document 65   Filed 10/01/21   Page 2 of 6

Absent injunctive relief from this Court, Plaintiffs continue to face a certainty of irreparable harm. Accordingly, for the reasons set forth in Plaintiffs' prior submissions and those set forth below, Plaintiffs respectfully renew their request that the Court grant Plaintiffs' Motion for a preliminary injunction.

## A. KIF Filed a Rate Tariff with STB

On September 30, 2021, in accordance with 49 U.S.C. §§ 13702, 1312, and the STB's filing procedures during the COVID-19 pandemic,[2] KIF filed a rate tariff with STB for the BCR Route (the "KIF Tariff").[3] (*See* Declaration of John B. Totaro, Jr. ["Totaro Dec."], ¶¶ 4-12, Ex. 1). The participating carriers listed are "Kloosterboer International Forwarding LLC" and "Bayside Canadian Railway Company Limited." (*See id.* at 6).

## B. KIF is Pursuing Available Administrative Remedies

On October 1, 2021, in accordance with 19 U.S.C. § 1618 and 19 C.F.R. Part 171, and standard practice during the COVID-19 pandemic, KIF filed by email its petition for relief with the CBP Fines, Penalties and Forfeitures Officer in Portland, Maine, challenging the Penalty Notices issued against it in Jonesport Case Nos. 2021-0122-300235-01, 2021-0122-300301-01, and 2021-0122-300303-01. (Declaration of Michael K. Tomenga ["Tomenga Dec."], ¶ 6, Ex. 1). Copies of the petition were also sent by email to CBP Headquarters supervisory officials in the review chain. (*Id.* ¶ 7). The petition details the

---

[2] Because of the COVID-19 pandemic, the STB has modified its filing procedure and requires email submissions. (*See* Totaro Dec. ¶ 5). In addition to the email submission, for which an acknowledgement was received, KIF also submitted a paper courtesy copy to STB. (*Id.* ¶ 7).

[3] The "BCR Route" is defined in the Order. (*See* Dkt. 64 at 2-3).

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL. CASE NO. 3:21-cv-00198-SLG
PLAINTIFFS' RENEWED MOTION FOR TRO AND PI PAGE 3 OF 6
01129122.DOCX

Case 3:21-cv-00198-SLG Document 65 Filed 10/01/21 Page 3 of 6

defects in the Penalty Notices, the legal reasons why the transportations complied with the Third Proviso of the Jones Act under CBP's administrative precedent, and additional grounds for withdrawing or canceling the penalty claims. (*Id.* Ex. 1). There are no time limits imposed by law or regulation within which CBP must decide a petition for relief. *See* 19 C.F.R. Part 171. In addition, petitioners have the right by regulation to file a supplemental petition for relief within 60 days if they disagree with CBP's decision on an initial petition. *See* 19 C.F.R. § 171.61.[4]

### C. The Irreparable Harm Caused by CBP's Penalty Notices is Imminent and Ongoing

Plaintiffs—and all the other third parties in the frozen seafood supply chain—will continue to suffer irreparable harm absent injunctive relief from this Court. The irreparable harm suffered by Plaintiffs and their business partners, and American workers and consumers, is detailed in the Motion, the Reply and the declarations in support. (*See, e.g.*, Dkt. 5 at 10-16, 44-46, Dkt. 47 at 20-24). This includes the absence of revenues while costs continue to be borne, cancelled business, claims from customers for, among other things, additional costs to move limited quantities of product along supply-choked routes, and significant damage to Plaintiffs' business reputation. As this Court stated, Plaintiffs raised "valid questions as to whether CBP's Penalty Notices are irreparably

---

[4] The copy of the petition provided to the Court has been partially redacted to protect the confidentiality of Plaintiffs' customers and vendors. (*See* Tomenga Dec. Ex. 1). Plaintiffs will supply an unredacted copy of the petition under seal if requested by the Court.

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.        CASE NO. 3:21-cv-00198-SLG
PLAINTIFFS' RENEWED MOTION FOR TRO AND PI        PAGE 4 OF 6
01129122.DOCX

Case 3:21-cv-00198-SLG   Document 65   Filed 10/01/21   Page 4 of 6

harming Plaintiffs' supply chain, jobs, and good will with customers, among other alleged injuries." (Dkt. 64 at 24).

The frozen seafood supply, as of the date of this motion, has been paralyzed for 45 days. The injunctive relief requested by Plaintiff will allow the resumption of shipment of the more than 25 million pounds of frozen seafood to American customers and consumers in the eastern United States and prevent Plaintiffs and others from suffering further irreparable harm to their businesses, reputations and livelihoods.

As the Court has found, Plaintiffs "have made a showing of at least serious questions going to the merits" of at least one of their claims. (*See* Dkt. 64 at 20). *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014). Plaintiffs also have demonstrated that the balance of equities and public interest—which includes, among other things, restoring the critical seafood supply to American customers and consumers in the eastern United States and restoring American jobs—overwhelmingly weigh in Plaintiffs' favor. (*See* Dkt. 64 at 24-25). The Court should grant the injunctive relief sought in Plaintiffs' Motion and permit the administrative dispute process to proceed while granting Plaintiffs and others involved with the BCR Route the protection they desperately need during the pendency of this action so that they can resume their shipments without the looming threat that CBP will issue additional—enormous—Jones Act penalties.

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.                    CASE NO. 3:21-cv-00198-SLG
PLAINTIFFS' RENEWED MOTION FOR TRO AND PI                                      PAGE 5 OF 6
01129122.DOCX

Case 3:21-cv-00198-SLG   Document 65   Filed 10/01/21   Page 5 of 6

## CONCLUSION

Based on the foregoing, Plaintiffs' respectfully request that the Court grant their renewed Motion for Temporary Restraining Order and Preliminary Injunction.[5]

DATED this 1st day of October, 2021.

BIRCH HORTON BITTNER & CHEROT
Attorneys for Plaintiffs

By: _____ /s/ David Karl Gross _____
David Karl Gross, ABA #9611065

KASOWITZ BENSON TORRES LLP
Edward E. McNally, ABA #9203003
Marc E. Kasowitz (*Pro Hac Vice*)
Hector Torres (*Pro Hac Vice*)
David J. Abrams *(Pro Hac Vice)*
Kim Conroy *(Pro Hac Vice)*
David E. Ross *(Pro Hac Vice)*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the  1st  day of October, 2021, a true and correct copy of the foregoing was served via the Court's CM/ECF electronic filing system, on the following:

Seth M. Beausang, Asst. U.S. Attorney
Christine Dollerhide, Asst. U.S. Attorney
U.S. Attorney's Office
seth.beausang@usdoj.gov
christine.dollerhide@usdoj.gov

BIRCH HORTON BITTNER & CHEROT

By: _____ /s/ David Karl Gross _____

---

[5]     Plaintiffs reserve all of their rights and remedies with regard to the Court's Order.

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.          CASE NO. 3:21-cv-00198-SLG
PLAINTIFFS' RENEWED MOTION FOR TRO AND PI                           PAGE 6 OF 6
01129122.DOCX

Case 3:21-cv-00198-SLG   Document 65   Filed 10/01/21   Page 6 of 6