E. BRYAN WILSON
Acting United States Attorney

SETH M. BEAUSANG
Assistant U.S. Attorney
U.S. Attorney's Office, District of Alaska
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: Seth.Beausang@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KLOOSTERBOER INTERNATIONAL FORWARDING LLC and ALASKA REEFER MANAGEMENT LLC,<br><br>Plaintiffs,<br>vs.<br><br>UNITED STATES OF AMERICA, U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. CUSTOMS AND BORDER PROTECTION, and TROY A. MILLER, U.S. Customs and Border Protection Acting Commissioner, in his official capacity,<br><br>Defendants. | Case No. 3:21-cv-00198-SLG<br><br>**UNITED STATES' MOTION TO CONSOLIDATE PLAINTIFFS' RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION WITH PLAINTIFFS' CLAIMS UNDER THE ADMINISTRATIVE PROCEDURE ACT, AND ESTABLISH A BRIEFING SCHEDULE** |

COMES NOW, Defendant United States of America, to move pursuant

to Federal Rule of Civil Procedure 65(a)(2) to consolidate Plaintiffs' Renewed

Motion for Temporary Restraining Order and Preliminary Injunction [Dkt. 65] with Plaintiffs' claims under the Administrative Procedure Act for the following reasons:

1.     Plaintiffs' renewed motion for injunctive relief, which incorporates their prior motion [Dkt. 65 at 1], continues to seek relief that they are plainly not entitled to at this stage of the case. Plaintiffs seek a permanent injunction against CBP before the United States has had a chance to answer the complaint, file an administrative record, and fully brief the important legal issues presented by this case. Plaintiffs' motion and latest proposed order continue to rely on the constitutional tolling doctrine as the basis for such relief [Dkt. 65-1 at 3], which the Court declined to apply because it is a "sparse, unsettled, and ill-defined doctrine." [Dkt. 64 at 10]

2.     In addition to the Ninth Circuit case the Government cited previously, *United States v. Louisiana-Pac. Corp.*, 967 F.2d 1372 (9th Cir. 1992), which the Court found to be distinguishable [Dkt. 64 at 10], other courts have also held that the constitutional tolling doctrine does not apply when a plaintiff alleges that an agency has misinterpreted a statute or regulation and erroneously assessed civil penalties. For example, in *Nichiro Gyogyo Kaisha, Ltd. v. Baldrige*, much like this case, a federal agency notified the owners of fishing vessels that they were in violation of a regulation requiring the owners

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 2 of 8

to keep catch logs, and assessed civil penalties. 594 F. Supp. 80, 82-83 (D.D.C. 1984). The owners disagreed with the agency's interpretation and sought an injunction "barring the assessment of any civil penalties until their obligations [under the statute] are fully determined." *Id.* at 81-82. The district court rejected the plaintiff's claim for injunctive relief, explaining:

> The plaintiffs here have simply been assessed a fine for failure to comply with the dictates of § 611.9. There is nothing unusual in this situation; indeed, it is a garden-variety administrative action. That plaintiffs disagree with the agency's interpretation of § 611.9 does not alter this fact. Plaintiffs are afforded ample opportunity to contest the agency's interpretation of § 611.9 before liability for any fine attaches. Moreover, not simply the question of the proper interpretation of § 611.9 but also the amount of the fine for its violation, if any, is subject to challenge and full administrative and judicial review.... The fines "assessed" against plaintiffs are in reality only tentative in nature and serve to place an upper limit on their potential liability. Such fines can be and sometimes are reduced at an administrative hearing; they could also be reduced in a subsequent court action.
>
> The mere "assessment" of a fine prior to review of plaintiff's challenge to the interpretation of § 611.9 is not sufficient to invoke the *Ex Parte Young* doctrine. Such penalties which accrue during the period in which liability is contested "are common; ... They are valid, assuming the [company] is accorded adequate opportunity to challenge their assessment at the administrative level before payment must begin." *Duquesne Light Co. v. EPA,* 698 F.2d 456, 469–70 n. 14 (D.C. Cir. 1983).

*Id.* at 83. The same rationale applies here. The Court was correct to reject Plaintiffs' constitutional tolling doctrine claim.

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG    Page 3 of 8

Case 3:21-cv-00198-SLG   Document 69   Filed 10/04/21   Page 3 of 8

3. What Plaintiffs are seeking is not a preliminary injunction, but a *permanent* injunction barring CBP "from ever issuing and enforcing any new penalty notices, for alleged violations of the Jones Act relating in any way to shipments from Alaska to U.S. destinations through Bayside commenced or completed at any time between the date of this Order and the date of the final judgment in this action, and regardless of the outcome of this action." [Dkt. 65-1 at 3] Plaintiffs have been clear throughout this litigation that such a permanent injunction is the only way to prevent their alleged irreparable harm. [*See, e.g.*, Dkt 5 at 14 (calling such a permanent injunction "absolutely necessary"); Dkt. 5 at 54 (arguing that without a permanent injunction Plaintiffs will suffer irreparable harm); Dkt. 7 ¶ 42 (arguing that Plaintiffs will suffer irreparable harm from the mere issuance of notices of penalties "[e]ven if the penalties are determined to be unfounded"); Dkt. 8 ¶ 33 (same)]

