E. BRYAN WILSON
Acting United States Attorney

SETH M. BEAUSANG
Assistant U.S. Attorney
U.S. Attorney's Office, District of Alaska
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: Seth.Beausang@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KLOOSTERBOER INTERNATIONAL FORWARDING LLC and ALASKA REEFER MANAGEMENT LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. CUSTOMS AND BORDER PROTECTION, and TROY A. MILLER, U.S. Customs and Border Protection Acting Commissioner, in his official capacity,<br><br>Defendants. | Case No. 3:21-cv-00198-SLG<br><br>**UNITED STATES' MOTION TO FOR RECONSIDERATION** |

COMES NOW, Defendants United States of America, et al., to move

pursuant to Local Rule 7.3(h)(1)(A) for reconsideration of the Court's order at

Dkt. 95, for the following reasons:

1. Pursuant to Local Rule 7.3(h)(1)(A), the Court may grant reconsideration upon a showing of a "manifest error of the law or fact." The United States respectfully submits that the Court has made an error of law and/or fact.

2. "[A]n injunction must be narrowly tailored to give only the relief to which plaintiffs are entitled." *Orantes–Hernandez v. Thornburgh*, 919 F.2d 549, 558 (9th Cir. 1990) (citing *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)). "An overbroad injunction is an abuse of discretion." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1140 (9th Cir. 2009).

3. The Court previously found that Plaintiffs are, in part, unlikely to succeed on the merits of Count I, which seeks a declaration that the Plaintiffs' utilization of the BCR Route complies with the Third Proviso, because, at that time, they had "not demonstrated that there is a valid rate tariff currently on file with the STB for the BCR route, as required by the Third Proviso." [Dkt. 64 at 17; *see also id.* at 13 ("[T]he Court finds that Plaintiffs have not demonstrated any likelihood of success with respect to the third element [of the Third Proviso]")] Plaintiffs allege that they filed a rate tariff with the

Surface Transportation Board (STB) on September 30, 2021. [Dkt. 65 at 3][1]

4. Although the Court concluded that Plaintiffs had made a showing of at least serious questions going to the merits of their claim under 19 U.S.C. § 1625(c)(2) that the BCR Route is "substantially identical" to transactions authorized in previous CBP ruling letters [Dkt. 64 at 19], the Court also concluded that "Plaintiffs' have not established that they are likely to succeed on their contention that they can rely on CBP's pre-*Horizon* ruling letters with respect to the tariff requirement in the Third Proviso." [Dkt. 64 at 17] Thus, Plaintiffs have not established a likelihood of success on the merits of their claim that their transportation of merchandise utilizing the BCR Route, prior to their STB filing on September 30, 2021, complies with the Third Proviso.

5. Yet, the Court enjoined Defendants from:

> Issuing and enforcing any new Notices of Penalty for any alleged violations of the Jones Act relating to shipments of seafood products from Alaska to U.S. destinations through Bayside via the BCR Route *made at any time.*

[Dkt. 95 at 23 (emphasis added)] The Court also enjoined Defendants from enforcing any of the Notices of Penalty already issued to third parties, even though all of these Notices of Penalty relate to transportation of merchandise

---

[1] The United States accepts Plaintiffs' allegation that their STB filing is valid and effective as of September 30, 2021, only for purposes of this motion.

preceding Plaintiffs' STB filing. [Dkt. 95 at 22-23]

6. The Government respectfully submits that the Court's injunction is overbroad to the extent it enjoins Defendants from issuing and enforcing Notices of Penalty for violations of the Jones Act relating to shipments of seafood products from Alaska to U.S. destinations through Bayside via the BCR Route before Plaintiffs filed a rate tariff with the STB. The Court has already concluded that without an STB filing Plaintiffs "have not demonstrated any likelihood of success" that such shipments comply with the Third Proviso.

7. Because of the applicable statute of limitations, the Court's overbroad injunction threatens to impair Defendants' ability to ever collect penalties for likely violations of the Jones Act. Plaintiffs have been engaged in this scheme since 2012. If Defendants cannot issue and enforce Notices of Penalty for violations of the Jones Act relating to shipments of seafood products into the United States via the BCR Route prior to September 30, 2021, some claims may become time-barred because of the five-year statute of limitations. *See* 19 U.S.C. § 1621.[2]

---

[2] The statute of limitations in 19 U.S.C. § 1621 generally runs from "the time when the alleged offense was discovered." The United States has explained that it began investigating Plaintiffs' scheme in 2017 after receiving a letter from a third party. [Dkt. 38 at 11] Still, violators could argue that the United

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG    Page 4 of 6

8. For all of these reasons, the United States respectfully requests that the Court grant the United States' motion for reconsideration and amend the appropriate part of its order at Dkt. 95 in the following way:

> ~~Enforcing any of the Notices of Penalty for any alleged violations of the Jones Act relating to shipments of seafood products from Alaska to U.S. destinations through Bayside via the BCR Route issued to any company or person in the chain of supply, transportation, and distribution of frozen seafood products from Alaska to U.S. destinations; excepting only that Defendants may seek to enforce the Notices of Penalty issued to Plaintiff KIF and further except that any administrative challenges by any third party to the Notices of Penalty that have been issued may proceed; and~~
>
> Issuing and enforcing any new Notices of Penalty for any alleged violations of the Jones Act relating to shipments of seafood products from Alaska to U.S. destinations through Bayside via the BCR Route made ~~at any time~~ <u>on or after September 30, 2021</u>.

RESPECTFULLY SUBMITTED this 18th day of October 2021, in Anchorage, Alaska.

E. BRYAN WILSON
Acting United States Attorney

<u>s/ Seth M. Beausang</u>
Assistant U.S. Attorney
Attorney for the Defendant

---

States somehow discovered Plaintiffs' scheme before 2017. For example, Plaintiffs have argued (incorrectly) that the United States was aware of Plaintiffs' scheme from bills of lading.

**CERTIFICATE OF SERVICE**
I hereby certify that on October 18, 2021,
a copy of the foregoing was served electronically on:

David Karl Gross, ABA #9611065
Edward E. McNally, ABA #9203003
Marc E. Kasowitz *(Pro Hac Vice)*
David J. Abrams *(Pro Hac Vice)*
David E. Ross *(Pro Hac Vice)*
Hector Torres (Pro Hac Vice)
Kim Conroy *(Pro Hac Vice)*
Attorneys for Plaintiffs

s/ Seth M. Beausang
Office of the U.S. Attorney