E. BRYAN WILSON
Acting United States Attorney

SETH M. BEAUSANG
Assistant U.S. Attorney
U.S. Attorney's Office, District of Alaska
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: Seth.Beausang@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KLOOSTERBOER INTERNATIONAL FORWARDING LLC and ALASKA REEFER MANAGEMENT LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. CUSTOMS AND BORDER PROTECTION, and TROY A. MILLER, U.S. Customs and Border Protection Acting Commissioner, in his official capacity, <br><br> Defendants. | Case No. 3:21-cv-00198-SLG <br><br><br> **UNITED STATES' ANSWER AND COUNTERCLAIM** |

COMES NOW, Defendants United States of America, et al., through undersigned counsel, to answer the complaint [Dkt. 1] as follows:

1.     Admitted that in or around mid-August 2021, U.S. Customs and Border Protection ("CBP") issued Notices of Penalty for approximately $25 million to Kloosterboer International Forwarding LLC ("KIF"), and for over $325 million to others, for transporting merchandise and causing merchandise to be transported from Alaska to points in the United States, through Bayside, New Brunswick, Canada, in violation of the Jones Act. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations concerning the annual value of all frozen Alaskan seafood transported through the Bayside port to U.S. destinations. The remaining allegations in Paragraph 1 are denied.

2.     Denied.

3.     Admitted that the Notices of Penalty were issued without a prior notice, because pre-penalty notice is not required, and that after the Notices were issued KIF and others have an opportunity to address the violations including by filing administrative petitions with CBP. The remaining allegations in Paragraph 3 are denied.

4.     Denied.

5.     Denied.

## PARTIES

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 2 of 25

6. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint.

7. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint.

8. Admitted.

9. Admitted.

10. Admitted that CBP is a sub-agency within DHS and headquartered at 1300 Pennsylvania Avenue, N.W., Washington, D.C. 20229. The remaining allegations in Paragraph 10 are denied.

11. Admitted.

## JURISDICTION AND VENUE

12. The allegations in Paragraph 12 relate to subject matter jurisdiction to which no response is required.

13. Admitted that the District of Alaska is an appropriate venue.

## FACTUAL BACKGROUND

14. Admitted that Plaintiffs have quoted a portion of the Jones Act. Defendants deny the allegations in Paragraph 14 to the extent they are inconsistent with the Jones Act.

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG  Page 3 of 25

15.     Admitted that Plaintiffs have quoted a portion of the Jones Act. Defendants deny the allegations in Paragraph 15 to the extent they are inconsistent with the Jones Act.

16.     Admitted that Plaintiffs have quoted a portion of the Jones Act. Defendants deny the allegations in Paragraph 16 to the extent they are inconsistent with the Jones Act.

17.     Admitted that Plaintiffs have quoted a portion of the Jones Act. Defendants deny the allegations in Paragraph 17 to the extent they are inconsistent with the Jones Act.

18.     Admitted that in or around mid-August 2021, CBP issued Notices of Penalty for approximately $25 million to KIF, and for over $325 million to others, for transporting merchandise and causing merchandise to be transported from Alaska to points in the United States, through Bayside, in violation of the Jones Act. The remaining allegations in Paragraph 18 are denied.

19.     Admitted that the Notices of Penalty were issued without a prior notice, because pre-penalty notice is not required, and that after the Notices were issued KIF and others have an opportunity to address the violations including by filing administrative petitions with CBP. The remaining allegations in Paragraph 19 are denied.

20. Denied.

21. Admitted that KIF arranges the transportation of merchandise from Alaska to points in the United States through Bayside. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 21 of the Complaint.

22. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint.

23. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint.

24. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint.

25. Admitted that KIF has transported merchandise or caused merchandise to be transported from Alaska to points in the United States through Bayside by, in part, causing trucks loaded with the merchandise to drive onto flatbed railcars that then travel back and forth on approximately 100 feet of rail track within the port facility, after which the trucks are driven off the railcars to points in the United States. Defendants are without

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 5 of 25

Case 3:21-cv-00198-SLG   Document 105   Filed 11/01/21   Page 5 of 25

knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25 of the Complaint.

26. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint.

27. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint.

28. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Complaint.

29. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Complaint.

30. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint.

31. Admitted that KIF has transported merchandise or caused merchandise to be transported from Alaska to points in the United States through Bayside by, in part, causing trucks loaded with the merchandise to

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG  Page 6 of 25

drive onto flatbed railcars that then travel back and forth on approximately 100 feet of rail track within the port facility, after which the trucks are driven off the railcars to points in the United States. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 31 of the Complaint.

32. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint.

33. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint.

34. Denied.

35. Denied.

36. Defendants deny the allegations in Paragraph 36 to the extent they are inconsistent with the Jones Act.

37. Denied.

38. Admitted that CBP issued a Ruling Letter to American Seafoods Company in 2000. Defendants deny the remaining allegations in Paragraph 38.

39.     Admitted that CBP issued Ruling Letter 115124 on August 11, 2000. Defendants deny the allegations in Paragraph 39 to the extent they are inconsistent with the Ruling Letter.

40.     Admitted that CBP issued Ruling Letter 115124 on August 11, 2000. Defendants deny the allegations in Paragraph 40 to the extent they are inconsistent with the Ruling Letter.

41.     Admitted that CBP issued Ruling Letter 115124 on August 11, 2000. Defendants deny the allegations in Paragraph 41 to the extent they are inconsistent with the Ruling Letter.

42.     Admitted that CBP issued Ruling Letter 115446 on August 9, 2001. Defendants deny the allegations in Paragraph 42 to the extent they are inconsistent with the Ruling Letter.

43.     Admitted that CBP issued Ruling Letter 115446 on August 9, 2001. Defendants deny the allegations in Paragraph 43 to the extent they are inconsistent with the Ruling Letter.

44.     Admitted that CBP issued Ruling Letter 116021 on January 21, 2004. Defendants deny the allegations in Paragraph 44 to the extent they are inconsistent with the Ruling Letter.

45.     Admitted that CBP issued Ruling Letter 116185 on March 28, 2005. Defendants deny the allegations in Paragraph 45 to the extent they are

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 8 of 25

Case 3:21-cv-00198-SLG   Document 105   Filed 11/01/21   Page 8 of 25

inconsistent with the Ruling Letter.

46. Admitted that Horizon filed an action on May 12, 2005 in the U.S. District Court for the District of Columbia. Defendants deny the allegations in Paragraph 46 to the extent they are inconsistent with the proceedings and rulings in the *Horizon* case.

47. Admitted that the district court entered an order in the *Horizon* case on February 10, 2006. Defendants deny the allegations in Paragraph 47 to the extent they are inconsistent with the proceedings and rulings in the *Horizon* case.

48. Admitted that the district court entered an order in the *Horizon* case on February 10, 2006. Defendants deny the allegations in Paragraph 48 to the extent they are inconsistent with the proceedings and rulings in the *Horizon* case.

49. Admitted that the district court entered orders in the *Horizon* case on February 10, 2006 and April 14, 2006. Defendants deny the allegations in Paragraph 49 to the extent they are inconsistent with the proceedings and rulings in the *Horizon* case.

50. Admitted that CBP issued a letter to ASC's counsel on June 13, 2007. Defendants deny the allegations in Paragraph 50 to the extent they are inconsistent with CBP's letter.

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG Page 9 of 25

Case 3:21-cv-00198-SLG Document 105 Filed 11/01/21 Page 9 of 25

51.     Admitted that on August 28, 2006, ASC filed Tariff STB AICN 00001. Defendants deny the allegations in Paragraph 51 to the extent they are inconsistent with the Tariff.

52.     Denied.

53.     Admitted that Horizon filed a petition with the STB on May 23, 2007 and that the STB denied Horizon's petition on December 18, 2007. Defendants deny the allegations in Paragraph 53 to the extent they are inconsistent with Horizon's petition and the STB's denial.

54.     Admitted that in or around mid-August 2021, CBP issued Notices of Penalty to KIF, and others, for transporting merchandise and causing merchandise to be transported from Alaska to points in the United States through Bayside in violation of the Jones Act. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 54 of the Complaint.

55.     Admitted.

56.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Complaint.

57.     Admitted.

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 10 of 25

58.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Complaint.

59.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 of the Complaint.

60.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 of the Complaint.

61.     Admitted that CBP issued similar Notices of Penalty to operators of cold-storage facilities. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 61 of the Complaint.

62.     Admitted that CBP has issued similar Notices of Penalty to trucking companies. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 62 of the Complaint.

63.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 of the Complaint.

64.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 of the Complaint.

65.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 of the Complaint.

66.     Admitted that Plaintiffs have quoted a portion of 19 U.S.C. § 1625(c) and CBP's website. Defendants deny the allegations in Paragraph 66 to the extent they are inconsistent with 19 U.S.C. § 1625(c) and CBP's website.

67.     Admitted that Plaintiffs have quoted a portion of 19 U.S.C. § 1625(c). Defendants deny the allegations in Paragraph 67 to the extent they are inconsistent with 19 U.S.C. § 1625(c).

68.     Denied.

69.     Denied.

70.     Admitted that there are no decisions published in the *Customs Bulletin* modifying or revoking the Ruling Letters because there was no legal requirement for CBP to do so.

71.     Denied.

72.     Denied.

73.     Denied.

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 12 of 25

74. Denied.

75. Denied.

76. Denied.

## CLAIMS FOR RELIEF

### Count I

77. Defendants incorporate by reference the responses set forth in Paragraphs 1 through 76.

78. Admitted that Plaintiffs have quoted a portion of the Jones Act. Defendants deny the allegations in Paragraph 78 to the extent they are inconsistent with the Jones Act.

79. Admitted that Plaintiffs have quoted a portion of the Jones Act. Defendants deny the allegations in Paragraph 79 to the extent they are inconsistent with the Jones Act.

80. Denied.

81. Denied.

82. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 of the Complaint.

83. The allegations in Paragraph 83 relate to issues of law. To the extent a response is required, the allegations are denied.

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG  Page 13 of 25

84. Denied.

## Count II

85. Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1 through 84.

86. Admitted that Plaintiffs have quoted a portion of 19 U.S.C. § 1625(c). Defendants deny the allegations in Paragraph 86 to the extent they are inconsistent with 19 U.S.C. § 1625(c).

87. Admitted that Plaintiffs have quoted a portion of 19 U.S.C. § 1625(c). Defendants deny the allegations in Paragraph 87 to the extent they are inconsistent with 19 U.S.C. § 1625(c).

88. Denied.

89. Denied.

90. Admitted that CBP issued Ruling Letter 116185 on March 28, 2005, and Ruling Letter 113365 on March 10, 1995. The remaining allegations in Paragraph 90 are denied.

91. Admitted that there are no decisions published in the *Customs Bulletin* modifying or revoking the Ruling Letters because there was no legal requirement for CBP to do so.

92. Denied.

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG  Page 14 of 25

93.     Denied.

## Count III

94.     Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1 through 93.

95.     Admitted that Plaintiffs have quoted a portion of 19 U.S.C. § 1625(c). Defendants deny the allegations in Paragraph 95 to the extent they are inconsistent with 19 U.S.C. § 1625(c).

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Admitted that there are no decisions published in the *Customs Bulletin* modifying or revoking the Ruling Letters because there was no legal requirement for CBP to do so. The remaining allegations in Paragraph 102 are denied.

103.    Denied.

104.    Denied.

## Count IV

105.   Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1 through 104.

106.   Denied.

107.   Admitted that Plaintiffs have quoted a portion of the *Fox Television Stations* decision. Defendants deny the allegations in Paragraph 107 to the extent they are inconsistent with the decision.

108.   Admitted that Plaintiffs have quoted a portion of the *ExxonMobil Pipeline* decision. Defendants deny the allegations in Paragraph 108 to the extent they are inconsistent with the decision.

109.   Denied.

110.   Denied.

111.   Denied.

## Count V

112.   Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1 through 111.

113.   The allegations in Paragraph 113 relate to issues of law. To the extent a response is required, the allegations are denied.

114.   Denied.

115.   Admitted that the Notices of Penalty were issued without a prior

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 16 of 25

Case 3:21-cv-00198-SLG   Document 105   Filed 11/01/21   Page 16 of 25

notice, because pre-penalty notice is not required, and that after the Notices were issued KIF and others have an opportunity to address the violations including by filing administrative petitions with CBP. The remaining allegations in Paragraph 115 are denied.

116. Denied.

117. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations concerning the annual value of all frozen Alaskan seafood transported through the Bayside port to U.S. destinations. The remaining allegations in Paragraph 117 are denied.

118. Denied.

## Count VI

119. Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1 through 118.

120. Denied.

121. Admitted that Plaintiffs have quoted a portion of the *Wadley* decision. The remaining allegations in Paragraph 121 are denied.

122. Denied.

123. The allegations in Paragraph 123 relate to issues of law. To the extent a response is required, the allegations are denied.

124. Denied.

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 17 of 25

Except as specifically admitted above, all allegations in Plaintiffs' Complaint are denied.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' complaint contains their request for relief. To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief.

## <u>DEMAND FOR JURY TRIAL</u>

Denied that Plaintiffs are entitled to a jury trial.

