David Karl Gross, ABA #9611065
Birch Horton Bittner & Cherot
510 L Street, Suite 700
Anchorage, AK 99501
Telephone: 907.276.1550
dgross@bhb.com

Edward E. McNally, ABA #9203003
Marc E. Kasowitz *(Pro Hac Vice)*
Hector Torres (*Pro Hac Vice*)
David J. Abrams *(Pro Hac Vice)*
Kim Conroy *(Pro Hac Vice)*
David E. Ross (*Pro Hac Vice*)
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019
Telephone: 212.506.1700
emcnally@kasowitz.com
mkasowitz@kasowitz.com
htorres@kasowitz.com
dabrams@kasowitz.com
kconroy@kasowitz.com
dross@kasowitz.com                    Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KLOOSTERBOER INTERNATIONAL FORWARDING LLC and ALASKA REEFER MANAGEMENT LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S.A., U.S. DEPT. OF HOMELAND SECURITY, U.S. CUSTOMS AND BORDER PROTECTION, and TROY A. MILLER, Acting Commissioner,<br><br>Defendants. | Case No.: 3:21-cv-00198 (SLG) |

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.        CASE NO. 3:21-cv-00198 (SLG)
KLOOSTERBOER'S ANSWER TO COUNTERCLAIM                                        PAGE 1 OF 10
01144807.DOCX

Case 3:21-cv-00198-SLG   Document 108   Filed 11/22/21   Page 1 of 10

# PLAINTIFF KIF'S ANSWER TO COUNTERCLAIM

COMES NOW Plaintiff, Kloosterboer International Forwarding LLC ("KIF"), by and through undersigned counsel, and hereby answers the counterclaim asserted by the United States of America (the "Government") as follows:

1. There are no factual allegations in this paragraph; therefore, no response is required. To the extent a response is required, KIF admits that the Government is seeking to recover a monetary penalty from KIF, but denies the remaining allegations in Paragraph 1.

2. There are only legal conclusions in Paragraph 2; therefore, no response is required. To the extent a response is required, KIF admits that the federal district court has original jurisdiction for federal questions and proceedings to recover fines as provided in 28 U.S.C. §§ 1331 and 1355.

3. There are only legal conclusions in Paragraph 3; therefore, no response is required. To the extent a response is required, KIF admits that venue is proper in the United States District Court for the District of Alaska.

4. There are no factual allegations in Paragraph 4; therefore, no response is required. To the extent a response is required, KIF admits that the Government has quoted a provision of the Jones Act.[1]

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Complaint.

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.　　　CASE NO. 3:21-cv-00198 (SLG)
KLOOSTERBOER'S ANSWER TO COUNTERCLAIM　　　PAGE 2 OF 10
01144807.DOCX

Case 3:21-cv-00198-SLG   Document 108   Filed 11/22/21   Page 2 of 10

5. There are no factual allegations in Paragraph 5; therefore, no response is required. To the extent a response is required, KIF admits that the Government has quoted a provision of the Jones Act.

6. There are no factual allegations in Paragraph 6; therefore, no response is required. To the extent a response is required, KIF is without sufficient information to admit or deny the allegations set forth in Paragraph 6, and therefore denies same.

7. KIF admits that the vessel called Duncan Island sails under the flag of the Bahamas. KIF further admits that in 2019, Duncan Island transported seafood from Alaska to Bayside, New Brunswick, Canada. KIF denies the remainder of the allegations in Paragraph 7.

8. KIF is without sufficient information to admit or deny the allegations set forth in Paragraph 8, and therefore denies same.

9. KIF admits that the vessel called Green Costa Rica sails under the flag of the Bahamas. KIF further admits that in 2019, Green Costa Rica transported seafood from Alaska to Bayside, New Brunswick, Canada. KIF denies the remainder of the allegations in Paragraph 9.

10. KIF is without sufficient information to admit or deny the allegations set forth in Paragraph 10, and therefore denies same.

11. There are only legal conclusions in Paragraph 11; therefore, no response is required. To the extent a response is required, KIF admits that the seafood transported by the Duncan Island and the Green Costa Rica fall within the definition of "merchandise" as

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.　　CASE NO. 3:21-cv-00198 (SLG)
KLOOSTERBOER'S ANSWER TO COUNTERCLAIM　　PAGE 3 OF 10
01144807.DOCX

Case 3:21-cv-00198-SLG　Document 108　Filed 11/22/21　Page 3 of 10

set forth in 19 U.S.C. § 1401(c). KIF denies the remainder of the allegations in Paragraph 11.

12. KIF admits that the Duncan Island and the Green Costa Rica are not coastwise qualified vessels. KIF denies the remainder of the allegations in Paragraph 12.

13. KIF admits that the Duncan Island and the Green Costa Rica transported seafood from Alaska to Bayside, New Brunswick, Canada. KIF denies the remainder of the allegations in Paragraph 13.

