David Karl Gross, ABA #9611065
Birch Horton Bittner & Cherot
510 L Street, Suite 700
Anchorage, AK 99501
Telephone: 907.276.1550
dgross@bhb.com

Edward E. McNally, ABA #9203003
Marc E. Kasowitz *(Pro Hac Vice)*
Hector Torres *(Pro Hac Vice)*
David J. Abrams *(Pro Hac Vice)*
Kim Conroy *(Pro Hac Vice)*
David E. Ross *(Pro Hac Vice)*
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019
Telephone: 212.506.1700
emcnally@kasowitz.com
mkasowitz@kasowitz.com
htorres@kasowitz.com
dabrams@kasowitz.com
kconroy@kasowitz.com
dross@kasowitz.com            Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KLOOSTERBOER INTERNATIONAL FORWARDING LLC and ALASKA REEFER MANAGEMENT LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> U.S.A., U.S. DEPT. OF HOMELAND SECURITY, U.S. CUSTOMS AND BORDER PROTECTION, and TROY A. MILLER, Acting Commissioner, <br><br> Defendants. | Case No.: 3:21-cv-00198 (SLG) |

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.      CASE NO. 3:21-cv-00198 (SLG)
PLAINTIFFS' MOTION FOR CLARIFICATION                                  PAGE 1 OF 6

Case 3:21-cv-00198-SLG   Document 109   Filed 11/22/21   Page 1 of 6

# MOTION FOR CLARIFICATION REGARDING SUMMARY JUDGMENT BRIEFING

COME NOW Plaintiffs, Kloosterboer International Forwarding LLC ("KIF") and Alaska Reefer Management LLC ("ARM") (collectively, "Plaintiffs"), by and through undersigned counsel, and hereby request clarification of the Court's order of October 20, 2021 in light of the pleading submitted by Defendants after the Order.

On October 20, 2021, this Court issued an order establishing an expedited schedule in connection with the above-captioned action (the "Order") (Dkt. 101). The Order provided deadlines for Defendants to answer Plaintiffs' Complaint and produce the administrative record, and for briefing on the parties' anticipated cross-motions for summary judgment. Pursuant to the Order, the Court required Plaintiffs and Defendants to file their respective opening summary judgment briefs on or before December 3, 2021.

On November 1, 2021, Defendants filed a counterclaim against Plaintiffs together with their Answer (Dkt. 105). This counterclaim improperly seeks to circumvent the administrative process by requesting entry of a judgment for the full amount of the Penalty Notices filed against Plaintiff KIF, even though Defendant CBP has not yet issued any decision in response to the arguments asserted in the Petition. The counterclaim seeks a judgment of $24,933,351.28, plus interest, costs, and attorneys' fees. (*Id.* at 24-25). The subject matter of Defendants' counterclaim — the validity and amount of certain penalties assessed against Plaintiffs for alleged Jones Act violations — is the subject of Plaintiffs'

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.　　　CASE NO. 3:21-cv-00198 (SLG)
PLAINTIFFS' MOTION FOR CLARIFICATION　　　PAGE 2 OF 6

Case 3:21-cv-00198-SLG   Document 109   Filed 11/22/21   Page 2 of 6

Petition for Relief in Jonesport Penalty Case Nos. 2021-0122-300235-01, 2021-0122-300301-01, and 2021-0122-300303-01, which were filed on October 1, 2021, pursuant to the Court's previous order. (*See, e.g.*, Dkt. 67 at 2; Dkt. 64 at 25).

On November 15, 2021, Defendants produced their Administrative Record, which makes clear that Defendant CBP has not considered or issued any decision with respect to the arguments included in the Petition, including that (i) the Penalty Notices should be withdrawn or dismissed because they are facially defective under 19 C.F.R. § 162.31(b); (ii) the finality of CBP's admissibility decision in liquidation of the pertinent entries of merchandise is binding on CBP and precludes any Jones Act violation pursuant to 19 U.S.C. § 1514(a); (iii) the Paperwork Reduction Act bars collection of any penalty for Jones Act violations because any rate tariff filing requirement lacked approval of the Office of Management and Budget; and (iv) that CBP's actual knowledge and contributory error here require complete remission of penalties. None of these issues is ripe for judicial review absent a decision on KIF's Petition.

In this action, Plaintiffs' Complaint (i) seeks declaratory judgment that their transportation of merchandise utilizing non-coastwise vessels is in compliance with the Jones Act (Dkt. 1 at 24-26); (ii) alleges Defendants violated 19 U.S.C. § 1625(c)(1)-(2) (Dkt. 1 at 26-29); (iii) alleges Defendants violated KIF's due process rights under the Fifth Amendment to the United States Constitution (Dkt. 1 at 30-31); and (iv) asserts that the

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.　　　　CASE NO. 3:21-cv-00198 (SLG)
PLAINTIFFS' MOTION FOR CLARIFICATION　　　　　　　　　　　　　　　　PAGE 3 OF 6

Case 3:21-cv-00198-SLG   Document 109   Filed 11/22/21   Page 3 of 6

fines levied against KIF by Defendants are constitutionally excessive under the Eighth Amendment (Dkt. 1 at 31-32). While Plaintiffs' Complaint raises statutory and constitutional claims in this plenary action, Defendants' counterclaim seems to seek to transform this action into a proceeding seeking judicial review of a final decision of an administrative agency, before the issuance of any such decision.

