James E. Torgerson, ABA #8509120
Stoel Rives, LLP
510 L Street, Suite 500
Anchorage, AK 99501
907-277-1900
jim.torgerson@stoel.com

Keith Bradley, *pro hac vice pending*
Squire Patton Boggs (US) LLP
1801 California Street, Suite 4900
Denver, Colorado 80202
303-894-6156
Keith.bradley@squirepb.com

D. Michael Kaye, *pro hac vice pending*
Squire Patton Boggs (US) LLP
2550 M Street NW
Washington, DC 20037
202-457-6000
Michael.kaye@squirepb.com

John J. Reilly, *pro hac vice pending*
Squire Patton Boggs (US) LLP
1211 Avenue of the Americas, 26th Floor
New York, NY 10036
212-872-9865
John.reilly@squirepb.com

Emily Huggins Jones, *pro hac vice pending*
Squire Patton Boggs (US) LLP
4900 Key Tower, 127 Public Square
Cleveland, OH, 44114
216-479-85500
Emily.hugginsjones@squirepb.com

*Attorneys for Proposed Amicus Curiae*
*Lineage Logistics Holdings, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KLOOSTERBOER INTERNATIONAL FORWARDING LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | Case No. 3:21-cv-00198-SLG |

**LINEAGE LOGISTICS HOLDINGS, LLC'S MOTION FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF PLAINTIFFS**

Pursuant to Local Civil Rule 7.1, Lineage Logistics Holdings, LLC (Lineage) respectfully moves this Court for leave to file a brief as *amicus curiae* in support of

*Kloosterboer, et al. v. United States, et al.*
Case No. 3:21-cv-00198 (SLG)                1

Plaintiffs, Kloosterboer International Forwarding, LLC (KIF), and Alaska Reefer Management LLC (ARM). The proposed brief is attached as Exhibit 1, and a proposed order pursuant to Local Civil Rule 7.1(b)(2) is attached as Exhibit 2.[1]

### I. THE COURT SHOULD ALLOW LINEAGE TO PARTICPATE AS *AMICUS CURIAE*

While the Federal Rules of Civil Procedure and the Alaska Local Civil Rules do not address amicus filings, this Court "has broad discretion to appoint amici curiae." *Alaska R.R. Corp. v. Flying Crown Subdivision Addition No. 1 & Addition No. 2 Prop. Owners Ass'n*, No. 3:20-cv-00232-JMK, 2021 U.S. Dist. LEXIS 54240, at *7 (D. Alaska Mar. 23, 2021) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982)).[2]

A motion to participate as an amicus curiae should be granted where "the amicus has an interest in some other case that may be affected by the decision in the present case, or when the amicus has unique information or perspective that can help the court beyond

---

[1] Lineage states that no counsel for a party authored the attached Brief in whole or in part and that no person other than amici or their counsel made a monetary contribution to its preparation or submission.

[2] *See also Gwich'in Steering Comm. v. Bernhardt*, No. 3:20-cv-00204-SLG, 2021 U.S. Dist. LEXIS 1471 (D. Alaska Jan. 5, 2021), at ECF No. 50 (granting a motion for leave to file an amicus brief for "good cause being shown."); *Alaska v. Salazar*, No. 3:10-cv-205 RRB, 2011 U.S. Dist. LEXIS 174474 (D. Alaska Jan. 24, 2011), ECF No. 50 (granting three separate motions for leave to file amicus briefs in summary judgment proceedings); *SE Alaska Conservation Council v. U.S. Army Corps of Eng'rs*, No. 1:05-cv-00012-JKS, 2006 U.S. Dist. LEXIS 97421 (D. Alaska Aug. 3, 2006), at ECF No. 87, and 91 (granting motions for leave to participate as amicus curiae in a motion for declaratory judgment, and a motion for summary judgment), and at ECF No. 90 (granting leave to file amicus brief focused on "the economic impact of the mine").

