# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KLOOSTERBOER INTERNATIONAL FORWARDING LLC, *et al.*, <br><br>Plaintiffs, <br><br>v. <br><br>UNITED STATES OF AMERICA, *et al.*, <br><br>Defendants. | Case No. 3:21-cv-00198-SLG |

## ORDER RE MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

Before the Court at Docket 111 is Plaintiffs Kloosterboer International Forwarding LLC and Alaska Reefer Management LLC's (collectively, "Plaintiffs") Motion to Supplement the Administrative Record. Defendants United States of America, U.S. Department of Homeland Security, U.S. Customs and Border Protection ("CBP"), and Troy A. Miller, in his official capacity as the Acting Commissioner of CBP (collectively, "Defendants") responded in opposition at Docket 121, to which Plaintiffs replied at Docket 123. Oral argument was not requested and was not necessary to the Court's decision.

## LEGAL STANDARD

"[J]udicial review of agency action is limited to review of the administrative record."[1] The whole administrative record "consists of all documents and materials

---

[1] *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436 (9th Cir. 1988).

directly or indirectly considered by the agency decision-makers and includes evidence contrary to the agency's position."[2] An agency is entitled to a presumption that it properly designated the administrative record.[3] Agencies may also exclude documents reflecting internal deliberations and those that probe the "mental processes of administrative decisionmakers."[4]

"To overcome this presumption, a party seeking supplementation of the administrative record 'must show by clear evidence that the record fails to include documents or materials considered by the [agency] in reaching the challenged decision' and that the record as presented cannot allow 'substantial' and 'meaningful judicial review.'"[5]

---

[2] *Thompson v. U.S. Dep't of Lab.*, 885 F.2d 551, 555 (9th Cir. 1989) (emphasis omitted) (quoting *Exxon Corp. v. Dep't of Energy*, 91 F.R.D. 26, 32 (N.D. Tex. 1981)).

[3] *In re United States*, 875 F.3d 1200, 1206 (9th Cir.), *vacated on other grounds*, 138 S. Ct. 443 (2017); *accord Goffney v. Becerra*, 995 F.3d 737, 748 (9th Cir. 2021).

[4] *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977).

[5] *Save the Colo. v. U.S. Dep't of the Interior*, 517 F. Supp. 3d 890, 895 (D. Ariz. 2021) (alteration in original) (quoting *Ctr. for Native Ecosystems v. Salazar*, 711 F. Supp. 2d 1267, 1272, 1275 (D. Colo. 2010)); *see also Golden Gate Salmon Ass'n v. Ross*, Case No. 1:17-cv-01172 LJO-EPG, 2018 WL 3129849, at *4 (E.D. Cal. June 22, 2018) ("[P]laintiffs 'must identify reasonable, non-speculative grounds for [their] belief that the documents were considered by the agency and not included in the record.'" (alteration in original) (quoting *Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 6 (D.D.C. 2006))).

Case No. 3:21-cv-00198-SLG, *Kloosterboer, et al. v. USA, et al.*
Order re Motion to Supplement the Administrative Record
Page 2 of 7

Case 3:21-cv-00198-SLG   Document 133   Filed 12/16/21   Page 2 of 7

## DISCUSSION

Plaintiffs assert that the administrative record is deficient in two principal respects. The Court addresses each in turn.[6]

### I.     Completeness

According to Plaintiffs, "[t]he administrative record here is deficient because . . . it does not include documents and communications shared or received from other agencies or entities outside of CBP concerning the Penalty Notices that are explicitly referenced in the existing record."[7]  Plaintiffs point to two categories of documents to support this assertion.

First, Plaintiffs contend that "[m]ultiple documents reference 'a recent meeting with industry' or 'a meeting with an industry stakeholder' in which the Jones Act Division of Enforcement ('JADE') was advised of potential Jones Act violations committed by ARM, but with a single exception, no documents or communications related to such meetings with industry 'stakeholders' or their representatives were included in the record."[8]  Second, Plaintiffs assert that

---

[6] The parties dispute whether the APA applies here.  However, the Court need not determine that question now as both sides agreed—and the Court ordered—that the government would produce an administrative record.  *See* Docket 97 at 2; Docket 98 at 2; Docket 101 (Order re Expedited Merits Briefing Schedule).

[7] Docket 111 at 4.

[8] Docket 111 at 4 (citing Docket 106-9 at 9, 11, 30, 34, 35) ("It defies all logic that no such documents exist in CBP's files, and there is no legitimate basis to withhold such documents or information.").

Case No. 3:21-cv-00198-SLG, *Kloosterboer, et al. v. USA, et al.*
Order re Motion to Supplement the Administrative Record
Page 3 of 7

Case 3:21-cv-00198-SLG   Document 133   Filed 12/16/21   Page 3 of 7

"numerous documents refer to CBP discussions with the Surface Transportation Board ('STB') regarding this matter, but no documents concerning those communications have been produced," with the exception of a single email chain.[9] And, as to that email chain, Plaintiffs assert that it may be incomplete as "STB responds to questions regarding rate tariffs, but the email chain in the administrative record does not include any response."[10]

Defendants respond that "Plaintiffs have not even identified any specific documents that should have been included in the record, much less identified 'non-speculative grounds for [their] belief that the [unspecified] documents were considered by the agency.'"[11] Defendants further assert that Plaintiffs' mere "speculation that documents of substance are missing from the record is not enough to overcome the presumption that the record is complete."[12]

Contrary to Plaintiffs' assertions, there does not necessarily exist documentation of meetings with industry stakeholders or additional documents memorializing CBP's communications with STB. Defendants are entitled to a

---

[9] Docket 111 at 4–5 (citing Docket 106-9 at 9, 19, 28, 33, 34).

