JOHN E. KUHN, JR.
United States Attorney

SETH M. BEAUSANG
JACQUELYN A. TRAINI
E. BRYAN WILSON
Assistant U.S. Attorneys
U.S. Attorney's Office, District of Alaska
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
Email: Seth.Beausang@usdoj.gov
Email: Jackie.Traini@usdoj.gov
Email: Bryan.Wilson@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KLOOSTERBOER INTERNATIONAL FORWARDING LLC and ALASKA REEFER MANAGEMENT LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. CUSTOMS AND BORDER PROTECTION, and TROY A. MILLER, U.S. Customs and Border Protection Acting Commissioner, in his official capacity, <br><br> Defendants. | Case No. 3:21-cv-00198 SLG <br><br> **REPLY TO PLAINTIFF'S RESPONSE TO UNITED STATES' MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

This matter has come before the Court because rather than go through a preclearance process by seeking a ruling letter, Plaintiffs engaged in a risky business practice they knew could result in litigation. The preclearance process (CBP administrative ruling letters) would have provided assurance that CBP would have considered Plaintiffs' business practices to be compliant with the Third Proviso of the Jones Act. Instead, Plaintiffs forwent that process and engaged in a practice that exposed them to a valid CBP enforcement action. Plaintiffs now seek the Court's intervention and argue that other ruling letters apply to them—despite clear authority to the contrary.

## I. Defendants are entitled to summary judgment on Count I.

Plaintiffs' attacks mischaracterize the Government's positions and the applicable laws themselves. The BCR is an artifice. Blessing the use of the BCR would damage to the Jones Act and render the Third Proviso meaningless.

### a. Defendants' past ruling letters do not apply.

Contrary to Plaintiffs' assertions, CBP's past ruling letters do not CBP's position that the inherent nature of the BCR removes it from the Third Proviso. [Dkt. 136 p. 10]. CBP's ruling letters are premised upon the facts stated therein. 19 C.F.R. § 177.9(b). To obtain a ruling letter, relevant and sufficiently detailed facts and a description of the transaction must be provided. 19 C.F.R.

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 2 of 17

§ 177.2(b). Ruling letters only apply to transactions involving "operations identical to those set forth in the ruling letter." 19 C.F.R. § 177.9(b)(4). CBP never considered a 100-foot length of track that did not advance items along a route in any previous ruling letters. Therefore, CBP did not act contrary to a long line of ruling letters as Plaintiffs allege. [Dkt. 136 p. 10].

### b. The Government correctly applied the Third Proviso.

The BCR does not comply with the Third Proviso for three reasons, as described below.

First, the Government has interpreted whether the BCR complies with the Third Proviso consistent with U.S. Supreme Court precedent. The controlling statute requires there to be a "through route in part over Canadian rail lines," which must be "recognized by the Surface Transportation Board" and have "rate tariffs for the routes… filed with the Board." 46 U.S.C. § 55116. The U.S. Supreme Court has interpreted the Third Proviso in context of its underlying statutory purpose. *See Central Vermont Transp. Co. v. Durning*, 294 U.S. 33, 38-39 (1935). Accordingly, when interpreting the Third Proviso, it is consistent with Supreme Court precedent to look to its legislative history. *Id* at 38-39. Plaintiffs' claim that "[t]he term 'established' is not found in the Third Proviso" [Dkt. 136 at 21] ignores the fact that the Supreme Court has explained that the purpose of the Third Proviso is "to avoid disturbance of established

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG    Page 3 of 17

routes[.]" 294 U.S. at 39. [*See* Dkt. 38 at 20; Dkt. 115 at 19; Dkt. 134 at 14] Given that the Supreme Court has already provided a blueprint for interpreting the Third Proviso, Plaintiffs' reliance on a lower court decision interpreting an unrelated statute is misplaced. [Dkt. 136 at 21 (citing to *Salisbury v. City of Santa Monica*, 998 F.3d 852 (9th Cir. 2021) in which the Ninth Circuit interpreted the Fair Housing Amendments Act].

