David Karl Gross, ABA #9611065
Birch Horton Bittner & Cherot
510 L Street, Suite 700
Anchorage, Alaska 99501
Telephone: 907.276.1550
dgross@bhb.com

Edward E. McNally, ABA #9203003
Marc E. Kasowitz *(Pro Hac Vice)*
Hector Torres *(Pro Hac Vice)*
David J. Abrams *(Pro Hac Vice)*
Kim Conroy *(Pro Hac Vice)*
David E. Ross *(Pro Hac Vice)*
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019
Telephone: 212.506.1700
emcnally@kasowitz.com
mkasowitz@kasowitz.com
htorres@kasowitz.com
dabrams@kasowitz.com
kconroy@kasowitz.com
dross@kasowitz.com                                    Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KLOOSTERBOER INTERNATIONAL FORWARDING LLC and ALASKA REEFER MANAGEMENT LLC,<br><br>        Plaintiffs,<br><br>   vs.<br><br>UNITED STATES OF AMERICA, U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. CUSTOMS AND BORDER PROTECTION, and TROY A. MILLER, U.S. Customs and Border Protection Acting Commissioner, in his official capacity,<br><br>        Defendants. | Case No.: 3:21-cv-00198-SLG |

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO EXPEDITE (DKT. 161)**

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.        CASE NO. 3:21-cv-00198-SLG
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXPEDITE
01214644.DOCX

Case 3:21-cv-00198-SLG   Document 163   Filed 06/08/22   Page 1 of 4

Plaintiffs Kloosterboer International Forwarding LLC ("KIF") and Alaska Reefer Management LLC ("ARM") submit this Opposition to Defendants' Motion to Expedite Consideration of the United States' Motion to Dissolve the Court's Injunction as to Plaintiffs' Ongoing Use of the BCR Route (Dkt. 161) (the "Motion to Expedite"), respectfully showing as follows.

1. Defendants' Motion to Expedite their Motion to Dissolve the Court's Injunction (the "Motion to Dissolve") (Dkt. 159) — which seeks to lift the Court's constitutional tolling injunction (*see* Dkt. 95) — should be denied and Plaintiffs should be permitted the standard 14 days to file their opposition. Defendants have failed to provide any basis for deviating from the standard under the Local Rules.

2. The Court imposed the injunction (Dkt. 95) after multiple rounds of extensive briefing (*see, e.g.,* Dkts. 5, 6, 38, 47, 69, 77, 84) regarding the constitutional tolling doctrine and the need for preliminary injunctive relief in light of CBP's unprecedented Penalty Notices, the imminent threat to Plaintiffs' supply chain, and the cloud of uncertainty caused because CBP was threatening to continue to impose massive cumulative fines on Plaintiffs and third parties while Plaintiffs attempt to litigate their rights. Defendants' Motion presents critical constitutional tolling issues that should not be resolved on an expedited basis given the enormous stakes and issues involved.

3. Moreover, Defendants have not identified any urgent reason — or any reason at all — justifying depriving Plaintiffs of the 14 days to respond to a motion allowed under the Local Rules. *See* L.Civ.R. 7.2 (b)(1). Defendants assert, without any evidence or supporting authority, that it is "irreparably harmed" by its "inability to enforce the law."

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.  CASE NO. 3:21-cv-00198-SLG
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXPEDITE
01214644.DOCX

Case 3:21-cv-00198-SLG   Document 163   Filed 06/08/22   Page 2 of 4

(Dkt. 161 ¶4). Defendants do not say why their Motion to Dissolve must be fully briefed and considered in less than two weeks when the injunction preserving the status quo and permitting Plaintiffs to litigate their rights without the fear of further cumulative penalties has been in effect for nearly eight months. Simply put, there is no urgent need for relief beyond CBP's desire to resume its imposition of crushing penalties on its own timetable.

4. Plaintiffs merely request the standard amount of time to respond to Defendants' Motion to Dissolve. Accordingly, Plaintiffs respectfully submit that the Court deny the Motion to Expedite and permit Plaintiffs to file their opposition within 14 days, by June 21, 2022.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Expedite (Dkt. 161) should be denied.

DATED this 8th day of June, 2022.

BIRCH HORTON BITTNER & CHEROT
Attorneys for Plaintiffs

By: /s/ David Karl Gross
David Karl Gross, ABA #9611065

KASOWITZ BENSON TORRES LLP
Edward E. McNally, ABA #9203003
Marc E. Kasowitz (*Pro Hac Vice*)
Hector Torres (*Pro Hac Vice*)
David J. Abrams (*Pro Hac Vice*)
Kim Conroy (*Pro Hac Vice*)
David E. Ross (*Pro Hac Vice*)

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the  8th  day of June, 2022, a true and correct copy of the foregoing was served via the Court's CM/ECF electronic filing system, on the following:

S. Lane Tucker, U.S. Attorney
Seth M. Beausang, Asst. U.S. Attorney
Christine Dollerhide, Asst. U.S. Attorney
E. Bryan Wilson, Asst. U.S. Attorney
Siobhan A. McIntyre, Asst. U.S. Attorney
U.S. Attorney's Office
seth.beausang@usdoj.gov
christine.dollerhide@usdoj.gov
bryan.wilson@usdoj.gov
siobhan.mcintyre@usdoj.gov

John E. Torgerson
Stoel Rives, LP
jim.torgerson@stoel.com

Keith Bradley
Emily Huggins-Jones
Donald Michael Kaye
John J. Reilly
Squire Patton Boggs
keith.bradley@squirepb.com
emily.hugginsjones@squirepb.com
michael.kaye@squirepb.com
john.reilly@squirepb.com

BIRCH HORTON BITTNER & CHEROT

By:      /s/ David Karl Gross

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.                    CASE NO. 3:21-cv-00198-SLG
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXPEDITE
01214644.DOCX

Case 3:21-cv-00198-SLG   Document 163   Filed 06/08/22   Page 4 of 4