David Karl Gross, ABA #9611065  Attorneys for Plaintiffs
Birch Horton Bittner & Cherot
510 L Street, Suite 700
Anchorage, Alaska 99501
Telephone: 907.276.1550
dgross@bhb.com

Edward E. McNally, ABA #9203003
Marc E. Kasowitz *(Pro Hac Vice)*
Hector Torres *(Pro Hac Vice)*
David J. Abrams *(Pro Hac Vice)*
Kim Conroy *(Pro Hac Vice)*
David E. Ross *(Pro Hac Vice)*
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019
Telephone: 212.506.1700
emcnally@kasowitz.com
mkasowitz@kasowitz.com
htorres@kasowitz.com
dabrams@kasowitz.com
kconroy@kasowitz.com
dross@kasowitz.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KLOOSTERBOER INTERNATIONAL FORWARDING LLC and ALASKA REEFER MANAGEMENT LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. CUSTOMS AND BORDER PROTECTION, and TROY A. MILLER, U.S. Customs and Border Protection Acting Commissioner, in his official capacity,<br><br>Defendants. | Case No.: 3:21-cv-00198-SLG |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISSOLVE INJUNCTION (DKT. 159)

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.  CASE NO. 3:21-cv-00198-SLG
PLAINTIFFS' OPPOSITION TO MOTION TO DISSOLVE INJUNCTION  PAGE 1 OF 15
01219514.DOCX

Case 3:21-cv-00198-SLG   Document 167   Filed 06/21/22   Page 1 of 15

Plaintiffs Kloosterboer International Forwarding LLC ("KIF") and Alaska Reefer Management LLC ("ARM") submit this Opposition to Defendants' Motion to Dissolve the Court's Injunction as to Plaintiffs' Ongoing Use of the BCR Route ("Motion," Dkt. 159), respectfully showing as follows.

## PRELIMINARY STATEMENT

Defendants' Motion argues that because of a purported significant change in the law—*i.e.,* this Court's May 25, 2022 Order (the "MSJ Order")—which vacated CBP's penalty notices for statutory violations, denied two of Plaintiffs' six claims, and ordered a trial as to one claim in this action, the Court should dissolve that part of the Court's injunction preventing CBP from issuing penalties for "Plaintiffs' ongoing use of the BCR Route." The Motion should be denied for several reasons.

First, the relief sought would contravene the fundamental purpose of the constitutional tolling doctrine upon which the Court's injunction is grounded. The precise purpose of the injunction with respect to shipments using the Bayside Route was to prevent CBP from issuing penalties for shipments during the pendency of this litigation, which remains pending. Specifically, the Court's injunction prohibits CBP from issuing "*any*" penalties to Plaintiffs or other parties in the Bayside Route supply chain for their continued use of the BCR Route "during the pendency of this case" and "until entry of *final* judgment" (*see* Dkt. 95 at 21, 23-24). Plaintiffs are entitled to litigate without being compelled to face the "Hobson's choice" of, on the one hand, compliance with agency action they consider to be invalid or, on the other hand, exposure to massive penalties for noncompliance before Plaintiffs have had a full opportunity to contest the lawfulness of those penalties.

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.  CASE NO. 3:21-cv-00198-SLG
PLAINTIFFS' OPPOSITION TO MOTION TO DISSOLVE INJUNCTION  PAGE 2 OF 15
01219514.DOCX

Case 3:21-cv-00198-SLG   Document 167   Filed 06/21/22   Page 2 of 15

Second, to the extent the Court held that the Bayside Route did not comply with the Third Proviso in its ruling on Count I of the Complaint, the MSJ Order does not constitute a *final*, non-appealable judgment of the case, and no such judgment will be issued until after the trial, the resolution of any appeals, and a final remand to the Court. Both sides may appeal certain aspects of not only the MSJ Order, but also any decision of the Court after the trial of the 19 U.S.C. § 1625(c)(2) "treatment" issue. The Ninth Circuit unequivocally has held that constitutional tolling relief permits a party to litigate its rights free from fear of crippling penalties throughout the *entire* litigation process, including any appeals to the United States Supreme Court. *United States v. Pacific Coast Eur. Conf.*, 451 F.2d 712, 719 (9th Cir. 1971) (constitutional tolling shall continue until final disposition of the case including appeals).

