S. LANE TUCKER
United States Attorney

SETH M. BEAUSANG
SIOBHAN MCINTYRE
Assistant U.S. Attorneys
U.S. Attorney's Office, District of Alaska
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: Seth.Beausang@usdoj.gov
E-mail: Siobhan.McIntyre@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KLOOSTERBOER INTERNATIONAL FORWARDING LLC and ALASKA REEFER MANAGEMENT LLC,<br><br>      Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. CUSTOMS AND BORDER PROTECTION, and TROY A. MILLER, U.S. Customs and Border Protection Acting Commissioner, in his official capacity,<br><br>      Defendants. | Case No. 3:21-cv-00198-SLG |

## MOTION TO BIFURCATE

The United States of America, pursuant to Rule 42(b), moves to bifurcate trial in the above-captioned matter into two separate proceedings—the first, a trial to address the second aspect of Count III in Plaintiffs' complaint, which seeks equitable relief and raises the potentially complex issue of whether CBP accorded "treatment" under 19 U.S.C. §1625(c)(2) to transactions involving merchandise transported over the BCR Route, and then a second, limited trial to value the United States' claim for penalties.[1]

## INTRODUCTION

Two distinct issues remain in this case for trial—first, whether and to what extent CBP accorded "treatment" to transactions involving merchandise transported over the BCR Route, which may determine what penalties the United States may seek for Plaintiffs having utilized the BCR Route without filing a rate tariff for that route with the STB, and second, the full valuation of penalties due for that violation.

---

[1] The United States does not seek to bifurcate discovery, although there may be additional discovery needed if the Court lifts its injunction after the trial and permits the United States to seek the full range of penalties for Plaintiffs' past illegal use of the BCR Route.

To avoid prejudice and confusion and to promote judicial economy and convenience, the Court should bifurcate these issues into two separate proceedings. Count III of Plaintiffs' complaint presents a multifaceted question of both law and fact that may be, at least in part, dispositive of the United States' claim for penalties. In addition, the facts and witnesses needed to address whether CBP accorded treatment when it allowed trucks to enter the U.S. with merchandise that had been transported over the BCR Route are distinct and severable from evidence to prove valuation. Furthermore, the treatment issue— requiring the application of CBP regulations implementing 19 U.S.C. § 1625(c)(2) that address what an importer must demonstrate to establish that "treatment" was accorded by CBP— lies within the expertise of the bench and should be determined by the Court alone to avoid prejudice and confusion. Depending on how the Court rules on Plaintiffs' claim that CBP accorded treatment to transactions involving merchandise transported over the BCR Route, a subsequent trial to determine the penalties Plaintiffs owe for past use of the BCR Route may or may not be necessary.

# ARGUMENT

I. **Applicable law governing bifurcation.**

A court may separate trial of one or more issues "[f]or convenience, to avoid prejudice, or to expedite and economize" proceedings. Rule 42(b). Courts possess "broad discretion to bifurcate a trial to permit deferral of costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." *Jinro Am., Inc. v. Secure Inv., Inc.*, 266 F.3d 993, 998 (9th Cir. 2001); *see also Danjaq, LLC v. Sony Corp.*, 263 F.3d 942 (9th Cir. 2001); *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982). Furthermore, "the Ninth Circuit has long held that a trial court may separate … liability and damages phases under Rule 42(b)." *Norwood v. Children and Youth Serv., Inc.*, 2012 WL 12882757, at *2 (C.D. Cal. July 27, 2012) (citing *Arthur Young & Co. v. U.S. Dist. Ct.*, 549 F.2d 686, 697 (9th Cir. 1977)). This approach is particularly apt where there is limited or no overlap between issues, burdens of proof are distinct, and resolution may render a jury trial unnecessary or facilitate settlement of remaining claims. *See e.g., Exxon Co. v. Pacific Res., Inc.*, 54 F.3d 570, 575 (9th Cir. 1995) (court correctly bifurcated dispositive, severable issue of sole proximate

or superseding cause for bench trial to possibly avoid further proceedings on comparative negligence); *Torres v. Igdaloff*, 2021 WL 4527748, *2 (C.D. Cal. July 19, 2021) (bifurcating trial on preliminary, complex and high-value statutory claims presented potential to facilitate settlement of remaining claims).

