# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

KLOOSTERBOER INTERNATIONAL
FORWARDING LLC, *et al.*,

    Plaintiffs,

    v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

Case No. 3:21-cv-00198-SLG

## ORDER RE MOTION TO DISSOLVE PRELIMINARY INJUNCTION AS TO ONGOING USE OF THE BCR ROUTE

Before the Court at Docket 159 is Defendants' *Motion to Dissolve the Court's Injunction as to Plaintiffs' Ongoing Use of the BCR Route*.[1] Plaintiffs responded in opposition at Docket 167,[2] to which Defendants replied at Docket 170. Non-party Lineage Logistics Holdings, LLC ("Lineage") filed a brief of amicus curiae in opposition to Defendants' motion at Docket 168. Oral argument was not requested and was not necessary to the Court's determination.

---

[1] Defendants are the United States of America, U.S. Department of Homeland Security, U.S. Customs and Border Protection ("CBP"), and Troy A. Miller, in his official capacity as the Acting Commissioner of CBP (collectively, "Defendants").

[2] Plaintiffs are Kloosterboer International Forwarding LLC ("KIF") and Alaska Reefer Management LLC ("ARM") (collectively, "Plaintiffs").

## BACKGROUND

The factual allegations and procedural history of this case are set forth in detail in the Court's order at Docket 154. The Court assumes familiarity here. As relevant to this order, on October 10, 2021, this Court issued an order enjoining Defendants "from ever issuing and enforcing any new Notices of Penalty for alleged violations of the Jones Act relating to shipments from Alaska to U.S. destinations through Bayside via the BCR Route commenced or completed at any time from [October 10, 2021,] until the date of the final judgment in this action, and regardless of the outcome of the action."[3]

On May 25, 2022, this Court issued an order on the parties' cross-motions for summary judgment and determined, as to Plaintiffs' Count I, that "[t]he movement of merchandise out-and-back over the 100-foot track at the Port of Bayside does not provide actual progress along the through route and does not constitute 'transportation' over a rail line as required by the Third Proviso."[4] Further, the Court granted summary judgment to Defendants on Count II because it determined that 19 U.S.C. § 1625(c)(1) did not apply to the Notices of Penalty because CBP had not issued a prior determination regarding the BCR Route.[5] Plaintiffs prevailed on Count III as the Court held that CBP had accorded prior

---

[3] Docket 95 at 23.

[4] Docket 154 at 20.

[5] Docket 154 at 29.

Case No. 3:21-cv-00198-SLG, *Kloosterboer International Forwarding LLC, et al. v. United States of America, et al.*
Order re Motion to Dissolve Preliminary Injunction as to Ongoing Use of the BCR Route
Page 2 of 12

treatment regarding the usage of Canadian rail, such that compliance with the notice-and-comment provision of § 1625 was required pursuant to § 1625(c)(2) before issuance of the Notices of Penalty.[6]

Defendants now seek a court order to "immediately dissolve the part of [the Court's] injunction that prevents CBP from enforcing the Jones Act as to Plaintiffs' ongoing use of the BCR Route."[7]

## LEGAL STANDARD

"A party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction."[8] In conducting this inquiry, a court first considers whether "the party seeking dissolution of the injunction has established 'a significant change in facts or law.'"[9] If this showing is made, the Ninth Circuit instructs that a court is to next consider "whether this change 'warrants . . . dissolution of the injunction'" by analyzing "the same criteria that govern the issuance of a preliminary injunction."[10]

---

[6] Docket 154 at 31–36.

[7] Docket 159 at 2.

[8] *Karnoski v. Trump*, 926 F.3d 1180, 1198 (9th Cir. 2019) (quoting *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000)).

[9] *Id.* (quoting *Sharp*, 233 F.3d at 1170).

