David Karl Gross, ABA #9611065
Birch Horton Bittner & Cherot
510 L Street, Suite 700
Anchorage, Alaska 99501
Telephone: 907.276.1550
dgross@bhb.com

Edward E. McNally, ABA #9203003
Marc E. Kasowitz *(Pro Hac Vice)*
Hector Torres *(Pro Hac Vice)*
David J. Abrams *(Pro Hac Vice)*
Kim Conroy *(Pro Hac Vice)*
David E. Ross *(Pro Hac Vice)*
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019
Telephone: 212.506.1700
emcnally@kasowitz.com
mkasowitz@kasowitz.com
htorres@kasowitz.com
dabrams@kasowitz.com
kconroy@kasowitz.com
dross@kasowitz.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KLOOSTERBOER INTERNATIONAL FORWARDING LLC and ALASKA REEFER MANAGEMENT LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. CUSTOMS AND BORDER PROTECTION, and TROY A. MILLER, U.S. Customs and Border Protection Acting Commissioner, in his official capacity,<br><br>Defendants. | Case No.: 3:21-cv-00198-SLG |

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.　　　　　　　　　　　CASE NO. 3:21-cv-00198-SLG
OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE　　　　　　　　　　　　　　　　　PAGE 1 OF 8
01227526.DOCX

Case 3:21-cv-00198-SLG   Document 180   Filed 07/14/22   Page 1 of 8

# OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE

Plaintiffs Kloosterboer International Forwarding LLC ("KIF") and Alaska Reefer Management LLC ("ARM") respectfully submit this Opposition to Defendants' Motion to Bifurcate ("Motion," Dkt. 174).

## PRELIMINARY STATEMENT

Defendants inexplicably request that the Court bifurcate the trial in this action, under Rule 42(b), to address "two distinct issues" that Defendants claim remain for trial: "first, whether and to what extent CBP accorded 'treatment' to transactions involving merchandise transported over the BCR Route . . . and second, the full valuation of penalties due for that violation." (Dkt. 174 at 2). The Motion should be denied because it entirely ignores the Court's MSJ Order[1] and is based on the false premise that factual issues remain to be tried involving both liability and damages. Because the Court invalidated CBP's Notices of Penalty, there is no basis or reason to conduct a trial concerning damages, which Defendants describe as the "full valuation of penalties." Based on this Court's rulings, the sole issue that remains to be tried — as recently reaffirmed in the Injunction Order[2] — is whether CBP's issuance of the Notices of Penalty also violated the alternative "treatment" prong of 19 U.S.C. § 1625(c)(2) based on CBP's entry approvals of Plaintiffs' seafood over

---

[1] Order Re Motions for Summary Judgment dated May 25, 2022. (Dkt. 154, the "MSJ Order").

[2] Order Re Motion to Dissolve Preliminary Injunction as to Ongoing Use of the BCR Route dated July 7, 2022. (Dkt. 178, the "Injunction Order").

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.     CASE NO. 3:21-cv-00198-SLG
OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE     PAGE 2 OF 8
01227526.DOCX

Case 3:21-cv-00198-SLG   Document 180   Filed 07/14/22   Page 2 of 8

a nine-year period. There is simply nothing to bifurcate. The Court should reject Defendants' attempt to circumvent the MSJ Order, which indisputably vacated the Notices of Penalty issued by CBP because they were issued unlawfully. The Motion should be denied.[3]

## ARGUMENT[4]

### I. The Sole Issue Remaining for Trial is Whether CBP Violated the Alternative "Treatment" Prong of 19 U.S.C. § 1625(c)(2)

The MSJ Order and the Injunction Order provide that only *one* issue remains to be tried in this case.

In the MSJ Order, the Court considered two independent theories under which Plaintiffs could succeed on their Count III claim that CBP unlawfully modified or revoked its prior "treatment" of shipments on the BCR Route in violation of 19 U.S.C. § 1625(c)(2). (*See* Dkt. 154 at 29-30). The Court evaluated the assertion in Count III that:

> CBP's issuance of the Notices of Penalty violated [§1625(c)(2)] in *two respects*: (1) because Plaintiffs' BCR Route is 'substantially identical' to transactions authorized in previous CBP ruling letters, and (2) because CBP accorded positive 'treatment' to the BCR Route itself by repeatedly approving the entry of merchandise into the United States that had travelled on the BCR.

---

[3] After the Court's entry of the Injunction Order, Plaintiffs requested that Defendants withdraw this Motion in light of the Court's clarification in that decision. Defendants responded: "We do not intend, before reviewing plaintiffs' response to the motion to bifurcate, to withdraw the motion."

[4] All emphasis added unless otherwise indicated.

