S. LANE TUCKER
United States Attorney

SETH M. BEAUSANG
SIOBHAN MCINTYRE
U.S. Attorney's Office, District of Alaska
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
Email: Seth.Beausang@usdoj.gov
Email:  Siobhan.McIntyre@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KLOOSTERBOER INTERNATIONAL FORWARDING LLC and ALASKA REEFER MANAGEMENT LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. CUSTOMS AND BORDER PROTECTION, and TROY A. MILLER, U.S. Customs and Border Protection Acting Commissioner, in his official capacity,<br><br>Defendants. | Case No. 3:21-cv-00198-SLG<br><br>**UNITED STATES' MOTION FOR RECONSIDERATION** |

COMES NOW, Defendants United States of America, et al., to move pursuant to Local Rule 7.3(h)(1)(A) for reconsideration of the Court's clarification in Dkt. 178. The United States respectfully submits that the Court

has made a manifest error of law for the following reasons:

**<u>The clarification the Court provided in Dkt. 178 was erroneous.</u>**

1. As the Court has recognized, to take advantage of the Third Proviso exception to the Jones Act, Plaintiffs must establish three elements. [Dkt. 64 at 13] The third element is that a rate tariff for the through route must be filed with the Surface Transportation Board (STB). [*Id.*]

2. The Notices of Penalty issued by CBP alleged that Plaintiffs violated the Jones Act, without mentioning Canadian rails, STB rate tariff filings, or any other elements of the Third Proviso. [Dkt. 8-9; 8-10] In its counterclaim, the United States alleges that the BCR Route did not meet both the first and the third elements of the Third Proviso. [Dkt. 105 ¶¶ 15-18]

3. The Court has repeatedly held that, prior to September 30, 2021, the BCR Route did not meet the third element of the Third Proviso.

4. In its September 28, 2021, order, the Court *rejected* Plaintiffs' argument that, under 19 U.S.C. § 1625(c)(2), CBP had to provide notice-and-comment before it pursued penalties for Plaintiffs having failed to meet the third element. Plaintiffs had argued that pursuing Jones Act penalties for their having utilized the BCR Route without a rate tariff filed for the route would have the effect of modifying prior CBP treatment in the *Sunmar* ruling letters, in which CBP had stated that a rate tariff filing was not required under the

Third Proviso. [Dkt. 47 at 30-33] The Court correctly found that Plaintiffs did not have a likelihood of success on that aspect of their "treatment" claim:

> Second, Plaintiffs accurately assert that CBP has not amended or revoked its previously issued ruling letters that held that the filing of a rate tariff was not necessary for compliance with the Third Proviso, even though the *Horizon* court had found that guidance legally invalid. However, irrespective of whether the *Horizon* court remanded the ruling letter to CBP without vacatur, the district court's decision in *Horizon* "had the effect of modifying all of [CBP's] previous rulings, decisions, and treatment" of the tariff-filing requirement in the Third Proviso. In addition, CBP clearly informed Plaintiffs' predecessor that it intended to abide by the district court's decision in *Horizon*. Accordingly, this Court finds that Plaintiffs have not established that they are likely to succeed on their contention that they can rely on CBP's pre-*Horizon* ruling letters with respect to the tariff requirement in the Third Proviso.

[Dkt. 64 at 16-17 (footnotes omitted)][1]

5. In its July 7, 2022, clarification, the Court, without explanation, appears to have reached the opposite conclusion. The Court now concludes that

---

[1] In its September 28, 2021, order, the Court separately found that Plaintiffs had a likelihood of success on their claim that the Notices of Penalty had the effect of modifying a separate aspect of the *Sunmar II* Ruling Letter, namely CBP's statement in that letter that " 'in part over Canadian rail lines' is any use of Canadian rail." [Dkt. 64 at 19-20] *That statement relates solely to the first element of the Third Proviso.* The Court subsequently held the BCR Route did not meet the first element of the Third Proviso [Dkt. 154 at 17-20], but also held that CBP could not pursue penalties for *that violation* because that would have the effect of modifying CBP's prior suggestion that "any use" of Canadian rail met the first element, [Dkt. 154 at 30-36]. Logically, none of those rulings should prevent the United States from pursuing penalties for Plaintiffs' failure to meet the *third element* of the Third Proviso.

