# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

KLOOSTERBOER INTERNATIONAL
FORWARDING LLC, *et al.*,

    Plaintiffs,

    v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

Case No. 3:21-cv-00198-SLG

## ORDER RE PENDING MOTIONS

Before the Court are three pending motions: (1) Defendant's *Motion to Bifurcate* at Docket 174[1]; (2) Defendants' *Motion for Reconsideration* at Docket 181[2]; and (3) Defendants' *Motion for Oral Argument* on its motion for reconsideration at Docket 182.[3] As an initial matter, the Court finds that oral argument was not necessary to determine these motions and hence denies the third motion.

The factual allegations and procedural history of this case are set forth in detail in the Court's order at Docket 154. The Court assumes familiarity here. As relevant to this order, on May 25, 2022, the Court issued an order on the parties'

---

[1] Plaintiffs responded in opposition at Docket 180, and Defendant replied at Docket 185.

[2] Plaintiffs responded in opposition at Docket 187.

[3] Plaintiffs responded in opposition at Docket 189, and Defendant replied at Docket 190.

cross-motions for summary judgment.[4]  In that order, the Court determined that: (1) Plaintiffs were entitled to summary judgment on one aspect of Count III because CBP had accorded prior treatment to a substantially identical transaction involving the usage of Canadian rail, such that compliance with the notice-and-comment provision of § 1625 was required pursuant to § 1625(c)(2) before issuing Notices of Penalty to Plaintiffs; and (2) there remained a genuine dispute of material fact as to whether CBP's prior actions regarding the BCR Route itself also constituted a "treatment" for purposes of § 1625(c)(2).[5]

Following the summary judgment order, Defendants filed a motion to dissolve the Court's preliminary injunction as to Plaintiffs' ongoing use of the BCR Route, in which they also sought clarification of the Court's summary judgment ruling.[6]  Defendants explained that they interpreted the Court's summary judgment order to "leave open the possibility that CBP can still seek to collect penalties for Plaintiffs' transportation of merchandise using the BCR Route during the time Plaintiffs failed to file a rate tariff for the BCR Route."[7]  They also filed their motion

---

[4] Docket 154.

[5] Docket 154 at 31–39.

[6] Docket 159 at 7; Docket 170 at 13–14.

[7] Docket 159 at 7.

to bifurcate, seeking to separate the trial of the treatment of the BCR issue from a trial to determine the amount of penalties.[8]

Plaintiffs responded that the Court's summary judgment order foreclosed the collection of penalties altogether, such that bifurcation was unnecessary.[9]

The Court addressed these arguments in an order dated July 7, 2022 that dissolved the preliminary injunction as to ongoing use of the BCR Route. There, the Court held that "Defendants are precluded from enforcing the Notices of Penalty previously issued to Plaintiffs for alleged violations of the Third Proviso of the Jones Act arising from Plaintiffs' use of the BCR Route to transport frozen seafood from Alaska to the eastern United States prior to the initiation of this litigation."[10] Defendants' motion for reconsideration asks the Court to revisit that ruling.

## LEGAL STANDARDS

### I. Reconsideration

Local Civil Rule 7.3(h)(1) provides that a court "will ordinarily deny a motion for reconsideration absent a showing of one of the following: (A) manifest error of the law or fact; (B) discovery of new material facts not previously available; or (C) intervening change in the law."

---

[8] Docket 174.

[9] Docket 167 at 10 n.4; *see also* Docket 180 at 2–3.

[10] Docket 178 at 10–11.

## II. Bifurcation

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." "Under Rule 42(b), the district court has broad discretion to bifurcate a trial to permit deferral of costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues."[11]

## DISCUSSION

## I. Reconsideration

The Court finds that reconsideration of its clarification of the summary judgment order is warranted. The Court's clarification constituted a manifest error of law insofar as it held that CBP is conclusively precluded from collecting any penalties for transport prior to September 30, 2021 based on the Court's summary judgment finding that the penalty notices improperly sought to modify treatment accorded to a substantially identical transaction (the Sunmar II railroad use ruling) without notice and comment. To fall under the Third Proviso of the Jones Act, Plaintiffs needed to transport merchandise on a "through route[] in part over Canadian rail lines," and Plaintiffs needed to file a rate tariff for that route with the

---

[11] *Jinro Am. Inc. v. Secure Investments Inc.*, 266 F.3d 993, 998 (9th Cir. 2001).