4. Granting such a permanent injunction would not only be inconsistent with the constitutional tolling doctrine, such an order would violate the rule that "it is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). In *Camenisch*, the Supreme Court explained that the proper procedure for expediting a decision on the merits under these circumstances is to consolidate the motion for a preliminary

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 4 of 8

injunction with the hearing on the merits under Rule 65(a)(2) of the Federal Rules of Civil Procedure. *Id.* "However, where such action is contemplated, the court should provide the parties with 'clear and unambiguous notice [of the intended consolidation] either before the hearing commences or at a time which will afford the parties a full opportunity to present their respective cases.'" *Air Line Pilots Ass'n, Int'l v. Alaska Airlines, Inc.*, 898 F.2d 1393, 1397 (9th Cir. 1990) (quoting *Camenisch*, 451 U.S. at 395). This Court has also recognized that absent consolidation under Rule 65(a)(2) it is not appropriate to effectively grant final relief on the merits at the preliminary injunction stage. *See MacDonald v. Univ. of Alaska*, 2020 WL 1932935, at *3 (D. Alaska Apr. 21, 2020); *see also Caribbean Produce Exch., Inc. v. Sec'y of Health & Hum. Servs.*, 893 F.2d 3, 5 (1st Cir. 1989) (holding that it was error for the district court to grant a permanent injunction in an APA case without giving "indisputably clear notice" under Rule 65(a)(2) of the court's intention to do so).

5. By seeking permanent relief that they are plainly not entitled to at this juncture, Plaintiffs have not justified imposing the significant costs on the Government to brief, and the Court to decide, another expedited motion for an injunction. The heretofore rushed briefing on the merits of Plaintiffs' claims

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 5 of 8

Case 3:21-cv-00198-SLG   Document 69   Filed 10/04/21   Page 5 of 8

is not befitting of the important issues in this case.[1] Were this Court to ultimately hold that the BCR Route meets the requirements of the Third Proviso, that would undoubtedly encourage others to mimic Plaintiffs' scheme and undermine the important objectives of the Jones Act. 46 U.S.C. § 50101(a).

6. The United States is in agreement with Plaintiffs in desiring an expedited resolution of the merits of this case on an appropriate schedule. To that end, the United States requests that the Court, under Rule 65(a)(2), advance the final resolution of Plaintiffs' claims under the Administrative Procedure Act, consolidate the resolution of those claims with Plaintiffs' renewed motion for a preliminary injunction, and establish the following briefing schedule:

- Within four weeks of the Court's order of consolidation, the United States shall answer Plaintiffs' complaint and serve and file the administrative record in this case;

- Simultaneous opening briefs in support of cross-motions for

---

[1] Although the Court concluded that "Plaintiffs have made a showing of at least serious questions going to the merits" of their claim that the BCR Route and prior routes utilizing Canadian rail lines are "substantially identical transactions" under 19 U.S.C. § 1625(c)(2) [Dkt. 64 at 19-20], the United States expects that after full briefing on this issue the Court will agree that CBP was correct to conclude that the BCR Route is not substantially identical to those other routes.

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 6 of 8

- summary judgment shall be due three weeks thereafter; and

- Simultaneous response briefs shall be due two weeks thereafter.

7. If the Court does not consolidate this case, and instead intends to separately rule on Plaintiffs' renewed motion for an injunction, the United States requests that the Court establish a briefing schedule on Plaintiffs' renewed motion that will allow the Government to present additional evidence on the irreparable harm and public interest prongs that have been developed since the Government filed its initial opposition.[2]

RESPECTFULLY SUBMITTED this 4th day of October 2021, in Anchorage, Alaska.

                                    E. BRYAN WILSON
                                    Acting United States Attorney

                                  s/ Seth M. Beausang
                                  Assistant U.S. Attorney
                                  Attorney for the Defendant

---

[2] With respect to Plaintiffs' claim that the requested injunctive relief "will allow the resumption of shipment of the more than 25 million pounds of frozen seafood to American customers and consumers in the eastern United States" [Dkt. 65 at 5], the Government has had discussions with Plaintiffs and proposed a way for Plaintiffs to deliver the approximately 26 million pounds of frozen seafood currently stored in Bayside to customers in the United States prior to a final resolution of the merits of this case. The Government is hopeful that it will be able to reach an agreement with Plaintiffs on this issue. But even if no agreement is reached, Plaintiffs are plainly not entitled, at this stage of the case, to the permanent injunctive relief they request conferring immunity from Jones Act penalties with respect to the transportation of this seafood.

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG  Page 7 of 8

**CERTIFICATE OF SERVICE**
I hereby certify that on October 4, 2021,
a copy of the foregoing was served electronically on:

David Karl Gross, ABA #9611065
Edward E. McNally, ABA #9203003
Marc E. Kasowitz *(Pro Hac Vice)*
David J. Abrams *(Pro Hac Vice)*
David E. Ross *(Pro Hac Vice)*
Hector Torres (Pro Hac Vice)
Kim Conroy *(Pro Hac Vice)*
Attorneys for Plaintiffs

s/ Seth M. Beausang
Office of the U.S. Attorney

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 8 of 8