## <u>AFFIRMATIVE DEFENSES</u>

1.      Plaintiffs fail to state a claim upon which relief can be granted.

2.      Defendants reserve the right to assert additional affirmative defenses.

## <u>COUNTERCLAIM</u>

## (Against KIF)

The United States asserts this counterclaim under Fed. R. Civ. P. Rule 13(b). The inclusion of this counterclaim in no way constitutes an admission by the United States that its penalty collection action must be pled as part of this lawsuit. The United States has determined that judicial economy is served by filing its collection action as a counterclaim in this, and only, this lawsuit.

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 18 of 25

1.     The United States brings this counterclaim on behalf of CBP to recover a monetary civil penalty assessed by the agency against KIF. The penalty stems from KIF's violation of 46 U.S.C. § 55102(b) by transporting merchandise, or causing merchandise to be transported, from Alaska to points in the United States, through Bayside, New Brunswick, Canada, in part with a non-coastwise qualified vessel.

2.     This Court has jurisdiction over this action by virtue of 28 U.S.C. §§ 1331(1) and 1355(a).

3.     Pursuant to 28 U.S.C. § 1395(a), the District of Alaska is an appropriate venue for this counterclaim because the civil penalty at issue accrued in part in this district.

4.     Section 27 of the Merchant Marine Act of 1920, 46 U.S.C. § 55102(b), also known as the Jones Act, provides that "a vessel may not provide any part of the transportation of merchandise by water, or by land and water, between points in the United States to which the coastwise laws apply, either directly or via a foreign port, unless the vessel – (1) is wholly owned by citizens of the United States for purposes of engaging in the coastwise trade; and (2) has been issued a certification of documentation with a coastwise endorsement under chapter 121 or is exempt from such documentation but would otherwise be eligible for such a certificate and endorsement."

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 19 of 25

5.     Pursuant to 46 U.S.C. § 55102(c), any person transporting merchandise, or causing merchandise to be transported, between U.S. coastwise points using a non-coastwise qualified vessel is subject to a penalty in "an amount equal to the value of the merchandise (as determined by the Secretary of Homeland Security) or the actual cost of the transportation, whichever is greater."

6.     The applicable regulations, 19 C.F.R. § 4.80(b), provide that the penalty imposed for the illegal transportation of merchandise between coastwise points is forfeiture of a monetary amount up to the value of the merchandise.

7.     In or around 2019, the vessel Duncan Island, with the country of flagging Bahamas, engaged in the transportation of merchandise, to wit frozen seafood, between Anchorage, Alaska and Bayside, New Brunswick, Canada, and the merchandise was subsequently transported to Calais, Maine beginning on or about August 28, 2019, through on or about August 18, 2020.

8.     The appraised value of the merchandise transported by the Duncan Island is $14,748,549.51.

9.     In or around 2020, the vessel Green Costa Rica, with the country of flagging Bahamas, engaged in the transportation of merchandise, to wit frozen seafood, between Anchorage, Alaska and Bayside, New Brunswick,

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 20 of 25

Case 3:21-cv-00198-SLG   Document 105   Filed 11/01/21   Page 20 of 25

Canada, and the merchandise was subsequently transported to Calais, Maine beginning on or about March 9, 2020, through on or about November 9, 2020.

10.    The appraised value of the merchandise transported by the Green Costa Rica is $10,184,801.77.

11.    The frozen seafood transported by the vessels Green Costa Rica and Duncan Island constituted "merchandise" within the meaning of 46 U.S.C. § 55102(a) and 19 U.S.C. § 1401(c).

12.    The vessels Green Costa Rica and Duncan Island have not been issued a certification of documentation for coastwise trade under the Jones Act and are not eligible for such a certificate and endorsement.

13.    KIF caused the vessels Green Costa Rica and Duncan Island to transport merchandise between Anchorage and Bayside, in part by arranging the transportation on behalf of shippers of the merchandise.

14.    KIF further arranged for the merchandise transported by the vessels Green Costa Rica and Duncan Island to be loaded onto trucks that were then driven onto flatbed railcars that traveled back and forth on approximately 100 feet of rail track within the port facility at Bayside, after which KIF arranged for the trucks to be driven off the railcars to points in the United States.

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 21 of 25

15.    Under the Third Proviso to the Jones Act, 46 U.S.C. § 55116, the requirement in § 55102 to use a coastwise vessel "does not apply to the transportation of merchandise between points in the continental United States, including Alaska, over through routes in part over Canadian rail lines and connecting water facilities if the routes are recognized by the Surface Transportation Board and rate tariffs for the routes have been filed with the Board."

16.    The movement of the merchandise back and forth on the approximately 100 feet of rail track within the port facility at Bayside does not constitute "transportation" of the merchandise.

17.    The approximately 100 feet of rail track within the port facility at Bayside is not part of a through route between Dutch Harbor, Alaska and Calais, Maine, and the route the merchandise traveled from Alaska to Maine is not a through route.

18.    At the time the merchandise was transported by the vessels Green Costa Rica and Duncan Island between Anchorage and Bayside, and at the time of the subsequent transportation of the merchandise by truck from Bayside to Calais, Maine, there was no rate tariff for that route filed with the Surface Transportation Board.

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 22 of 25

19. The transportation of merchandise by the vessels Green Costa Rica and Duncan Island between Anchorage and Bayside, and the subsequent transportation of the merchandise by truck from Bayside to Calais, Maine, all arranged by KIF, do not meet the requirements of the Third Proviso.

20. The Secretary of DHS and/or CBP may recover from KIF, as the "person" that transported, or caused the transportation of, the merchandise in violation of 46 U.S.C. § 55102(b), an amount equal to the value of the merchandise or the actual cost of the transportation, whichever is greater, pursuant to 46 U.S.C. § 55102(c).

21. Upon information and belief, the appraised value of the merchandise transported by the vessels Green Costa Rica and Duncan Island exceeds the cost of its transportation.

22. On or about August 11, 2021, CBP assessed a civil penalty, pursuant to 46 U.S.C. § 55102(c), against KIF in the amount of $14,748,549.51 related to KIF's arrangement of the transportation of the merchandise by the vessel Duncan Island.

23. On or about August 17, 2021, CBP assessed a civil penalty, pursuant to 46 U.S.C. § 55102(c), against KIF in the amount of $10,184,801.77 related to KIF's arrangement of the transportation of the merchandise by the vessel Green Costa Rica.

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 23 of 25

Case 3:21-cv-00198-SLG   Document 105   Filed 11/01/21   Page 23 of 25

24.     KIF had 60 days to pay the penalties or file a petition for relief.

25.     On October 1, 2021, KIF filed a petition seeking the withdrawal and cancellation of the penalties.

26.     To date, KIF has not paid any portion of the penalties.

27.     By reason of the foregoing, the United States is entitled to recover a penalty from KIF in the amount of $24,933,351.28 pursuant to 46 U.S.C. § 55102(c), and asserts such right herein.

28.     CBP has issued Notices of Penalties to others transporting merchandise or causing merchandise to be transported from Alaska to Calais, Maine in violation of the Jones Act, and there are additional Jones Act violations related to the transportation of frozen seafood from Alaska to Maine for which CBP has not yet issued Notices of Penalties, but CBP is presently enjoined from issuing additional Notices of Penalties related to this matter, or enforcing the Notices of Penalties it has issued, except that CBP may enforce the two Notices of Penalties that have been issued to KIF and which are the subject of this counterclaim.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that the Court:

1.      Dismiss Plaintiffs' claims in their entirety;

2.      Enter judgment for the United States and against KIF, in the

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 24 of 25

Case 3:21-cv-00198-SLG   Document 105   Filed 11/01/21   Page 24 of 25

amount of $24,933,351.28, plus interest, costs, and attorney's fees; and

    3.    Grant such other and further relief as the Court may deem appropriate.

    RESPECTFULLY SUBMITTED this 1st day of November 2021, in Anchorage, Alaska.

> E. BRYAN WILSON
> Acting United States Attorney
>
> s/ Seth M. Beausang
> Assistant U.S. Attorney
> Attorney for the Defendant

**CERTIFICATE OF SERVICE**
I hereby certify that on November 1, 2021,
a copy of the foregoing was served electronically on:

David Karl Gross, ABA #9611065
Edward E. McNally, ABA #9203003
Marc E. Kasowitz *(Pro Hac Vice)*
David J. Abrams *(Pro Hac Vice)*
David E. Ross *(Pro Hac Vice)*
Hector Torres (Pro Hac Vice)
Kim Conroy *(Pro Hac Vice)*
Attorneys for Plaintiffs

s/ Seth M. Beausang
Office of the U.S. Attorney

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 25 of 25

Case 3:21-cv-00198-SLG   Document 105   Filed 11/01/21   Page 25 of 25