14. KIF admits that the Duncan Island and the Green Costa Rica transported seafood from Alaska to Bayside, New Brunswick, Canada, and that some of that seafood found its way onto trucks. KIF further admits that some of those trucks were loaded onto flat rail cars on rail trackage in Bayside whereupon they traveled the length of the rail trackage and back. Finally, KIF admits that some of these trucks would have carried the seafood over the border and into the United States. KIF denies the remainder of the allegations in Paragraph 14.

15. There are no factual allegations in Paragraph 15; therefore, no response is required. To the extent a response is required, KIF admits that the Government has quoted a provision of the Jones Act.

16. There are only legal conclusions in Paragraph 16; therefore, no response is required. To the extent a response is required, KIF denies the allegations set forth in Paragraph 16.

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.    CASE NO. 3:21-cv-00198 (SLG)
KLOOSTERBOER'S ANSWER TO COUNTERCLAIM    PAGE 4 OF 10
01144807.DOCX

Case 3:21-cv-00198-SLG    Document 108    Filed 11/22/21    Page 4 of 10

17. There are only legal conclusions in Paragraph 17; therefore, no response is required. To the extent a response is required, KIF denies the allegations set forth in Paragraph 17.

18. KIF denies the allegations set forth in Paragraph 18.

19. There are only legal conclusions in Paragraph 19; therefore, no response is required. To the extent a response is required, KIF denies the allegations set forth in Paragraph 19.

20. There are only legal conclusions in Paragraph 20; therefore, no response is required. To the extent a response is required, KIF denies the allegations set forth in Paragraph 20.

21. KIF is without sufficient information to admit or deny the allegations set forth in Paragraph 21, and therefore denies same.

22. KIF admits that the Government issued civil penalties in the tens of millions of dollars for an alleged violation of the Jones Act. KIF denies the remainder of the allegations in Paragraph 22.

23. KIF admits that the Government issued civil penalties in the tens of millions of dollars in civil penalties for an alleged violation of the Jones Act and that some of those penalties totaled $14,748,549.51. KIF denies the remainder of the allegations in Paragraph 23.

24. KIF admits that the Government served Notices of Penalty. KIF denies the remainder of the allegations in Paragraph 24.

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.　　CASE NO. 3:21-cv-00198 (SLG)
KLOOSTERBOER'S ANSWER TO COUNTERCLAIM　　PAGE 5 OF 10
01144807.DOCX

Case 3:21-cv-00198-SLG   Document 108   Filed 11/22/21   Page 5 of 10

25. KIF admits that a petition was filed on October 1, 2021 (the "Petition"), pursuant to 19 U.S.C. § 1618 and 19 C.F.R. Part 171. KIF denies the remainder of the allegations in Paragraph 25.

26. KIF admits the allegations set forth in Paragraph 26.

27. There are no factual allegations in Paragraph 27; therefore, no response is required. To the extent a response is required, KIF denies the allegations in Paragraph 27.

28. KIF admits that the Government has issued fines to numerous third parties. KIF also admits that the Government is currently enjoined from seeking to enforce any such penalty notices. KIF denies the remainder of the allegations in Paragraph 28.

## AFFIRMATIVE DEFENSES

1. The counterclaim fails to state a claim upon which relief can be granted, including without limitation, for the reasons set forth in the Complaint.

2. The Court lacks jurisdiction over the counterclaim because there has been no final agency determination of KIF's pending Petition.

3. The counterclaim is not ripe for adjudication, nor does it present a justiciable controversy because there has been no final agency determination of KIF's pending Petition.

4. The counterclaim fails to state a claim because there has been no final agency determination of KIF's pending Petition.

5. The counterclaim is barred and otherwise fails to state a claim because the administrative record filed by Defendants on November 15, 2021 is materially incomplete.

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.  CASE NO. 3:21-cv-00198 (SLG)
KLOOSTERBOER'S ANSWER TO COUNTERCLAIM                          PAGE 6 OF 10
01144807.DOCX

Case 3:21-cv-00198-SLG   Document 108   Filed 11/22/21   Page 6 of 10

6. The counterclaim fails to state a claim and/or is subject to dismissal on the basis of each of the defenses and arguments set forth in KIF's Motion for Temporary Restraining Order and Preliminary Injunction (Docket 4-5); Memorandum of Law in Further Support of Motion for Temporary Restraining Order and Preliminary Injunction (Docket 47-53); Renewed Motion for Temporary Restraining Order and Preliminary Injunction (Docket 65-67); and Reply in Support of Renewed Motion for Temporary Restraining Order and Preliminary Injunction (Docket 84-93).

7. The counterclaim fails to state a claim because no violation of the Jones Act occurred, in that the transportation at issue complied at all relevant times with the Third Proviso exception to the Jones Act (46 U.S.C. § 55116).

8. The counterclaim fails to state a claim because the transportation was at all times in accordance with CBP's public ruling letters and interpretative guidance.

9. The counterclaim fails to state a claim because KIF was not required to file a rate tariff for the through route at issue.

10. The counterclaim fails to state a claim because KIF was entitled to rely on the rate tariff filed by American Seafoods Company.

11. The counterclaim fails to state a claim because the Government is estopped from seeking penalties because the Government violated 19 U.S.C. § 1625(c), by failing to provide notice to KIF and an opportunity to comment before the Government revoked or altered its binding ruling letters and treatment.

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.    CASE NO. 3:21-cv-00198 (SLG)
KLOOSTERBOER'S ANSWER TO COUNTERCLAIM    PAGE 7 OF 10
01144807.DOCX

Case 3:21-cv-00198-SLG   Document 108   Filed 11/22/21   Page 7 of 10

12. The counterclaim fails to state a claim because the Government has violated KIF's rights under the Due Process Clause in the Fifth Amendment to the United States Constitution.

13. The penalties sought in the counterclaim violate the Jones Act, which precludes the Government from collecting more than the value of the merchandise being transported.

14. The penalties sought in the counterclaim are excessive and grossly disproportionate in relation to the Jones Act violations KIF has allegedly committed and, thus, are in violation of the Eight Amendment to the United States Constitution.

15. The penalty notices on which the counterclaim is based are invalid and unenforceable because they: (a) lack the material facts required by 19 C.F.R. § 162.31; and alternatively, (b) allege facts that are inconsistent and nonsensical, thus depriving KIF of the opportunity to respond to facts purportedly constituting the violations.

16. The counterclaim fails to state a claim because it violates the Paperwork Reduction Act, which operates as a bar to collection of any penalty because such an information collection requirement lacked the approval of the Office of Management and Budget.

17. The counterclaim fails to state a claim because the finality of CBP's admissibility decision in liquidation of the pertinent entries of merchandise is binding on CBP and precludes any Jones Act violation pursuant to 19 U.S.C. § 1514(a).

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.  CASE NO. 3:21-cv-00198 (SLG)
KLOOSTERBOER'S ANSWER TO COUNTERCLAIM   PAGE 8 OF 10
01144807.DOCX

Case 3:21-cv-00198-SLG   Document 108   Filed 11/22/21   Page 8 of 10

18. The counterclaim fails to state a claim and is otherwise barred because the transportation of merchandise was done with CBP's actual knowledge of the transportation at issue.

19. The counterclaim is barred by one or more of the following doctrines: laches, estoppel, waiver and unclean hands.

20. The counterclaim is barred by the constitutional tolling doctrine.

21. The counterclaim fails to state a claim because the penalties sought are contrary to CBP's mitigation guidelines and practices.

KIF reserves the right to assert additional affirmative defenses as may be revealed through investigation and discovery.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the counterclaim, Plaintiff KIF respectfully requests that the Court:

1. Dismiss the Government's counterclaim in its entirety;

2. Enter judgment for Plaintiff KIF and against the United States, together with interest, costs, and attorneys' fees; and

3. Grant such other and further relief as the Court may deem appropriate.

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.    CASE NO. 3:21-cv-00198 (SLG)
KLOOSTERBOER'S ANSWER TO COUNTERCLAIM    PAGE 9 OF 10
01144807.DOCX

Case 3:21-cv-00198-SLG   Document 108   Filed 11/22/21   Page 9 of 10

DATED this  22nd  day of November, 2021.

                                              BIRCH HORTON BITTNER & CHEROT
                                              Attorneys for Plaintiffs

                                        By:    /s/ David Karl Gross
                                              David Karl Gross, ABA #9611065

                                        KASOWITZ BENSON TORRES LLP
                                        Edward E. McNally, ABA #9203003
                                        Marc E. Kasowitz (*Pro Hac Vice*)
                                        Hector Torres (*Pro Hac Vice*)
                                        David J. Abrams (*Pro Hac Vice*)
                                        Kim Conroy (*Pro Hac Vice*)
                                        David E. Ross (*Pro Hac Vice*)

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the  22nd  day of November, 2021, a true and correct copy of the foregoing was served via the Court's CM/ECF electronic filing system, on the following:

Seth M. Beausang, Asst. U.S. Attorney
Christine Dollerhide, Asst. U.S. Attorney
Jacquelyn A. Traini, Asst. U.S. Attorney
U.S. Attorney's Office
seth.beausang@usdoj.gov
christine.dollerhide@usdoj.gov
jackie.traini@usdoj.gov

BIRCH HORTON BITTNER & CHEROT

By:    /s/ David Karl Gross

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.    CASE NO. 3:21-cv-00198 (SLG)
KLOOSTERBOER'S ANSWER TO COUNTERCLAIM    PAGE 10 OF 10
01144807.DOCX

Case 3:21-cv-00198-SLG   Document 108   Filed 11/22/21   Page 10 of 10