Defendants are impermissibly seeking review of an agency action under the APA, presumably to invoke the more deferential standard of review that may be applicable to such proceedings,[1] despite the absence of any final administrative action that arguably may not be entitled to de novo review. Absent such a decision, the parties cannot prepare summary judgment briefs concerning factual and legal issues that have not been alleged in the Complaint and relate to defenses to the Petition that are not ripe for judicial review.

---

[1] Plaintiffs are entitled to de novo review on all of their claims. CBP's interpretation of the Jones Act and Third Proviso — and the myriad statutes, regulations, and constitutional provisions at issue — are accorded no deference by the Court. *See United States v. Louisiana-Pacific Corp.*, 967 F.2d 1372, 1376 (9th Cir. 1992) ("Statutory construction is also reviewed de novo"); *John v. United States*, No. 3:05-cv-0006-HRH, 2009 WL 10659579, at *11 (D. Alaska Sept. 29, 2009) ("To the extent that the issues before the court involve questions of statutory interpretation, those issues are also reviewed de novo"); *W. Energy Co. v. U.S. Dep't of Interior*, 932 F.2d 807, 809 (9th Cir. 1991) (reviewing plaintiff's claim that constitutional rights were violated by agency defendant de novo); *Int'l Custom Prods., Inc. v. United States*, 748 F.3d 1182, 1186 (Fed. Cir. 2014) (applying de novo review to the Court of International Trade's and the government's statutory interpretation of 19 U.S.C. § 1625(c)); *California Indus. Prod., Inc. v. United States*, 436 F.3d 1341, 1348-49 (Fed. Cir. 2006) (applying de novo review and finding that no deference should be given to government's interpretation of 19 U.S.C. § 1625(c)).

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.　　　　CASE NO. 3:21-cv-00198 (SLG)
PLAINTIFFS' MOTION FOR CLARIFICATION　　　　　　　　　　　　　　　　PAGE 4 OF 6

Case 3:21-cv-00198-SLG    Document 109    Filed 11/22/21    Page 4 of 6

Plaintiffs respectfully submit that the interests of efficiency and economy would be best served by clarifying that the parties' opening cross-motions for summary judgment are to address only the claims asserted in Plaintiffs' Complaint and any defenses relevant thereto.

In addition, as the Court recognized in its prior ruling on the Motion, Plaintiffs' excessive fines argument under the Eighth Amendment is not ripe for determination, because the penalty notices do not impose any particular fine on KIF and the underlying facts have not been determined by the agency.[2] (*See* Dkt. 64 at 22-24). It would be premature, inefficient, and inappropriate for the parties to brief this issue before any decision by CBP on the Petition filed by KIF.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

---

[2] The administrative record also contains no information or documents related to Penalty Notices issued to third parties in the supply chain. These documents are essential to Plaintiffs' Eighth Amendment claim because they have a direct relation to whether the fines assessed are cumulative, and therefore disproportionate and excessive.

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.     CASE NO. 3:21-cv-00198 (SLG)
PLAINTIFFS' MOTION FOR CLARIFICATION     PAGE 5 OF 6

Case 3:21-cv-00198-SLG   Document 109   Filed 11/22/21   Page 5 of 6

For these reasons, Plaintiffs respectfully seek clarification from this Court as to the scope and content of the matters to be briefed in the parties' cross-motions for summary judgment.

DATED this  22nd  day of November, 2021.

BIRCH HORTON BITTNER & CHEROT
Attorneys for Plaintiffs

By:        /s/ David Karl Gross
David Karl Gross, ABA #9611065

KASOWITZ BENSON TORRES LLP
Edward E. McNally, ABA #9203003
Marc E. Kasowitz (*Pro Hac Vice*)
Hector Torres (*Pro Hac Vice*)
David J. Abrams (*Pro Hac Vice*)
Kim Conroy (*Pro Hac Vice*)
David E. Ross (*Pro Hac Vice*)

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the  22nd  day of November, 2021, a true and correct copy of the foregoing was served via the Court's CM/ECF electronic filing system, on the following:

Seth M. Beausang, Asst. U.S. Attorney
Christine Dollerhide, Asst. U.S. Attorney
Jacquelyn A. Traini, Asst. U.S. Attorney
U.S. Attorney's Office
seth.beausang@usdoj.gov
christine.dollerhide@usdoj.gov
jackie.traini@usdoj.gov

BIRCH HORTON BITTNER & CHEROT

By:       /s/ David Karl Gross

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.        CASE NO. 3:21-cv-00198 (SLG)
PLAINTIFFS' MOTION FOR CLARIFICATION                                                PAGE 6 OF 6

Case 3:21-cv-00198-SLG   Document 109   Filed 11/22/21   Page 6 of 6