*Kloosterboer, et al. v. United States, et al.*
Case No. 3:21-cv-00198 (SLG)    2

the help that the lawyers for the parties are able to provide[.]" *Id.,* at *7 (internal citations omitted).

As the indirect parent company of Woodstock Cold Storage (1990) Ltd., d/b/a Kloosterboer Bayside (KBB), Lineage has interests that will be affected by the questions at issue in the pending action – namely, whether its subsidiary's conduct violated the Jones Act, which may turn, in part, on whether the 100-foot rail trackage in Bayside, Canada (the "BCR Rail"), qualifies as a through route over Canadian rail lines. That determination may also affect whether the penalty notices received by KBB from CBP were proper or should be invalidated. Lineage will also provide information that will be helpful to the Court because it has an intimate understanding of the day-to-day operations of the BCR Rail, and is able to offer a unique perspective to aid this Court in its determinations as it relates to the BCR Rail, at the heart of the pending action.

## II. LINEAGE CAN PROVIDE A UNIQUE PERSPECTIVE AND INFORMATION THAT WILL AID THE COURT

A motion to participate as amicus curiae should be granted where the party has shown that it is "able to provide information that will be helpful to the Court in determining the scope of [the rights at issue]." *Alaska R.R. Corp.*, at *7.

This case involves the shipment of frozen seafood products from Dutch Harbor, Alaska to the port of Bayside, New Brunswick, Canada, and then delivery ultimately to Calais, Maine (the "Bayside Program"). Although Lineage's subsidiary and KIF/ARM both form part of the Bayside Program, their roles are distinguishable.

*Kloosterboer, et al. v. United States, et al.*
Case No. 3:21-cv-00198 (SLG)   3

Lineage's subsidiary KBB performs an integral part of the Bayside Program supply chain by providing cold storage facilities and other services in connection with the movement of seafood products, including services related to the BCR Rail. With its subsidiary as the operator of the BCR Rail, Lineage can provide critical perspective on the day-to-day operations and movement of the seafood product, which is loaded in trucks that are subsequently loaded onto flat rail cars before travelling the BCR Rail.

Lineage's unique insight as it relates to the BCR Rail, upon which this case will largely turn, will aid this Court in its determination of whether the Bayside Program qualifies for the Third Proviso of the Jones Act.

### III. LINEAGE HAS AN INTEREST THAT WILL BE AFFECTED BY THE OUTCOME IN THE PRESENT CASE

In mid-August 2021, U.S. Customs and Border Protection (CBP) issued penalty notices to plaintiff KIF, and various other companies, for alleged violations of the Jones Act in connection with the Bayside Program. KBB was among the companies that received penalty notices from CBP, totaling about $25 million, apparently for KBB's alleged transportation of seafood product on non-coastwise qualified vessels. Thus, the legal questions raised in this case have direct implications for KBB, and the other companies that received penalty notices.

Lineage's business interests and operations would be substantially affected if Plaintiffs are unsuccessful in the pending action. In particular, this Court's determination of whether the Bayside Program complied with the Third Proviso exception of the Jones

Act and CBP's own long-established, publicly disclosed interpretive rulings and guidance concerning the Jones Act, will turn, in part, on whether the BCR Rail qualifies as a through route over Canadian rail lines. That determination would also affect whether the excessive penalties imposed by CBP on KBB (and various other entities) were proper or should, as the Plaintiffs ask this court, be invalidated.

The outcome of the pending action would also directly affect the operations and business interests of Lineage's subsidiary, KBB. A significant portion of KBB's revenue is from the services it provides in connection with the Bayside Program. The Court has already recognized that the ongoing existence of the Bayside Program, as currently constituted, is at stake.[3] The severe consequences of CBP's penalty notices and its continuing position regarding the vitality of the Bayside Program motivated the Court to issue a preliminary injunction barring CBP from issuing new penalties or enforcing prior penalties. An adverse decision on the merits would have significant consequences for the business of KBB and thus of Lineage, its parent.

Lineage's interests are distinct on some issues where it is important that it express its own unique perspective:

   a) Lineage's interests in the transportation of the seafood product are more narrowly tailored to the Bayside Program's operations in Canada, not to Plaintiffs' entire supply chain;

---

[3] ECF No. 95, at 19-20.

*Kloosterboer, et al. v. United States, et al.*
Case No. 3:21-cv-00198 (SLG)                5

b) Lineage's subsidiary KBB plays a distinguishable and integral role compared to other players in Plaintiffs' supply chain, in particular the BCR Rail is the focus of whether Plaintiffs qualify for the Third Proviso exception; and

c) Lineage has a specific economic interest in a determination that the Bayside Program is consistent with the Jones Act, because KBB has invested substantial amounts in establishing facilities that are used in the Bayside Program. This differs from Plaintiffs' interests, who might be able to seek alternate route options should this court determine that the Bayside Program violates the Jones Act.

## IV. THIS MOTION IS TIMELY

Lineage acted promptly after first learning of this action and expeditiously and timely filed this motion for leave. This motion was made at an early stage of proceedings. It was filed approximately 10 weeks after the action was commenced, and six weeks after defendants filed their answer to the complaint. That is a short time.

And, after learning of the court's imposition of an expedited merits briefing schedule, Lineage engaged with counsel for plaintiffs and counsel for defendants. After concluding that plaintiffs and defendants would oppose a motion by Lineage to intervene in the proceeding, Lineage proceeded with this motion for leave to file an amicus brief.[4]

---

[4] *See Alaska R.R. Corp.*, at *7, where this court denied the proposed intervenor's motion to intervene as of right for failure to demonstrate a significant protectable interest, and denied the request for permissive intervention because the proposed intervenor brought new claims for restitution; the claims related to rights not already at issue in the case; and *Kloosterboer, et al. v. United States, et al.*

Case No. 3:21-cv-00198 (SLG) 6

Plaintiffs do not oppose this Motion, and neither do Defendants. Lineage suggests that defendants be permitted to respond to the amicus brief in their reply due on December 30, 2021. The parties will not suffer prejudice from the filing of the attached amicus brief at this stage of proceedings, which will not cause disruption or delay in the proceedings. These are hallmarks of a timely motion. To the extent there is any ambiguity as to the applicable page or word limits as the Local Rules do not address amicus briefs, Lineage asks that the Court accept the Brief as attached given the complexity of the issues and the length of the existing briefing.

## V. CONCLUSION

Because Lineage has an interest that may be affected by the decision in the present case, and because it has unique information and perspective that can help this court in the determination of the pending action, it respectfully moves the Court for leave to file the attached amicus brief in support of Plaintiffs KIF and ARM.

---

because allowing the new claims would complicate the litigations case management. But, the court *granted* a *motion to participate as amicus curiae* because it had shown that it was "able to provide information that will be helpful to the Court in determining the scope of [the rights at issue]."

*Kloosterboer, et al. v. United States, et al.*
Case No. 3:21-cv-00198 (SLG)            7

DATED: December 13, 2021  STOEL RIVES LLP

By: /s/ James E. Torgerson
    James E. Torgerson (Bar No. 8509120)

SQUIRE PATTON BOGGS (US) LLP
    Keith Bradley (*pro hac vice* pending)
    D. Michael Kaye (*pro hac vice* pending)
    John J. Reilly (*pro hac vice* pending)
    Emily Huggins Jones (*pro hac vice* pending)

Attorneys for Proposed Amicus Curiae Lineage Logistics Holdings, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2021, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court, District of Alaska, by using the CM/ECF system. Participants in this Case No. 3:21-cv-00198 (SLG), who are registered CM/ECF users, will be served by the CM/ECF system.

/s/ James E. Torgerson
James E. Torgerson