[10] Docket 111 at 5 (citing Docket 106-9 at 25–29, 18–20).

[11] Docket 121 at 3–4 (alterations in original) (quoting *Ctr. for Biological Diversity v. Zinke*, Case No. 3:18-cv-00064-SLG, 2018 WL 8805325, at *2 (D. Alaska Nov. 16, 2018)); *see also Golden Gate Salmon Ass'n*, 2018 WL 3129849, at *4.

[12] Docket 121 at 4 (citing *Franks v. Salazar*, 751 F. Supp. 2d 62, 74 (D.D.C. 2010); *Blue Ocean Inst. v. Gutierrez*, 503 F. Supp. 2d 366, 369–71 (D.D.C. 2007)).

Case No. 3:21-cv-00198-SLG, *Kloosterboer, et al. v. USA, et al.*
Order re Motion to Supplement the Administrative Record
Page 4 of 7

Case 3:21-cv-00198-SLG   Document 133   Filed 12/16/21   Page 4 of 7

presumption that the record is complete and Plaintiffs offer only speculative grounds that the additional documents they seek actually exist.[13] Additionally, even if additional documents did exist, Plaintiffs do not make any non-conclusory attempts to assert that CBP considered those documents in its decision-making process.[14] Accordingly, the Court finds that Plaintiffs have not met their burden to rebut the presumption of regularity.[15]

## II. Redactions

Plaintiffs assert that the "administrative record also is replete with overly-broad redactions by Defendants that do not appear to be justified by any cognizable privilege or other legal basis."[16] In particular, Plaintiffs complain of the redaction of the names of third-party entities,[17] the redaction of file names of documents attached to emails that were produced in the administrative record,[18]

---

[13] With respect to the email chain, it appears that STB provided the information as requested by CBP. It is not clear to this Court that a material response from CBP would likely have been made. *See* Docket 106-9 at 25.

[14] *See* Docket 123 at 4 (asserting, without explanation, that the "omitted communications . . . *constitute* key aspects of the decision-making process" (emphasis in original)).

[15] Plaintiffs raise for the first time the issue of bills of lading in their reply brief. Docket 123 at 3–4. The Court declines to consider this argument. *See Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived.").

[16] Docket 111 at 5.

[17] Docket 111 at 5 (citing Docket 106-9 at 30; Docket 106-10 at 2–11).

[18] Docket 111 at 5–6 (citing Docket 106-32 at 1; Docket 106-34 at 1).

Case No. 3:21-cv-00198-SLG, *Kloosterboer, et al. v. USA, et al.*
Order re Motion to Supplement the Administrative Record
Page 5 of 7

Case 3:21-cv-00198-SLG   Document 133   Filed 12/16/21   Page 5 of 7

and a redaction of substantive information at AR 227, allegedly without identifying any applicable privilege.[19]

Defendants respond that the "names of third-party vessels, carriers, and shippers alleged to have violated the Jones Act . . . and file names of documents attached to emails that would reveal that same information[] are all redacted" pursuant to agency regulations.[20] The Court finds that the redactions appear consistent with Defendants' explanation. Plaintiffs also do not offer a valid reason for needing to know the names of third-party entities, other identifying information, or the file names, or any explanation for how Defendants considered that information, either directly or indirectly, in its decision-making process in this case.[21] Additionally, contrary to Plaintiffs' assertion, the redaction at AR 227 was clearly identified as privileged in the administrative record index.[22]

In conclusion, the Court finds that Plaintiffs have not met their burden to rebut the presumption of regularity with respect to the redactions.

---

[19] Docket 111 at 5 (citing Docket 106-9 at 34).

[20] Docket 121 at 6 (citing Docket 106-9 at 30; Docket 106-10 at 2–11); *see* 19 C.F.R. §§ 103.23(b), 103.32.

[21] *Cf.* Docket 111 at 6 ("Without those file names, Plaintiffs cannot determine whether those documents, which should be included in the administrative record, have been produced and cannot specifically identify missing documents.").

[22] *See* Docket 106-2 at 1 ("redaction in paragraph five [of AR 227] for attorney-client privilege and attorney work product"). The index also offers a valid explanation for the remaining redactions: "Other redactions are of information that is not part of the Administrative Record including email addresses, phone numbers, and the identities of non-parties to the litigation." Docket 106-2 at 5.

Case No. 3:21-cv-00198-SLG, *Kloosterboer, et al. v. USA, et al.*
Order re Motion to Supplement the Administrative Record
Page 6 of 7

Case 3:21-cv-00198-SLG   Document 133   Filed 12/16/21   Page 6 of 7

## CONCLUSION

In light of the foregoing, Plaintiffs' Motion to Supplement the Administrative Record at Docket 111 is DENIED.

DATED this 16th day of December, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:21-cv-00198-SLG, *Kloosterboer, et al. v. USA, et al.*
Order re Motion to Supplement the Administrative Record
Page 7 of 7

Case 3:21-cv-00198-SLG   Document 133   Filed 12/16/21   Page 7 of 7