Second, Plaintiffs claim that use of the BCR is consistent with any "continuous carriage" criterion. [Dkt. 136 at 25-26] Plaintiffs cite CBP Ruling Letter HQ W116720 (Sept. 12, 2006), which states that "[a] transportation from one point to another remains continuous, so long as intent remains unchanged, no matter what stoppages or transshipments intervene" (citing *The Bermuda*, 70 U.S. 514, 553 (1865)). Plaintiffs' argument is without merit for two reasons: (1) *The Bermuda* pre-dates the Third Proviso, and the issue here is whether the BCR meets the Third Proviso; and (2) *The Bermuda* illuminates whether a movement is subject to the Jones Act in the first place, but no party disputes that the Jones Act applies here.

Finally, Plaintiffs claim that the back-and-forth movement of merchandise along the BCR is "transportation" as contemplated by the Third Proviso. [Dkt. 136 at 26-27] Plaintiffs are incorrect, and their analysis of the term "transportation" is not founded. "Transportation implies the taking up of

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 4 of 17

Case 3:21-cv-00198-SLG   Document 144   Filed 12/30/21   Page 4 of 17

persons or property at some point and putting them down at another." *Gloucester Ferry Co. v. Pennsylvania*, 114 U.S. 196, 203 (1885). [Dkt. 134 at 13] Plaintiffs' hypotheticals regarding transportation do not involve interpretations of facts covered by the Third Proviso. Likewise, CBP's position in *Horizon* that the term "through route" refers "to an agreement between transportation providers to provide a continuous cooperative movement of cargo from one point to another, regardless of the directness or circuity of the route used" [Dkt. 136 at 27-28] must be viewed in context. In *Horizon*, there was no geographic directness requirement in the definition of a "through route." [*See* Dkt. 115 at 6-8] The claim was that the NBSR was too long, not too short. *Horizon* did not involve a specially built rail line to nowhere—the issue here. As such, *Horizon* is distinguishable.

### c. Defendants reasonably have determined that the BCR is an artifice that does not equate to a Canadian rail line as contemplated by the Third Proviso.

It is the Government's position that an artifice or sham, such as the BCR, cannot be held to comply with what Congress intended for the Third Proviso. The Government relies on previous briefing and adds only a few points of clarification here.

Plaintiffs argue that CBP has "admitted" that a shipper's intent to avoid the Jones Act restrictions is irrelevant as long as the statutory requirements

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 5 of 17

are met. [Dkt. 136 at 32-33] Plaintiffs' argument is unavailing because here the statutory requirements are not met. The BCR does not involve "the transportation of merchandise between points in the continental United States, including Alaska, over through routes in part over Canadian rail lines and connecting water facilities[,]" as required by the Third Proviso. 46 U.S.C. § 55116. [Dkt. 115 at 20-26, 41-44; Dkt 134 at 10-14, 31-32] And Plaintiffs have failed to meet the requirement for a rate tariff filing with the STB.

Plaintiffs also detail Canadian railroad law to justify their 100 feet of track. However, Canadian railroad law is not relevant. The purported status of the BCR as a rail operation registered with Canadian governmental authorities does not make the BCR less of an artifice or sham for purposes of the Jones Act. It is CBP's prerogative to determine if a rail operation complies with CBP's interpretation of the Third Proviso. Thus, Canadian governmental authorities that regulate rail lines in Canada play no role here.

Finally, Plaintiffs seek to support their assertions that CBP was fully aware of the BCR with a new declaration. [Dkt. 137 ("Bickford Declaration")] Plaintiffs assert that in 2012, the President of BCR, Mr. Neil Bickford, requested and received approval from a CBP official at the Calais Port of Entry, Mr. Bruce Mulholland, to construct the BCR. [Dkt. 136 at 33-34 n. 24] [*See* Dkt. 137] Mr. Mulholland has not held any position at the Calais Port of Entry

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 6 of 17

since 2005. *See* Gadway Declaration ¶ 5, 6. CBP could not locate any records of such communications either. *Id.* ¶ 7. Thus, Mr. Bickford's declaration does not support Plaintiffs' assertions.

### d. Plaintiffs failed to comply with the Third Proviso's requirement to file a rate tariff with the STB.

As this Court has already found, Plaintiffs did not have a valid rate tariff on file with the STB for the BCR route prior to September 30, 2021. [Dkt. 64, p. 16] A rate tariff filing is a statutory requirement if a party seeks to invoke the exception of the Third Proviso. 46 U.S.C. § 55116. Plaintiffs now attempt to resuscitate their argument that they "stand in the shoes" of American Seafoods Company's past STB filing by recharacterizing this as a "corporate affiliates" relationship which resulted in their newly conjured "concurrence" argument under STB regulations. [Dkt. 136 p. 36] The Court should not accept Plaintiffs' argument.

As this Court already correctly found, there is no viable "standing in the shoes" argument. [Dkt. 64, p. 16] First, neither plaintiff is American Seafoods Company (ASC) nor a successor company to ASC in a legal sense. While Plaintiffs independently might have taken over some tasks that ASC used to perform, or perhaps contract with ASC to make logistical arrangements [Dkt. 64, p. 3], that does not convey to Plaintiffs any lawful status as a tariff filer

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG    Page 7 of 17

with the STB. There was no assignment of any rights in this matter that would convey any legal status to Plaintiffs. *See, e.g., Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1091 (9th Cir. 2009) (a general assignment of a judgment to an entity would permit it to stand in the shoes of the assignor); *Universal Protection Serv., L.P. v. United States*, 126 Fed. Cl. 173, 187 (Fed. Cl. 2016) (party must be a complete successor-in-interest to stand in the shoes of another); *L-3 Communications Integrated Sys., L.P. v. United States*, 84 Fed. Cl. 768, 777-78 (Fed. Cl. 2008) (entity can stand in the shoes of another where it has acquired all the assets and interests of the other entity). Thus, Plaintiffs have no legal right to "stand in the shoes" of ASC.

Plaintiffs attempt to claim they are a "corporate affiliate" with ASC. *See* Dkt. 118. Plaintiffs offer no legal definition for "corporate affiliate." Nevertheless, Plaintiffs allege corporate affiliation by asserting that ASC "granted" ARM the "right" to utilize the so-called Bayside Route, "including reliance on the ASC Tariff." [Dkt. 118 p. 4 ¶ 13]; [Dkt. 136 pp. 35-36] However, Plaintiffs' new arguments [Dkt. 136 pp. 34-36] are meritless because they do not describe a "concurrence," which is required by STB regulation.

Plaintiffs claim that ASC granted rights to them, but this is not what is required under the STB regulation. Rather, the Plaintiffs (ARM, KIF) would have had to give a "concurrence" to ASC in order to rely upon the ASC rate

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 8 of 17

tariff. *See* 49 C.F.R. 1312.14(a)(2) (the "latter" carrier must receive a concurrence from the "first" carrier, where "first" is referring to the order of the parties stated in the regulatory provision starting at § 1312.14(a)); *see also Growe v. Malden Mills Indus. (In re Mitchell Trucking Co.)*, 821 F. Supp. 32, 34 (D. Me. 1993) (Mitchell, the party seeking reliance on the filed tariff of Household Goods Carriers, failed to file a concurrence and therefore could not participate in that tariff). A "concurrence" as contemplated in the STB regulation is not what is described in the Declaration of Per Brautaset [Dkt. 118] or in Plaintiffs' pleadings.[1] [Dkt. 117 pp. 48-49; Dkt. 136 pp. 35-36] Instead, ARM merely took over the job that ASC used to perform. [Dkt. 118 p. 4; Dkt. 136 p. 36] Even assuming *arguendo* that a concurrence is not required, there is nothing about the route for ASC to "grant" to Plaintiffs. The route is a shipping lane from one location to another that any vessel can travel; it is not proprietary. The use of the shipping lanes, roadways and the NBSR railways was not ASC's or Plaintiffs' to "grant" to anyone.

Finally, this Court properly determined that, with regard to the use of

---

[1] STB regulations also require that evidence of concurrences be available upon request. *See* 49 C.F.R. § 1312.14(b). If Plaintiffs had such evidence, they surely would have provided it to CBP in September 2021 before filing this litigation, with their administrative petition submitted to CBP in October 2021 or with Mr. Brautaset's declaration. They did not do so.

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 9 of 17

the BCR, the 2006 tariff filing was defective since the change in the participants occurred. [Dkt. 64, p. 16] The tariff must identify the carriers that are parties to it, in addition to other criteria. 49 U.S.C. § 13702 (b)(2)(A) *et seq.*; *see also* 49 C.F.R. §§ 1312.1(c), 1312.6(b)(3), 1312.8(a)(2), 1312.19, 1312.15(a). The tariff on file with the STB since 2006 and until Plaintiffs' recent filing on September 30, 2021, did not identify Kloosterboer International Forwarding, LLC, Alaska Reefer Management, LLC, or the Bayside Canadian Railway as participating carriers. The 2006 tariff filing is fatally defective and fails to meet an essential requirement of 46 U.S.C. § 55116. Plaintiffs did not comply with 46 U.S.C. § 55116 and were operating in violation of the Jones Act since at least 2012.

## II. Defendants' implementing regulations are valid and their interpretations of their own rulings are sound, entitling Defendants to summary judgment on Count II pertaining to 19 USC § 1625(c)(1).

Plaintiffs continue to allege that CBP issued an interpretive ruling or decision which modified or revoked a prior one that had been in effect for at least 60 days, pursuant to 19 U.S.C. § 1625(c)(1). [Dkt. 38-42] Plaintiffs make two arguments in support of this claim. Both lack merit.

First, Plaintiffs argue that CBP is mischaracterizing its own rulings interpreting the Third Proviso. [Dkt. 136 at 38] Plaintiffs are incorrect. The

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 10 of 17

Court correctly held that Plaintiffs "cannot maintain a claim against CBP under subsection (c)(1) because CBP has never issued a prior interpretative ruling with respect to the BCR Route." [Dkt. 64 at 18-19; Dkt. 115 at 27] The Government relies on prior briefing. [Dkt. 38 at 15-21; Dkt. 115 at 29-30; Dkt. 134 at 28-32]

Second, Plaintiffs argue that 19 C.F.R. § 177.9(b)(4), which states that carrier rulings "setting forth the applicability of the navigation laws to a vessel will be applied only with respect to transactions involving operations identical to those set forth in the ruling letter" is "overly restrictive" and "therefore invalid[.]" [Dkt. 136 at 39-42] Plaintiffs allege that CBP's regulation is contrary to the statutory purpose and renders the notice and comment procedure meaningless. [Dkt 136 at 41-42] Both assertions lack merit.

Plaintiffs are incorrect that CBP's regulations impede proper notice and comment. [Dkt. 136 at 41] When CBP proposes modifications and/or revocations of ruling letters relating to CBP's application of the coastwise laws pursuant to 19 U.S.C. § 1625(c)(1), CBP publishes notice in the Customs Bulletin. *See e.g.,* Cust. Bull. Vol. 53, No. 38, at 12-124 (Oct. 23, 2019) (announcing proposed modification and revocation of ruling letters relating to CBP's application of the Jones Act to the transportation of certain equipment

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 11 of 17

between coastwise points and soliciting comments thereon).[2] Nothing in 19 C.F.R. § 177.9(b)(4) prevents CBP from carrying out these procedures. Here, CBP did not commence notice and comment procedures under § 1625(c) because CBP did not issue any proposed interpretive ruling or decision that would modify or revoke a prior interpretive ruling or decision or have the effect of modifying the treatment previously accorded by CBP to substantially identical transactions. Thus, notice and comment was not required.

Similarly, Plaintiffs' argument that 19 C.F.R. § 177.9(c) is inconsistent with 19 U.S.C. § 1625(c)(1) fails. [Dkt. 136 at 40] That regulation states that "no other person should rely on the ruling letter or assume that the principles of that ruling will be applied in connection with any transaction other than the one described in the letter." The above-mentioned Customs Bulletin describes the notice and comment procedures under § 1625(c)(1) and (2) and the role of 19 C.F.R. § 177.9(c) within that framework. *See* Cust. Bull. Vol. 53, No. 38, at 15.

### III. Plaintiffs have wholly failed to establish a "treatment" claim, entitling Defendants to summary judgment on Count III relating to 19 U.S.C. § 1625(c)(2).

Plaintiffs allege that CBP issued an interpretive ruling or decision which

---

[2] Available at: https://www.cbp.gov/sites/default/files/assets/documents/2019-Oct/Vol_53_No_38_Title.pdf.

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 12 of 17

Case 3:21-cv-00198-SLG   Document 144   Filed 12/30/21   Page 12 of 17

had the effect of modifying the treatment previously accorded by CBP to substantially identical transactions, pursuant to 19 U.S.C. § 1625(c)(2). [Dkt. 136 at 42] Plaintiffs make four points in support of this claim. All lack merit.

First, Plaintiffs argue that CBP's regulations "conflict with the clear language and purpose" of § 1625(c)(2). [Dkt. 136 at 43-44] Plaintiffs criticize the regulatory requirement that there must be evidence to establish that CBP consistently applied the determination it made regarding the facts involved in the claimed treatment over a two-year period immediately preceding the claim of treatment.[3] Plaintiffs assert that there is no "reasonable basis" for this two-year limit. Yet, the Federal Circuit has found 19 C.F.R. § 177.12(c)(1)(i) to be a reasonable interpretation of the statute and entitled to deference under *Chevron*. *Motorola*, 509 F.3d at 1371-72. [Dkt. 115 at 35; Dkt. 134 at 33 fn. 13]

Plaintiffs also argue that 19 C.F.R. § 177.12(c)(1)(iii)(A), which states in relevant part that CBP "will not find that a treatment was accorded to a person's transactions if… [t]he person's own transactions were not accorded the treatment[,]" conflicts with § 1625(c)(2). [Dkt. 136 at 43-44] Plaintiffs' argument repeats a finding made by the Court of Appeals for the Federal Circuit in *California Industrial*, that treatment can apply to transactions of

---

[3] *See* 19 C.F.R. § 177.12(c)(1)(i)(C) & (iii)(A); 19 C.F.R. § 177.12(c)(1)(i)(A).

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 13 of 17

other parties. 436 F.3d at 1353-54. Defendants do not dispute this point. [Dkt. 134 at 29 fn. 10]. However, whether treatment can apply to transactions of other parties is not an issue in this case.

Second, Plaintiffs argue that "case law" supports their argument that CBP violated § 1625(c)(2). [Dkt. 136 at 45-51] Plaintiffs are mistaken, and Defendants rely on previous briefing.

Third, Plaintiffs' argument that "ruling letters may constitute 'treatment' for purposes of § 1625(c)(2)" continues to be inaccurate. [Dkt. 136 at 51] As discussed in prior filings, Plaintiffs are incorrect.

Fourth, Plaintiffs' argument that they have demonstrated that "CBP accorded treatments" to their shipments "utilizing the BCR" is completely unfounded. [Dkt. 136 at 51-55] Plaintiffs make several points in support of this argument. Nearly all have been refuted in Defendants' prior submissions. [Dkt. 115 at 30-44; Dkt. 134 at 32-38] Only one merits further elaboration here.

Plaintiffs allege that CBP was "provided with all of the information necessary" to determine whether Plaintiffs complied with the Jones Act. [Dkt. 136 at 54] This reflects ignorance of CBP operations. CBP is responsible for enforcing hundreds of laws and regulations. [Dkt. 134 at 4] CBP addressed this when it issued a final rule adopting regulatory provisions in 19 C.F.R. Part 177 that concerned the issuance of administrative rulings and related decisions on

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 14 of 17

Case 3:21-cv-00198-SLG   Document 144   Filed 12/30/21   Page 14 of 17

prospective and current transactions. CBP explained that it had received a comment suggesting that "the term 'treatment' should include all importations, not just those which Customs has actually examined." CBP replied that it "disagrees," explaining that:

> CBP "must deal with a very large number of import transactions each year and must at the same time facilitate international trade. *It is simply impossible for Customs to facilitate trade and at the same time review all import transactions*. Accordingly, Customs has adopted procedures, such as selectivity and bypass, which are intended to strike a workable balance between these two competing goals. As a result, the vast majority of import transactions do not receive Customs review. *Since those unreviewed transactions receive no action on the part of Customs, they should not be considered to constitute a "treatment" within the meaning of 19 U.S.C. 1625(c)*" (emphasis added).

T.D. 02-49, Fed. Reg. 53,483-99, 53,491 (Aug. 16, 2002). Accordingly, Plaintiffs' assertions that CBP supposedly violated 19 U.S.C. § 1625(c)(2) lack support in law and must fail.

## IV. Eighth Amendment claim (Count V).

Plaintiffs' affirmative Eighth Amendment claim (Count V) should be dismissed. The claim can still be considered as an affirmative defense to CBP's counterclaim—*i.e.*, if CBP proved all the elements of the claim, including that plaintiffs owe $25 million in penalties, the Court should then decide whether imposing $25 million in penalties violates the Eighth Amendment. *See, e.g.,*

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 15 of 17

*United States v. Fleetwood Enterprises, Inc.*, 689 F. Supp. 389, 392 (D. Del. 1988) (deciding that whether the fine "is unconstitutional as applied to defendant ultimately depends upon the size of the fine the Court levies on the defendant, if the defendant in fact is found to have violated the Act. Because the Court has discretion in determining the appropriate amount of any fine imposed on defendant, the Court at this time cannot say that defendant's constitutional rights have been or will be infringed.").

## V.   Constitutional tolling.

The Government has not requested the Court dissolve the constitutional tolling injunction to seek penalties incurred during the pendency of this litigation. Rather, the Government's request is that if summary judgment is granted in its favor, the Court should dissolve the injunction and allow CBP to begin enforcement again.

## CONCLUSION

For the reasons outlined in the Government's Motion for Summary Judgment and those aforementioned, the Court should enter summary judgment in the Government's favor.

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 16 of 17

Case 3:21-cv-00198-SLG   Document 144   Filed 12/30/21   Page 16 of 17

RESPECTFULLY SUBMITTED this 30th day of December 2021, in Anchorage, Alaska.

JOHN E. KUHN, JR.
United States Attorney

s/ Jacquelyn A. Traini
Assistant U.S. Attorney
Attorney for the Defendant

**CERTIFICATE OF SERVICE**
I hereby certify that on December 30, 2021,
a copy of the foregoing was served electronically on:

David Karl Gross, ABA #9611065
Edward E. McNally, ABA #9203003
Marc E. Kasowitz *(Pro Hac Vice)*
David J. Abrams *(Pro Hac Vice)*
David E. Ross *(Pro Hac Vice)*
Hector Torres (Pro Hac Vice)
Kim Conroy *(Pro Hac Vice)*
Attorneys for Plaintiffs

s/ Jacquelyn A. Traini
Office of the U.S. Attorney

Kloosterboer v. United States, et al.
Case No. 3:21-cv-00198-SLG   Page 17 of 17