Third, Defendants have failed to meet their burden of establishing that a material or significant change in the facts or law has occurred since the issuance of the preliminary injunction and the Court's denial of Defendants' prior motion to dissolve the injunction that compels its modification. (*See* Dkt. 159 at 10-12). The Court's holding with respect to Count I and the BCR Route, in this context and at this juncture, is not a material or significant change in the law. Defendants' Motion—relying on case law that does not address the constitutional tolling doctrine—betrays a fundamental misunderstanding of the purpose and function of the Court's injunction. Defendants' requested dissolution of the injunction as to ongoing use of the BCR Route would return Plaintiffs to the same untenable position they were confronting when the injunction was first issued and the

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL. CASE NO. 3:21-cv-00198-SLG
PLAINTIFFS' OPPOSITION TO MOTION TO DISSOLVE INJUNCTION PAGE 3 OF 15
01219514.DOCX

Case 3:21-cv-00198-SLG   Document 167   Filed 06/21/22   Page 3 of 15

supply chain was frozen because of CBP's continuing threats to impose additional "financially ruinous" and "cumulative" penalties.

Further, in the MSJ Order, the Court expressly denied Defendants' request for dissolution of the injunction, and made clear that "the Court intends to dissolve the preliminary injunction *at the conclusion of this case* with respect to future penalties," (Dkt. 154 at 42),[1] thereby protecting the right of Plaintiffs and other entities to continue to use the BCR Route during the pendency of this case. The Motion is nothing less than a motion for reconsideration or reargument that lacks merit because of the absence of a showing by Defendants of any change, much less any significant change, in the law or the facts since the MSJ Order.

Fourth, Defendants' Motion is based on the mistaken assumption that CBP has the right automatically to resume issuing penalty notices for future use of the Bayside Route and is under no obligation, before issuance of any such new penalties, to modify or revoke—and provide notice to the public and an opportunity to comment—its long-held standards interpreting the Third Proviso's "Canadian rail lines" requirement. (Dkt. 159 at 8-9). Defendants' position is based on a misapplication of CBP's regulation regarding the effect of "judicial decision[s]," 19 C.F.R. § 177.12(d)(1)(iv), because the MSJ Order is non-final and, in any event, at this juncture, does not supplant any of CPB's existing guidance.

---

[1] All emphasis added unless otherwise indicated.

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.  CASE NO. 3:21-cv-00198-SLG
PLAINTIFFS' OPPOSITION TO MOTION TO DISSOLVE INJUNCTION  PAGE 4 OF 15
01219514.DOCX

Case 3:21-cv-00198-SLG   Document 167   Filed 06/21/22   Page 4 of 15

**ARGUMENT**

I. **The Constitutional Tolling Doctrine Requires Denial of Defendants' Requested Dissolution of the Injunction**

   A. **The Constitutional Tolling Doctrine Remains Applicable and Necessary to Preserve Plaintiffs' Rights**

The Court's injunction is well-grounded in the core principle that constitutional tolling applies for the "duration of the litigation" and until "final judgment," which necessarily requires resolution of any issues on appeal. The Ninth Circuit has rejected the precise argument made here by Defendants in seeking modification of the injunction with respect to the ongoing use of the BCR Route. *Pacific Coast*, 451 F.2d at 719 ("[T]he Government argues that, even assuming the constitutional tolling principle referred to above is applicable here, the tolling terminated on February 3, 1965, when this court rendered its decision in the *Pacific* case. In our opinion, however, the *tolling continued until defendants had obtained final disposition of that case by denial of certiorari in the Supreme Court*, and thereafter, while one of the defendants . . . sought to participate in the *remanded proceedings* pursuant to our determination in the *Pacific* case"); *see also Oklahoma Operating Co. v. Love*, 252 U.S. 331, 337 (1920) (enjoining imposition of penalties for duration of litigation and granting federal courts jurisdiction "in order to make that relief as full and complete as the circumstances of the case and the nature of the proofs may require").

The constitutional tolling doctrine provides a safe harbor for Plaintiffs to challenge the notices of penalty and CBP's actions during the pendency of this litigation without the risk of facing additional massive new penalties if the challenge ultimately is not successful.

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.  CASE NO. 3:21-cv-00198-SLG
PLAINTIFFS' OPPOSITION TO MOTION TO DISSOLVE INJUNCTION  PAGE 5 OF 15
01219514.DOCX

Case 3:21-cv-00198-SLG   Document 167   Filed 06/21/22   Page 5 of 15

The reasoning underlying the United States Supreme Court's constitutional tolling doctrine has been concisely described and is directly applicable here:

> [A] plaintiff aggrieved by agency action need not face the 'Hobson's choice' of compliance with an order it feels is invalid, on the one hand, or heavy penalty for noncompliance before opportunity to contest the order, on the other. The command of the Due Process Clause is that opportunity for challenge be afforded.

*See Kansas-Nebraska Nat. Gas Co. v. Dep't of Energy*, No. 79-4055, 1979 WL 998, at *4 (D. Kan. July 31, 1979). Here, any modification of the injunction as to the ongoing use by Plaintiffs and other parties of the BCR Route would contravene this fundamental principle underlying the constitutional tolling doctrine because it would permit the Government to resume issuing onerous and financially-ruinous penalties on Plaintiffs and others in the industry during the pendency of this litigation and before "final disposition" of the case.

As the Supreme Court has recognized for over a century, the right of judicial review "is merely nominal and illusory if the party to be affected can appeal to the courts only at the risk of having to pay penalties so great that it is better to yield to orders of uncertain legality rather than to ask for the protection of the law." *Wadley S. Ry. Co. v. State of Georgia*, 235 U.S. 651, 661 (1915); *see also United States v. Reserve Mining Co.*, 412 F.Supp. 705, 707-08 (D. Minn.), *aff'd and remanded sub nom. United States v. Reserve Mining Co.*, 543 F.2d 1210 (8th Cir. 1976) (mining company could not be fined on a daily basis for violations of an environmental statute because of its "substantial, continuous legal challenge" of the statute in state and federal court, including an *appeal* to the Minnesota Supreme Court).

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.  CASE NO. 3:21-cv-00198-SLG
PLAINTIFFS' OPPOSITION TO MOTION TO DISSOLVE INJUNCTION  PAGE 6 OF 15
01219514.DOCX

Case 3:21-cv-00198-SLG   Document 167   Filed 06/21/22   Page 6 of 15

Defendants thus cannot deprive Plaintiffs of their rights under the constitutional tolling doctrine by resuming the issuance of massive penalties during the pendency of this litigation, including appellate review of the Court's decision concerning the use of the BCR Route. And no such appeal is possible until after the trial of the outstanding "treatment" issue and the Court enters judgment in this case. Depriving Plaintiffs of the protections of constitutional tolling before they exercise their rights to appellate review also would be inequitable. *Pacific Coast*, 451 F.2d at 719 ("the judicial review protected by the tolling doctrine would have been at least partially impaired" if penalties could be applied while defendants appealed the lower court decision, which the Ninth Circuit found "impermissible").

**B. Defendants Fail to Meet Their Burden of Showing a Change in Law or Fact Warranting Dissolution of Any Part of the Court's Injunction**

None of the cases cited by Defendants in purported support of their Motion is applicable here because none involves the constitutional tolling doctrine or the salient issues implicated by Defendants' motion—the modification and evisceration of an injunction grounded on constitutional tolling. Instead, Defendants' cases involve the standards for the modification of a traditional preliminary injunction. (Dkt. 159 at 2-5). And here, Defendants seek to dissolve part of the injunction, before the "final judgment in this action," so they may issue new and onerous penalty notices—precisely the type of "enormous cumulative or confiscatory punishment" the constitutional tolling doctrine— and this Court's injunction—is designed to protect against. *See Wadley*, 235 U.S. at 663.

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.　　　　　　　　　　　CASE NO. 3:21-cv-00198-SLG
PLAINTIFFS' OPPOSITION TO MOTION TO DISSOLVE INJUNCTION　　　　　　　PAGE 7 OF 15
01219514.DOCX

Case 3:21-cv-00198-SLG   Document 167   Filed 06/21/22   Page 7 of 15

Even assuming, contrary to the facts and law, that Defendants' motion was governed exclusively by the traditional preliminary injunction standard, Defendants fail to meet their burden as to the applicable two-part requirement to show that the Court's finding concerning the BCR Route effects "a significant change in facts or law warrant[ing] revision or dissolution of the injunction." *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000); *see also Karnoski v. Trump*, 926 F.3d 1180, 1198 (9th Cir. 2019). First, Defendants must establish "a significant change in facts or law." *Karnoski*, 926 F.3d at 1198. Second, if this requirement is met, Defendants must establish that this significant change "warrants . . . dissolution of the injunction." *Id.* (quoting *Sharp*, 233 F.3d at 1170). The second step "should be guided by the same criteria that govern the issuance of a preliminary injunction." *Id.*

The only new "fact" Defendants present in support of their dissolution argument is that the Court issued the MSJ Order and dismissed Count I of the Complaint. (Dkt. 159 at 10-12). But the MSJ Order is an interlocutory order that not only did not dispose of all of Plaintiffs' claims in this case but expressly held that a trial was required to resolve one of Plaintiffs' statutory claims based on the *same facts* that supported the preliminary injunction. Defendants do not even attempt to demonstrate any significant change in the underlying facts in this case.[2] To the contrary, Defendants' only purported new evidence

---

[2] Even the cases cited by Defendants affirm that a "significant change" in the underlying facts of the cases is necessary to modify or dissolve an injunction. (*See, e.g.,* Dkt. 159 at 10 citing *Index Newspapers LLC v. City of Portland*, No. 3:20-CV-1035-SI, 2022 WL 72124, at *4 (D. Or. Jan. 7, 2022) (ruling under Rule 62.1(a), which was stayed pending appeal and remand from the Ninth Circuit, that would dissolve a preliminary injunction precluding the Department of Homeland Security from implementing certain

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.　　　　CASE NO. 3:21-cv-00198-SLG
PLAINTIFFS' OPPOSITION TO MOTION TO DISSOLVE INJUNCTION　　　　PAGE 8 OF 15
01219514.DOCX

Case 3:21-cv-00198-SLG   Document 167   Filed 06/21/22   Page 8 of 15

relates to Plaintiffs' continued use of the BCR Route, which not only is expressly authorized by—but was the precise purpose underlying the issuance of—the Court's injunction. (*See* Dkt. 160, ¶ 4 (Declaration by Herm Gadway, stating that "[KIF] completed approximately 563 entries of frozen seafood using the BCR" between October 19, 2021 and June 7, 2022)). Because this usage is expressly permitted by the Court's injunction (*see* Dkt. 95 at 23-24), Defendants' evidence fails to demonstrate any "significant change in fact" under *Sharp*.

And not only have Plaintiffs prevailed on one of their causes of action (Count III), the Court has determined that there are "serious questions going to the merits" of the treatment issue. (*See* Dkt. 154 at 38-39 (finding "that there are genuinely disputed material facts with respect to whether CBP's prior actions regarding the BCR Route itself constitute a 'treatment' for the purpose of subsection (c)(2)")).[3] Defendants also have not

---

law enforcement practices against journalists because of *substantial changes* to the conduct concerning and characteristics surrounding protests in Portland, Oregon); *Netlist, Inc. v. Diablo Techs., Inc.*, No. 13-CV-5962 YGR, 2015 WL 1925114, at *2 (N.D. Cal. Apr. 24, 2015) (N.D. Cal. Apr. 24, 2015) (preliminary injunction dissolved only after a jury verdict dismissed *all* of plaintiff's claims).

[3]  Defendants appear to argue, based on inapposite caselaw, that the Court necessarily must determine at this stage whether Plaintiffs are entitled to a *permanent* injunction because district courts "*ordinarily*" decide whether to grant permanent injunctive relief "once the court decides the merits of a claim after granting a preliminary injunction." (Dkt. 159 at 3 citing *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009)). But the Ninth Circuit case cited by Defendants, *Sierra Forest*, merely held that the district court "*may*" enter a permanent injunction against Defendants because the court had "already decided the merits" of *all* of plaintiff's claims. *Sierra Forest*, 577 F.3d at 1023. Here, the opposite is the case. The Court has not decided all of Plaintiffs' claims on the merits. And Defendants fail to cite any authority establishing a requirement to convert a preliminary injunction to a permanent injunction where—as here—there remain pending claims and issues for trial before the court.

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.　　　　　　　　CASE NO. 3:21-cv-00198-SLG
PLAINTIFFS' OPPOSITION TO MOTION TO DISSOLVE INJUNCTION　　　　PAGE 9 OF 15
01219514.DOCX

Case 3:21-cv-00198-SLG   Document 167   Filed 06/21/22   Page 9 of 15

demonstrated—or even attempted to demonstrate—any new facts refuting the irreparable harm Plaintiffs have established or that the balance of equities/public interest standard tips decidedly in favor of Plaintiffs.  (*See* Dkt. 95 at 15-21).

Moreover, Defendants' claim that they are suffering irreparable harm arising from CBP's inability to resume issuing massive penalties for ongoing transportation of frozen seafood on the BCR Route is specious and unsupported.  Completely lacking is any caselaw or other authority supporting the proposition that the inability to seek penalties that are being legally challenged—and within the scope of the constitutional tolling doctrine— constitutes irreparable harm.  Defendants' "irreparable harm" claim rings particularly hollow here because CBP had actual knowledge concerning Plaintiffs' use of the BCR Route for *four years* before it suddenly and without any prior notice began issuing massive, cumulative and unprecedented penalty notices. (*See* Dkt. 39-1, Hebert Dec. ¶¶ 4, 6 ("JADE received an allegation about potential violation of the Jones Act and began investigating the matter" in *April 2017*).  Barring CBP from issuing new penalty notices for ongoing shipments while Plaintiffs litigate their rights keeps CBP in the same position it willingly assumed between April 2017 and August 2021.[4]

---

[4]    Under the guise of seeking "clarification," Defendants also effectively seek a Rule 60 reconsideration or reargument of the Court's decision enjoining CBP from issuing penalties for past shipments of merchandise before the current rate tariff was filed with the Surface Transportation Board.  (Dkt. 159 at 7).  But CBP cannot escape the consequences of its own violation of 19 U.S.C. § 1625(c)(2).  Any issuance of penalties to Plaintiffs and other entities for their past shipments using the Bayside Route would constitute a clear violation of the MSJ Order and be barred by *res judicata*.  Defendants' request is not properly before the Court and, in any event, should be denied because Defendants have failed to show any significant change in the governing facts or law since the MSJ Order, and no such change has occurred.  Moreover, Rule 60 reconsideration motions do not apply

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.                CASE NO. 3:21-cv-00198-SLG
PLAINTIFFS' OPPOSITION TO MOTION TO DISSOLVE INJUNCTION                PAGE 10 OF 15
01219514.DOCX

Case 3:21-cv-00198-SLG   Document 167   Filed 06/21/22   Page 10 of 15

## II. The MSJ Order is an Interlocutory Order that Does Not Trigger CBP's "Judicial Decision" Regulation

Despite Defendants' arguments to the contrary, CBP's interpretive guidance of the Third Proviso is unchanged by the Court's interlocutory MSJ Order because it does not constitute a final, non-appealable order. Defendants' requested dissolution of the injunction as to Plaintiffs' ongoing use of the BCR Route is premised on the argument that CBP is under no obligation to issue any ruling letter or other official guidance—or provide notice and the opportunity to comment—modifying or revoking its long-held position that the Third Proviso's Canadian rail line requirement is satisfied if there is "*any* use of a Canadian rail line." (Dkt. 159 at 8-9). This argument is based on a misapplication of CBP's regulation supposedly creating an exception to § 1625's notice and comment requirements. *See* 19 C.F.R. § 177.12(d)(1)(iv).

Defendants incorrectly assert that the Court's MSJ Order alters CBP's interpretive guidance concerning the use of a Canadian rail line. Section 177.12(d)(1)(iv) provides that the "rendering of a judicial decision which has the effect of overturning the Customs position" is an exception to CBP's "notice requirements" under, among other statutes, § 1625(c). It is axiomatic, however, that the only type of "judicial decision[s]" that may be relied on by CBP for this proposition are final, non-appealable orders or judgments. If

---

to "judgments, orders, or proceedings" like the MSJ Order "that are not final decisions within the meaning of 28 U.S.C. § 1291, which generally cannot be appealed immediately." *See Wang v. Kahn*, No. 20-CV-08033-LHK, 2022 WL 36105, at *6 (N.D. Cal. Jan. 4, 2022); *see also* L. Civ. R. 7.3(h) (to prevail on reconsideration motion, movant must show "(A) manifest error of the law or fact; (B) discovery of new material facts not previously available; or (C) intervening change in the law").

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.  CASE NO. 3:21-cv-00198-SLG
PLAINTIFFS' OPPOSITION TO MOTION TO DISSOLVE INJUNCTION  PAGE 11 OF 15
01219514.DOCX

Case 3:21-cv-00198-SLG   Document 167   Filed 06/21/22   Page 11 of 15

CBP were to apply its interpretation of the regulation consistently, it would have to alter its interpretive guidance to each and every interlocutory order in every pending litigation in which a court modifies or revokes, even temporarily, some aspect of CBP's interpretive guidance. CBP has never conducted its affairs in this manner and cannot do so now for purposes of issuing massive and unconstitutional penalties for the ongoing use of the BCR Route during the pendency of this litigation.

Defendants also mistakenly rely on *Sea-Land Services, Inc. v. United States*, 239 F.3d 1366 (Fed. Cir. 2001), for the proposition that a judicial decision obviates CBP's § 1625 obligation to revoke or modify its ruling letter and to provide notice and opportunity to comment to the public. That decision, contrary to Defendants' contention, reaffirms the well-established principle that "judicial decision[s]" refer to final, non-appealable judgments and orders. In *Sea-Land*, the Federal Circuit found that its final and non-appealable ruling in a separate case, *Texaco Marine Services, Inc. v. United States*, 44 F.3d 1539 (Fed. Cir. 1994), had the effect of modifying or revoking a CBP ruling letter. The Court of International Trade reasoned, and the Federal Circuit affirmed, that "a notice and comment period under § 1625(c) would serve no purpose because Customs was bound by [the Federal Circuit's] decision in *Texaco*. Consequently, *it had no discretion or ability to modify the decision*[.]" *Sea-Land*, 239 F.3d at 1370–71.

Unlike in *Sea-Land*, here the parties have yet to seek appellate review of the Court's MSJ Order, and any orders or judgments that will be issued by the Court after the trial. Because the MSJ Order is interlocutory and not appealable as a matter of right, it cannot be invoked by CBP to argue that the decision "has the effect of overturning the Customs

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.     CASE NO. 3:21-cv-00198-SLG
PLAINTIFFS' OPPOSITION TO MOTION TO DISSOLVE INJUNCTION     PAGE 12 OF 15
01219514.DOCX

Case 3:21-cv-00198-SLG    Document 167    Filed 06/21/22    Page 12 of 15

position" under 19 C.F.R. § 177.12(d)(1)(iv). Thus, CBP's ruling letters concerning the Third Proviso's Canadian rail line requirement remain in full effect. Based on the current tariff filing (*see* Dkt. 66-1) and existing CBP rulings concerning Canadian rail lines, (*see, e.g.,* Dkts. 6-7 (Ruling Letter 115446 (Sunmar *I*)), 53-1 (Ruling Letter 116021 (Sunmar *II*)), and 6-13 (Ruling Letter 116185 (Sunmar *III*)), the use of the BCR Route remains in compliance with current regulations and official CBP interpretative guidance.

As Plaintiffs have demonstrated, under § 1625, CBP is obligated to apprise the public of changes to its practices to enable the trade community to structure its activities based on consistent and transparent guidance from CBP. But CBP here seems intent on refusing to comply with its statutory obligation. CBP's lack of clarity and opaque "guidance" on what it deems legal under the Third Proviso can—as seen in this case—result in sudden and massive penalties to businesses of all types in the supply chain. The result is that Plaintiffs and others in the trade community do not know how to structure their operations because of the conflict between the long history of CBP rulings and the CBP's contrasting positions in this case. CBP should not be allowed to avoid its statutory obligations based on its flawed interpretation of 19 C.F.R. § 177.12(d)(1)(iv).

In sum, the interlocutory nature of the MSJ Order, which leaves CBP's existing guidance entirely unchanged, provides a separate and independent basis for denial of Defendants' Motion.[5]

---

[5] Defendants' apparent argument that Plaintiffs were on "constructive notice" of CBP's modification of its interpretive guidance in light of the *Horizon* decision (Dkt. 159 at 7), is an improper attempt to avoid its statutory obligation to publicly modify or revoke its ruling letters. The relevant inquiry in determining whether Plaintiffs' transportation

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.    CASE NO. 3:21-cv-00198-SLG
PLAINTIFFS' OPPOSITION TO MOTION TO DISSOLVE INJUNCTION    PAGE 13 OF 15
01219514.DOCX

Case 3:21-cv-00198-SLG    Document 167    Filed 06/21/22    Page 13 of 15

## CONCLUSION

Based on the foregoing and Plaintiffs' prior submissions on the injunction and summary judgment motions, Defendants' Motion to Dissolve the Court's Injunction as to Plaintiffs' Ongoing Use of the BCR Route should be denied.

DATED this 21st day of June, 2022.

BIRCH HORTON BITTNER & CHEROT
Attorneys for Plaintiffs

By:     /s/ David Karl Gross
    David Karl Gross, ABA #9611065

KASOWITZ BENSON TORRES LLP
Edward E. McNally, ABA #9203003
Marc E. Kasowitz (*Pro Hac Vice*)
Hector Torres (*Pro Hac Vice*)
David J. Abrams (*Pro Hac Vice*)
Kim Conroy (*Pro Hac Vice*)
David E. Ross (*Pro Hac Vice*)

---

practices complied with the Third Proviso is whether those practices conformed to CBP's public interpretive guidance, not Plaintiffs' purported knowledge of some alternative private CBP position concealed from the public.

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.      CASE NO. 3:21-cv-00198-SLG
PLAINTIFFS' OPPOSITION TO MOTION TO DISSOLVE INJUNCTION      PAGE 14 OF 15
01219514.DOCX

Case 3:21-cv-00198-SLG    Document 167    Filed 06/21/22    Page 14 of 15

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the   21st   day of June, 2022, a true and correct copy of the foregoing was served via the Court's CM/ECF electronic filing system, on the following:

S. Lane Tucker, U.S. Attorney
Seth M. Beausang, Asst. U.S. Attorney
Christine Dollerhide, Asst. U.S. Attorney
E. Bryan Wilson, Asst. U.S. Attorney
Siobhan A. McIntyre, Asst. U.S. Attorney
U.S. Attorney's Office
seth.beausang@usdoj.gov
christine.dollerhide@usdoj.gov
bryan.wilson@usdoj.gov
siobhan.mcintyre@usdoj.gov

John E. Torgerson
Stoel Rives, LP
jim.torgerson@stoel.com

Keith Bradley
Emily Huggins-Jones
Donald Michael Kaye
John J. Reilly
Squire Patton Boggs
keith.bradley@squirepb.com
emily.hugginsjones@squirepb.com
michael.kaye@squirepb.com
john.reilly@squirepb.com

BIRCH HORTON BITTNER & CHEROT

By:      /s/ David Karl Gross

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.                                             CASE NO. 3:21-cv-00198-SLG
PLAINTIFFS' OPPOSITION TO MOTION TO DISSOLVE INJUNCTION                       PAGE 15 OF 15
01219514.DOCX

Case 3:21-cv-00198-SLG   Document 167   Filed 06/21/22   Page 15 of 15