A court may also order separate trials when complicated legal issues or financial factors may confuse or prejudice a jury. *Exxon*, 54 F.3d at 575; *Torres*, 2021 WL 4527748 at *2. Moreover, if necessary, a court may bifurcate trials into bench and jury phases, as long as the court preserves the right to jury trial on any legal claims. Rule 42(b); *see also Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 170-71 (9th Cir. 1989).

The party seeking bifurcation bears the burden of proving it is justified given the facts. *Norwood*, 2012 WL 12882757, at *2.

## II. Plaintiffs' claim for equitable relief must be bifurcated to avoid prejudice and confusion.

Here, bifurcation is not only justified, but necessary to first address Plaintiffs' potentially dispositive claim for equitable relief— whether and to what extent CBP accorded treatment to transactions

involving merchandise transported over the BCR Route. That determination may affect the amount of penalties that CBP may assess for Plaintiffs' use of the BCR Route during the time Plaintiffs failed to have a rate tariff for that route on file with the STB. For example, if the Court determines that during the relevant time CBP examined the facts of the BCR Route and determined that it complied with the Third Proviso of the Jones Act, such that CBP's admission of merchandise transported over the BCR Route constituted "treatment," there is no need to hail witnesses into Court to testify as to penalty calculations and the value of merchandise. In this scenario, the United States' claim for penalties would be moot and any evidence presented on this issue extraneous and confusing. The witnesses and documents to be presented regarding the treatment issue—including, as alleged by Plaintiffs, witnesses to construction, local customs agents, and bills of lading—are distinct and severable from evidence to calculate penalties. Indeed, until the parties receive a ruling on the treatment issue, they face the illogical risk of presenting overbroad, irrelevant, or underinclusive evidence at trial. If the Court determines that Plaintiffs have not met their evidentiary burden to establish "treatment," as to

some or all of the merchandise transported over the BCR," the parties can proceed to present evidence on penalty assessment tailored to these findings. Or, the parties may find remaining issues so narrow that they present a clearer path to stipulating on a majority of facts or even settling the remainder of the case. For this reason, bifurcation is justified to avoid prejudice and confusion to both parties and to promote judicial economy.

Furthermore, bifurcation is necessary to provide complete and meaningful adjudication on the merits of the United States' claim for penalties for past use of the BCR Route. At the time Plaintiffs filed their complaint, CBP had only assessed penalties for Plaintiffs' prior violations of the Jones Act *in part*. The notices of penalty issued to Plaintiffs were only related to two vessel voyages when, in fact, CBP was prepared to issue notices of penalty relating to fifty-five similar voyages occurring from October 10, 2016, to August 17, 2021. [Declaration of May Szeto, June 23, 2022, filed concurrently herewith]. In its counter claim, the United States sought relief for any and all penalties arising from Plaintiffs' illegal use of the BCR Route. However, to date, the United States has been enjoined from pursuing its claim in

full. Following a ruling favorable to the United States on the treatment issue, the Court should dissolve the injunction to permit CBP to assess the full range of penalties for Plaintiffs' prior use of the BCR Route during the time they failed to file a rate tariff for that route with the STB. Only then will the United States be able to pursue its claim for penalties in full.

For all of these reasons, the Court should bifurcate proceedings in order to avoid duplicative penalty trials—one trial on the penalties the United States has already assessed, and a separate trial on any additional penalties the United States will assess for past illegal conduct following dissolution of the Court's injunction relating to past conduct. *Union Paving Co. v. Downer Corp.*, 276 F.2d 468, 470 (9th Cir. 1960).[2]

### III. Plaintiffs' preliminary "treatment" claim must be determined by bench trial to avoid prejudice and confusion.

The issues remaining in this case lie within the expertise of the

---

[2] The United States has separately moved to dissolve the Court's injunction as to Plaintiffs' ongoing illegal conduct.

Court and all claims should proceed by bench trial.³ Even assuming Plaintiffs are entitled to a jury trial on any issues—which they are not— a preliminary, bifurcated proceeding to address Count III of Plaintiffs' complaint, in particular, lies within the expertise of the bench and should be determined by the Court to avoid prejudice and confusion.

The threshold issue of whether Plaintiffs have established that CBP accorded treatment to transactions involving merchandise transported over the BCR Route requires in-depth analysis of law, CBP regulations, and judicial precedent. Furthermore, with respect to plaintiff's treatment claim, Courts in the United States Court of Appeals for the Federal Circuit, which routinely interpret 19 U.S.C. § 1625, require the application of the detailed criteria set forth in CBP's regulation, 19 C.F.R. § 177.12(c)(1), in determining whether a "treatment" was "previously accorded." *See Motorola, Inc. v. United States*, 436 F.3d 1357, 1365-67 (Fed. Cir. 2006) and *Motorola, Inc. v.*

---

³ The remedies sought in this matter do not entitle Plaintiffs to a jury trial. It is the United States' understanding that Plaintiffs intend to file a motion on the right to jury trial and will respond in course to any argument presented in that briefing.

*United States*, 509 F.3d 1368, 1371-72 (Fed. Cir. 2007) (finding that these sections of the regulation to be reasonable interpretations of the statute, entitled to deference under *Chevron U.S.A., Inc. v. Natural Resources Def. Counsel, Inc.*, 467 U.S. 837 (1984)).[4]

Because the treatment issue requires interpretation of various legal authorities coupled with conscientious application of the facts, the Court should bifurcate this proceeding to perform its "gatekeeping role and its ability to enforce its rulings on the scope" of the statute at issue. *U.S. v. Nevada*, 2012 WL 13069791, at *4 (D. Nev. Apr. 30, 2012) (bifurcating for bench trial preliminary issues concerning construction of USERRA provisions that would restrict trial on damages).

## CONCLUSION

For the reasons stated above, the Court should bifurcate trial proceedings in this matter into two separate trials—a preliminary trial to address the complex issue presented by Count III of the Complaint,

---

[4] In the Court's ruling on cross-motions for summary judgment, the Court cited the Federal Circuit's 2006 *Motorola* decision, which found part of the regulatory definition of "treatment" to be reasonable. [Dkt. 154 at 33] In the 2007 *Motorola* decision, the Federal Circuit determined that the remaining relevant parts of the regulation were also a reasonable interpretation of the statute. 509 F.3d at 1371-72.

*i.e.*, whether CBP accorded "treatment" to Plaintiff's transactions involving merchandise transported over the BCR Route, and, if necessary, a second trial to value the appropriate range of the United States' claim for penalties.

RESPECTFULLY SUBMITTED this 30th day of June 2022, in Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

s/ Seth M. Beausang
Assistant U.S. Attorney
United States of America

s/ Siobhan A. McIntyre
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**
I hereby certify that on June 30, 2022,
a copy of the foregoing was served electronically on:

David Karl Gross, ABA #9611065
Edward E. McNally, ABA #9203003
Marc E. Kasowitz *(Pro Hac Vice)*
David J. Abrams *(Pro Hac Vice)*
David E. Ross *(Pro Hac Vice)*
Hector Torres (Pro Hac Vice)
Kim Conroy *(Pro Hac Vice)*
Attorneys for Plaintiffs

James E. Torgerson
D. Michael Kaye, (*Pro Hac Vice*)
Keith Bradley, (*Pro Hac Vice*)
John J. Reilly, (*Pro Hac Vice*)
Emily Huggins Jones, (*Pro Hac Vice*)
Attorneys for *Amicus Curiae*

s/ Seth M. Beausang
Office of the U.S. Attorney