[10] *Id.* (citing *Sharp*, 233 F.3d at 1170); *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (holding that a party seeking preliminary injunctive relief must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of

Case No. 3:21-cv-00198-SLG, *Kloosterboer International Forwarding LLC, et al. v. United States of America, et al.*
Order re Motion to Dissolve Preliminary Injunction as to Ongoing Use of the BCR Route
Page 3 of 12

# DISCUSSION

## I. Dissolution of the Injunction

Defendants maintain that the Court's ruling in their favor on Counts I and II of Plaintiffs' complaint constitutes a significant change in the law that warrants dissolution of the injunction as to Plaintiffs' ongoing use of the BCR Route.[11] They contend that in considering whether to modify the injunction, the Court should apply the traditional *Winter* factors for preliminary injunctive relief.[12]

Defendants assert that because "Plaintiffs are unable to show 'actual success' on the merits of Counts I and II, they are not entitled to any injunctive relief on those counts."[13] They also contend that "no part of the Court's decision on Count III entitles Plaintiffs to an injunction preventing CBP from seeking penalties for *ongoing illegal conduct*."[14] Citing CBP regulations, Defendants argue that because "the Court has ruled that Plaintiffs' use of the BCR Route is illegal, no notice and comment is required under § 1625(c) for CBP to enforce the law as to ongoing conduct."[15] Relying on *Sea-Land Services, Inc. v. United States*, ,

---

preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest)).

[11] *See* Docket 159 at 11.

[12] Docket 170 at 4–5.

[13] Docket 159 at 5.

[14] Docket 159 at 7.

[15] Docket 159 at 8 (citing 19 C.F.R. § 177.12(d)(1)(iv) (providing that notice and comment is not required after a "rendering of a judicial decision which has the effect of overturning the Customs

Case No. 3:21-cv-00198-SLG, *Kloosterboer International Forwarding LLC, et al. v. United States of America, et al.*
Order re Motion to Dissolve Preliminary Injunction as to Ongoing Use of the BCR Route
Page 4 of 12

Defendants contend that "[o]nce the Court lifts its injunction as to Plaintiffs' ongoing use of the BCR Route, CBP can immediately begin to enforce the Jones Act as to any violations."[16] Defendants assert that "there is no legal or equitable reason to keep the injunction in place as to CBP's ability to enforce the Jones Act as to Plaintiffs' ongoing use of the BCR Route," and maintain that "it would be an abuse of discretion for the Court to continue its constitutional tolling injunction as to ongoing conduct."[17]

Plaintiffs advance four arguments in opposition to Defendants' motion. *First*, Plaintiffs maintain that "any modification of the injunction as to the ongoing use by Plaintiffs and other parties of the BCR Route would contravene [the] fundamental principle underlying the constitutional tolling doctrine because it would permit the Government to resume issuing onerous and financially-ruinous penalties on Plaintiffs and others in the industry during the pendency of this litigation and before 'final disposition' of this case."[18] *Second*, Plaintiffs rely on *United States v. Pacific Coast European Conference* for the proposition that "constitutional tolling shall continue until final disposition of the case including appeals," and that the Court's order on the parties' cross-motions for summary judgment "does not constitute a

---

position")).

[16] Docket 159 at 9 (citing 239 F.3d 1366 (Fed. Cir. 2001)).

[17] Docket 159 at 10.

[18] Docket 167 at 6.

Case No. 3:21-cv-00198-SLG, *Kloosterboer International Forwarding LLC, et al. v. United States of America, et al.*
Order re Motion to Dissolve Preliminary Injunction as to Ongoing Use of the BCR Route
Page 5 of 12

*final*, non-appealable judgment of the case."[19] *Third*, Plaintiffs argue that the Court's ruling with respect to Count I and the BCR Route "is not a material or significant change in the law."[20] Plaintiffs contend that Defendants have failed to demonstrate either an adequate change in facts or a change in law as "[n]one of the cases cited by Defendants . . . is applicable here because none involves the constitutional tolling doctrine."[21] Moreover, according to Plaintiffs, even if the Court applies the *Winter* test to analyze the motion to dissolve, Defendants' alleged claims of irreparable harm are "specious and unsupported."[22] *Fourth*, Plaintiffs argue that Defendants must provide notice to the public and an opportunity to comment before issuing any new penalty notices that apply a new agency interpretation of the Third Proviso's "Canadian rail lines" requirement.[23] Plaintiffs specifically contend that Defendants' reliance on CBP regulations is misplaced because the Court's order on the parties' cross-motions for summary judgment "does not constitute a final, non-appealable order," such that 19 C.F.R. § 177.12(d)(1)(iv) is not triggered.[24]

---

[19] Docket 167 at 3 (citing 451 F.2d 712, 719 (9th Cir. 1971)).

[20] Docket 167 at 3.

[21] Docket 167 at 7.

[22] Docket 167 at 10.

[23] Docket 167 at 4.

[24] Docket 167 at 11–12; *see also* 19 C.F.R. § 177.12(d)(1)(iv) ("The publication and issuance requirements set forth in paragraphs (b) and (c) of this section are inapplicable in circumstances in which a Customs position is modified, revoked or otherwise materially affected by operation

Case No. 3:21-cv-00198-SLG, *Kloosterboer International Forwarding LLC, et al. v. United States of America, et al.*
Order re Motion to Dissolve Preliminary Injunction as to Ongoing Use of the BCR Route
Page 6 of 12

Lineage contends that the plain text of 19 U.S.C. § 1625(c) requires CBP to engage in the notice-and-comment process before it undertakes enforcement proceedings related to the BCR Route.[25] It further asserts that the regulatory exception in 19 C.F.R. § 177.12(d)(1)(iv) is either (1) invalid as it conflicts with § 1625(c), or (2) inapplicable even if valid because Lineage maintains that this Court's summary judgment order is not binding on CBP.[26]

In reply, Defendants maintain that because the present case does not involve a challenge to a legislative-type act, the present litigation is distinguishable from the cases Plaintiffs cite that extended constitutional tolling for the entire duration of a case, including all appeals.[27] Instead, Defendants assert that the Court should simply apply the *Winter* factors.[28] They respond to Lineage's brief by asserting that the Court's order is a "judicial decision" that falls within the notice-and-comment exception in 19 C.F.R. § 177.12(d)(1)(iv).[29] Further, Defendants

---

of law or by publication pursuant to other legal authority . . . . Such circumstances, include . . . [s]ubject to the provisions of § 152.16 of this chapter, the rendering of a judicial decision which has the effect of overturning the Customs position . . . ."); *id.* § 152.16(a) ("The principles of any court decision favorable to the Government shall be applied to all merchandise identical with that passed on by the court which is covered by unliquidated entries, whether for consumption or warehouse.").

[25] Docket 168-1 at 9–12.

[26] Docket 168 at 7, 9–10.

[27] Docket 170 at 5–7.

[28] Docket 170 at 4–5.

[29] Docket 170 at 11–12.

Case No. 3:21-cv-00198-SLG, *Kloosterboer International Forwarding LLC, et al. v. United States of America, et al.*
Order re Motion to Dissolve Preliminary Injunction as to Ongoing Use of the BCR Route
Page 7 of 12

maintain that the regulation is not inconsistent with the statute, as the statute does not require notice and comment because "it is the Court's decision that has modified any past CBP treatment," and not CBP.[30] They assert that the statute only applies when a "'proposed ruling or decision [by CBP] would . . . have the effect of modifying the treatment previously accorded by the Customs Service to substantially identical transactions.'"[31]

As an initial matter, the Court agrees with Defendants that constitutional tolling need not be extended for the full duration of this litigation through any appeals. The cases cited by Plaintiffs in this regard are inapposite because the challenged CBP determination was not a legislative act but rather an adjudicative determination on which Plaintiffs have now had a full opportunity to be heard. Thus, the Court will apply the *Winter* factors when considering Defendants' motion to dissolve the injunction.

The Court finds that Defendants have met their burden to "establish a significant change in facts or law" sufficient to warrant review of the Court's October 10, 2021 preliminary injunction.[32] In particular, the Court's May 25, 2022 order found in part that "the transportation of frozen seafood [by Plaintiffs] on the

---

[30] Docket 170 at 12.

[31] Docket 170 at 12 (alterations in original) (quoting 19 U.S.C. § 1625(c)(2)).

[32] *Karnoski*, 926 F.3d at 1198 (citing *Sharp*, 233 F.3d at 1170).

Case No. 3:21-cv-00198-SLG, *Kloosterboer International Forwarding LLC, et al. v. United States of America, et al.*
Order re Motion to Dissolve Preliminary Injunction as to Ongoing Use of the BCR Route
Page 8 of 12

BCR Route does not comply with the Third Proviso of the Jones Act."[33] The Court's ruling means that Plaintiffs can no longer demonstrate a likelihood of success on the merits of their claim that the BCR Route complies with the Third Proviso of the Jones Act and thus cannot satisfy the *Winter* preliminary injunction test.[34] Plaintiffs' and Lineage's arguments that the Court's summary judgment order is not binding on the parties to this case are without merit. Moreover, as explained by Defendants, the applicable statute, § 1625, does not mandate a notice-and-comment period by the agency when a court has issued a dispositive ruling regarding the agency's treatment.[35]

Accordingly, this Court finds that the preliminary injunction warrants modification and dissolves the preliminary injunction with respect to the ongoing enforcement of the Third Proviso of the Jones Act as follows: Effective on the day following the date of this order, Defendants are no longer enjoined from enforcing the Jones Act as to Plaintiffs' ongoing use of the BCR Route at any time after the date of this order.

---

[33] Docket 154 at 43.

[34] Nor, given the Court's dispositive determination, are there presently any "serious questions going to the merits." *See All. for the Wild Rockies*, 632 F.3d at 1132.

[35] *See* Docket 170 at 12; *see also* 5 U.S.C. § 553(b) ("General notice of proposed rule making shall be published in the Federal Register, unless persons subject thereto are named and either personally served or otherwise have actual notice thereof in accordance with law.").

Case No. 3:21-cv-00198-SLG, *Kloosterboer International Forwarding LLC, et al. v. United States of America, et al.*
Order re Motion to Dissolve Preliminary Injunction as to Ongoing Use of the BCR Route
Page 9 of 12

## II. Clarification of Order

Defendants also request clarification of the Court's summary judgment ruling.[36] They interpret the Court's order on the parties' cross-motions for summary judgment at Docket 154 to "leave open the possibility that CBP can still seek to collect penalties for Plaintiffs' transportation of merchandise using the BCR Route during the time Plaintiffs failed to file a rate tariff for the BCR Route."[37] Plaintiffs, to the contrary, contend that "[a]ny issuance of penalties to Plaintiffs . . . for their past shipments using the [BCR Route] would constitute a clear violation of the [Court's order on the parties' cross-motions for summary judgment] and be barred by *res judicata*."[38]

The Court clarifies its summary judgment order at Docket 154 as follows: The Court held that "CBP violated 19 U.S.C. § 1625(c)(2) when it issued the Notices of Penalty without complying with the notice-and-comment provisions of that statute," after finding that the penalty notices sought to modify treatment accorded to a substantially identical transaction addressed by CBP in the *Sumnar II* Ruling Letter.[39] Based on that ruling, Defendants are precluded from

---

[36] Docket 170 at 13–14.

[37] Docket 159 at 7.

[38] Docket 167 at 10 n.4.

[39] Docket 154 at 36.

Case No. 3:21-cv-00198-SLG, *Kloosterboer International Forwarding LLC, et al. v. United States of America, et al.*
Order re Motion to Dissolve Preliminary Injunction as to Ongoing Use of the BCR Route
Page 10 of 12

enforcing the Notices of Penalty previously issued to Plaintiffs for alleged violations of the Third Proviso of the Jones Act arising from Plaintiffs' use of the BCR Route to transport frozen seafood from Alaska to the eastern United States prior to the initiation of this litigation. However, the Court also finds that reasonable jurists could differ on the determination of that legal issue. The remaining claim to be tried—whether CBP accorded prior treatment to the BCR Route itself—will be relevant only if the Court's ruling as to the *Sumnar II* treatment is reversed on appeal. In that event, if the Court determines the remaining aspect of Claim III in Defendants' favor, then CBP would be able to seek to enforce the previously issued Notices of Penalty.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Defendants' *Motion to Dissolve the Court's Injunction as to Plaintiffs' Ongoing Use of the BCR Route* at Docket 159 is GRANTED as follows:

- The preliminary injunction at Docket 95 is DISSOLVED IN PART, such that, beginning on the day following the entry of this order, Defendants are no longer enjoined from issuing or enforcing any new Notices of Penalty against Plaintiffs, Plaintiffs' officers, agents, servants, employees, and attorneys, and anyone who is in active concert or participation with Plaintiffs for any alleged violations of the Jones Act

Case No. 3:21-cv-00198-SLG, *Kloosterboer International Forwarding LLC, et al. v. United States of America, et al.*
Order re Motion to Dissolve Preliminary Injunction as to Ongoing Use of the BCR Route
Page 11 of 12

relating to the transportation of seafood products from Alaska to U.S. destinations via the BCR Route.

DATED this 7th day of July, 2022 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:21-cv-00198-SLG, *Kloosterboer International Forwarding LLC, et al. v. United States of America, et al.*
Order re Motion to Dissolve Preliminary Injunction as to Ongoing Use of the BCR Route
Page 12 of 12