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.　　　　　　　　　　CASE NO. 3:21-cv-00198-SLG
OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE　　　　　　　　　　　　　　　　PAGE 3 OF 8
01227526.DOCX

Case 3:21-cv-00198-SLG   Document 180   Filed 07/14/22   Page 3 of 8

(Dkt. 154 at 29). The Court thus examined (i) whether CBP's ruling letters established a "treatment"; *and* (ii) whether CBP's approval of prior entries that used the BCR Route separately established a "treatment." Plaintiffs' success on *either* theory provides an independent basis for *voiding* the Notices of Penalty. *See Int'l Custom Products, Inc. v. United States*, 748 F.3d 1182, 1189 (Fed.Cir. 2014) (holding Notices of Action issued in violation of § 1625(c)(2) were "void").

The Court held — on Plaintiffs' first § 1625(c)(2) theory — that "CBP violated [§1625(c)(2)] when it issued the Notices of Penalty without complying with the notice-and-comment provision of that statute." (Dkt. 154 at 36). As a result of this holding, the Court expressly vacated all Notices of Penalty. (*See* Dkt. 154 at 41 ("No due process violation has occurred because *the Court is vacating the Notices of Penalty*.")).

This was confirmed by the Court in the "clarification" section of its Injunction Order:

> The Court held that 'CBP violated 19 U.S.C. § 1625(c)(2) when it issued the Notices of Penalty without complying with the notice-and-comment provisions of that statute,' after finding that the penalty notices sought to modify treatment accorded to a substantially identical transaction addressed by CBP in the *Sunmar II* Ruling Letter. *Based on that ruling, Defendants are precluded from enforcing the Notices of Penalty previously issued to Plaintiffs for alleged violations of the Third Proviso of the Jones Act arising from Plaintiffs' use of the BCR Route to transport frozen seafood from Alaska to the eastern United States prior to the initiation of this litigation.*

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.　　　　　　　　CASE NO. 3:21-cv-00198-SLG
OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE　　　　　　　　　　　PAGE 4 OF 8
01227526.DOCX

Case 3:21-cv-00198-SLG   Document 180   Filed 07/14/22   Page 4 of 8

(Dkt. 178 at 10-11). Because CBP's Notices of Penalty have been invalidated, the potential amount of those penalties is no longer at issue in this case.[5]

In addition, with respect to Plaintiffs' alternative § 1625(c)(2) theory, the Court determined that "there are genuinely disputed material facts with respect to whether CBP's prior actions regarding the BCR Route itself constitute a 'treatment' for the purpose of [19 U.S.C. § 1625(c)(2)]." (Dkt. 154 at 38). This alternative "treatment" claim — concerning whether CBP's approval of prior entries established a "treatment" — is the sole "remaining claim to be tried." (Dkt. 178 at 11).

The absence of any "damages" issue concerning the amount of penalties is also evident from the two potential outcomes from the impending "treatment" trial that the Court discussed in its Injunction Order. (Dkt. 178 at 10-11). On the one hand, if Plaintiffs prevail on the alternative § 1625(c)(2) "treatment" issue, they will have established two *independent* bases for their Count III claim, which would result in the Notices of Penalty being invalidated for two *independent* reasons. (*See* Dkt. 178 at 10). On the other hand, even if Defendants prevail on the remaining "treatment" issue, the Notices of Penalty

---

[5] In the MSJ Order, the Court also denied Plaintiffs' Count I and II claims as a matter of law and "effectively mooted" Plaintiffs' Count IV (Due Process) and Count V (Excessive Fines) claims because "the Court is *vacating* the Notices of Penalty." (Dkt. 154 at 39-42). Both of Plaintiffs' Constitutional claims would still be at issue if any factual issue remained concerning the amount of CBP's penalties. Whether a fine is excessively punitive under the Constitution would require — at a minimum — a determination of how much in penalties should be assessed. By "effectively moot[ing]" Plaintiffs' Count IV and V claims, the MSJ Order further confirms that the potential amount of penalties is no longer at issue.

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.  CASE NO. 3:21-cv-00198-SLG
OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE  PAGE 5 OF 8
01227526.DOCX

Case 3:21-cv-00198-SLG   Document 180   Filed 07/14/22   Page 5 of 8

would still remain invalidated because of the Court's MSJ Order on Plaintiffs' first Count III treatment theory. As the Court succinctly declared: "The *remaining claim* to be tried — whether CBP accorded prior treatment to the BCR Route itself — will be relevant *only if* the Court's ruling as to the *Sunmar II* treatment is reversed on appeal." (Dkt. 178 at 11). Therefore, under either outcome, CBP cannot issue new Notices of Penalty or enforce those already issued because of CBP's unlawful modification or revocation of the *Sunmar II* ruling letter. (Dkt. 154 at 31-32, Dkt. 178 at 10). No purpose would be served by wasting judicial and party resources conducting a trial concerning the amount of penalties that have been vacated because they were unlawfully issued.

Further, in support of their Motion, Defendants submitted a Declaration of May Szeto (Dkt. 175), which states that, in addition to the two Notices of Penalty issued to KIF in August 2021 for shipments made on two vessels (*Duncan Island* and *Green Costa Rica*) totaling approximately $25 million, "[i]f no longer enjoined from issuing additional notices of penalty related to this matter, CBP is prepared to issue notices of penalty to KIF relating to *fifty-five* (55) similar voyages occurring from October 10, 2016, to August 17, 2021." (Dkt. 175 at ¶ 7). But the Court's Injunction Order, as shown above, makes clear that, even assuming Defendants were to prevail at trial on the alternative "treatment" issue, that would leave undisturbed the Court's invalidation of the pre-litigation Notices of Penalty because of CBP's violation of § 1625(c)(2) on Plaintiffs' first Count III treatment theory. Moreover, on July 8, 2022, the Court lifted the preliminary injunction *only* with respect to continued uses of the BCR Route *after* the lifting of the injunction. Because of CBP's

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.  CASE NO. 3:21-cv-00198-SLG
OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE  PAGE 6 OF 8
01227526.DOCX

Case 3:21-cv-00198-SLG   Document 180   Filed 07/14/22   Page 6 of 8

violation of § 1625(c)(2), Defendants are prohibited from seeking to enforce any Notices of Penalty issued for pre-litigation shipments on the *Duncan Island* and *Green Costa Rica* and from issuing penalty notices for the other 55 pre-litigation voyages referenced by Defendants.

## II. Defendants' Own Admissions Compel Denial of Their Motion

Defendants essentially have acknowledged that the amount of penalties assessed is no longer at issue in this case. After the Court issued its MSJ Order, each party filed a proposed case scheduling and planning report. Defendants' "Notice of Filing of the United States' Rule 26(f) Report" (Dkt. 156) unequivocally states ". . . the Court *vacated CBP's Notices of Penalty* because the Court found that the Notices, in at least one respect, violated 19 U.S.C. § 1625(c)(2). [Dkt. 154 at 36]." (Dkt. 156 at ¶ 2). And Defendants' proposed Case Scheduling & Planning Report (Dkt. 156-1), with respect to the "Subjects on which discovery may be needed," refers to "the issues identified in Dkt. 154 at 36-39," which is the section of the MSJ Order dealing with "Prior 'Treatment' of the BCR Route." Defendants naturally did not raise the issue of conducting discovery on the value of the Notices of Penalty because they understood that those penalties had been vacated by the Court, as Defendants concede in their accompanying Notice of Filing.

## CONCLUSION

Based on the foregoing, Defendants' motion to bifurcate should be denied in its entirety.

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.  CASE NO. 3:21-cv-00198-SLG
OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE  PAGE 7 OF 8
01227526.DOCX

Case 3:21-cv-00198-SLG   Document 180   Filed 07/14/22   Page 7 of 8

DATED this 14th day of July, 2022.

                                          BIRCH HORTON BITTNER & CHEROT
                                          Attorneys for Plaintiffs

                                        By:   /s/ David Karl Gross
                                                David Karl Gross, ABA #9611065

                                        KASOWITZ BENSON TORRES LLP
                                        Edward E. McNally, ABA #9203003
                                        Marc E. Kasowitz (*Pro Hac Vice*)
                                        Hector Torres (*Pro Hac Vice*)
                                        David J. Abrams (*Pro Hac Vice*)
                                        Kim Conroy (*Pro Hac Vice*)
                                        David E. Ross (*Pro Hac Vice*)

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the  14th  day of July, 2022, a true and correct copy of the foregoing was served via the Court's CM/ECF electronic filing system, on the following:

| | |
|---|---|
| S. Lane Tucker, U.S. Attorney | John E. Torgerson |
| Seth M. Beausang, Asst. U.S. Attorney | Stoel Rives, LP |
| Christine Dollerhide, Asst. U.S. Attorney | jim.torgerson@stoel.com |
| E. Bryan Wilson, Asst. U.S. Attorney | |
| Siobhan A. McIntyre, Asst. U.S. Attorney | Keith Bradley |
| U.S. Attorney's Office | Emily Huggins-Jones |
| seth.beausang@usdoj.gov | Donald Michael Kaye |
| christine.dollerhide@usdoj.gov | John J. Reilly |
| bryan.wilson@usdoj.gov | Squire Patton Boggs |
| siobhan.mcintyre@usdoj.gov | keith.bradley@squirepb.com |
| | emily.hugginsjones@squirepb.com |
| | michael.kaye@squirepb.com |
| | john.reilly@squirepb.com |

BIRCH HORTON BITTNER & CHEROT

By:     /s/ David Karl Gross

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.        CASE NO. 3:21-cv-00198-SLG
OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE        PAGE 8 OF 8
01227526.DOCX

Case 3:21-cv-00198-SLG   Document 180   Filed 07/14/22   Page 8 of 8