CBP pursuing Jones Act penalties, based solely on Plaintiffs' failure to file a rate tariff for the BCR Route, would have the effect of modifying treatment accorded by CBP in the *Sunmar II* Ruling Letter. [Dkt. 178 at 10-11]

6. The Court's earlier conclusion that Plaintiffs had no likelihood of success on that aspect of their treatment claim, and the Court's recent clarification, are inconsistent and should be reconciled. The United States respectfully submits that the Court's earlier conclusion, which recognized that "the district court's decision in *Horizon* 'had the effect of modifying all of [CBP's] previous rulings, decisions, and treatment' of the tariff-filing requirement in the Third Proviso" [Dkt. 64 at 16-17], was correct.

7. A hypothetical will drive the point home. Suppose Plaintiffs had utilized the NBSR Route, which was the *identical* route addressed in the *Sunmar* letters, but the rate tariff for that route was no longer valid. The Court would agree that the United States could pursue penalties for that Jones Act violation. Yet, because Plaintiffs utilized the BCR Route without a rate tariff filing, a *substantially identical* route in the Court's view, the Court concluded that the United States may not pursue penalties for that Jones Act violation.[2]

---

[2] Note that there is no legal requirement that CBP issue a Notice of Penalty before the United States brings suit to collect Jones Act penalties. However, the parties have litigated this case on the assumption that CBP would issue a Notice of Penalty before the United States brings a penalty collection action,

**If the Court adheres to its clarification in Dkt. 178, the Court should find the remaining issues in this case moot and enter final judgment.**

8. A case is moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (internal quotation marks omitted). If the Court continues to conclude that the Notices of Penalty are vacated and that the United States cannot pursue Jones Act penalties for Plaintiffs' past conduct, there is no further relief the Court can grant Plaintiffs after the trial, no matter the outcome. *Cf. Big Lagoon Rancheria v. California*, 789 F.3d 947, 955-56 (9th Cir. 2015) (en banc) (holding that an appeal which sought to establish an alternative ground for relief already granted was moot).

9. Even if Plaintiffs' remaining claim is not moot in the Article III sense, *see*, *e.g.*, *Saucedo v. Gardner*, 335 F. Supp. 3d 202, 222-23 (D.N.H. 2018), the Court should still enter final judgment now in the interests of judicial economy, conserving the parties' resources, and avoiding a complex trial that may be unnecessary. If the Court's decision is overturned on appeal, if there even is an appeal, the Court can conduct a trial on remand.

---

and the United States understands that the Court intends its present orders to foreclose the United States' ability to pursue penalties for Plaintiffs' past violations of the Jones Act related to the BCR Route. The Court's injunction, for example, would seem to preclude CBP from re-issuing Notices of Penalty because of the lack of a rate tariff filing prior to September 30, 2021.

RESPECTFULLY SUBMITTED this 14th day of July 2022, in Anchorage, Alaska.

        S. LANE TUCKER
        United States Attorney

        <u>s/ Seth M. Beausang</u>
        Assistant U.S. Attorney
        United States of America

        <u>s/ Siobhan A. McIntyre</u>
        Assistant U.S. Attorney
        United States of America

**CERTIFICATE OF SERVICE**
I hereby certify that on July 14, 2022,
a copy of the foregoing was served electronically on:

David Karl Gross, ABA #9611065
Edward E. McNally, ABA #9203003
Marc E. Kasowitz *(Pro Hac Vice)*
David J. Abrams *(Pro Hac Vice)*
David E. Ross *(Pro Hac Vice)*
Hector Torres (Pro Hac Vice)
Kim Conroy *(Pro Hac Vice)*
Attorneys for Plaintiffs

James E. Torgerson
D. Michael Kaye, (*Pro Hac Vice*)
Keith Bradley, (*Pro Hac Vice*)
John J. Reilly, (*Pro Hac Vice*)
Emily Huggins Jones, (*Pro Hac Vice*)
Attorneys for *Amicus Curiae*

<u>s/ Seth M. Beausang</u>
Office of the U.S. Attorney