STB.¹² Plaintiffs did not file a tariff until September 30, 2021.¹³ Thus, even though CBP's determination regarding the nature of the BCR Route was improper as stated in the Court's summary judgment order, CBP can still potentially seek penalties from Plaintiffs due solely to their failure to file a rate tariff until September 30, 2021. In this same regard, the Court's invalidation of the Notices of Penalty in the summary judgment order itself was in error to the extent that it could be read to preclude Defendants from prevailing on the BCR treatment issue.¹⁴

As Defendants recognize in their motion for bifurcation,¹⁵ CBP's ability to collect penalties for Plaintiffs' transportation activities up until September 30, 2021 thus turns on the issue the Court reserved for trial: whether CBP accorded prior "treatment" to the BCR Route, including both its lack of filing a rate tariff and its use of a 100-foot train track. If CBP did accord such treatment, notice and comment was required under § 1625(c)(2) before CBP could issue the Notices of Penalty, which did not occur.¹⁶ Hence, if CBP did accord such prior treatment to

---

¹² *See* 46 U.S.C. § 55116.

¹³ See Docket 65 at 3 (noting that KIF filed a rate tariff with the STB on September 30, 2021).

¹⁴ *See, e.g.*, Docket 154 at 41 (holding that Plaintiffs' due process claim was "effectively mooted" because "the Court is vacating the Notices of Penalty").

¹⁵ Docket 185 at 2.

¹⁶ When considering Plaintiffs' motion for a temporary restraining order and preliminary injunction, the Court previously found that Plaintiffs had not established a likelihood of success on their claims because they had failed to file a rate tariff. *See* Docket 64 at 17. However, that finding was superseded by the Court's determination at the summary judgment stage that "there are genuinely disputed material facts with respect to whether CBP's prior actions regarding the BCR Route itself constitute a 'treatment' for purpose of subsection (c)(2)," which includes CBP's

the BCR Route, it cannot collect any prior penalties, but if it did not, then Defendants can pursue such penalties because Plaintiffs failed to file a rate tariff until September 30, 2021. Thus, the Court's order at Docket 178 committed a manifest error of law, and that order is amended to reflect that CBP may still seek penalties from Plaintiffs on this basis. The Court also acknowledges that it erred in holding that Plaintiffs' due process claim was "effectively mooted" by the Court's ruling on the Sunmar II issue.[17] The Court will readdress the due process claim after the trial on the BCR treatment issue is concluded.

## II. Bifurcation

Defendants seek bifurcation of this matter into two separate trials: (1) "whether and to what extent CBP accorded 'treatment' to merchandise transported over the BCR Route" and (2) "to the extent 'treatment' was not accorded, the full valuation of penalties due for Plaintiffs' failure to file a rate tariff with the STB for that route."[18] Defendants explain that Plaintiffs' prior-treatment claim is "potentially dispositive"—"if the Court determines that during the relevant time CBP examined the facts of the BCR Route and determined that it complied with the Third Proviso of the Jones Act, such that CBP's admission of merchandise transported over the BCR Route constituted 'treatment,' there is no need to hail

---

actions in regard to the BCR Route's lack of a rate tariff. *See* Docket 154 at 38.

[17] Docket 154 at 41.

[18] Docket 185 at 2.

[sic] witnesses into Court to testify as to penalty calculations and the value of merchandise."[19] In that situation, Defendants maintain that evidence presented regarding penalties would be "extraneous and confusing."[20]

The Court agrees that bifurcation is appropriate under these circumstances because there will be no need to assess Defendants' claimed penalties if Plaintiffs succeed on their claim that CBP accorded prior treatment to the BCR Route, including its lack of filing a rate tariff as well as its use of a 100-foot train track. Thus, separating the prior-treatment determination from the penalties determination will "defer[] . . . costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues."[21] Accordingly, the Court will first determine the prior-treatment issue; then, if the Court finds that no prior treatment was accorded by CBP to the BCR Route, trial will proceed to determine what penalties should be imposed.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that: (1) Defendants' *Motion to Bifurcate* at Docket 174 is GRANTED; (2) Defendant's *Motion for Reconsideration* at Docket 181 is GRANTED as set forth herein; and (3) Defendant's *Motion for Oral Argument* on its motion for reconsideration at Docket 182 is DENIED.

---

[19] Docket 174 at 5–6.

[20] Docket 174 at 6.

[21] *Jinro Am. Inc.*, 266 F.3d at 998.

Case No. 3:21-cv-00198-SLG, *Kloosterboer International Forwarding LLC, et al. v. United States of America, et al.*
Order re Pending Motions
Page 7 of 8

DATED this 8th day of August, 2022 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE