David Karl Gross, ABA #9611065
Birch Horton Bittner & Cherot
510 L Street, Suite 700
Anchorage, Alaska 99501
Telephone: 907.276.1550
dgross@bhb.com

Edward E. McNally, ABA #9203003
Marc E. Kasowitz *(Pro Hac Vice)*
Hector Torres *(Pro Hac Vice)*
David J. Abrams *(Pro Hac Vice)*
Kim Conroy *(Pro Hac Vice)*
David E. Ross *(Pro Hac Vice)*
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019
Telephone: 212.506.1700
emcnally@kasowitz.com
mkasowitz@kasowitz.com
htorres@kasowitz.com
dabrams@kasowitz.com
kconroy@kasowitz.com
dross@kasowitz.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KLOOSTERBOER INTERNATIONAL FORWARDING LLC and ALASKA REEFER MANAGEMENT LLC,<br><br>    Plaintiffs,<br><br>    vs.<br><br>UNITED STATES OF AMERICA, U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. CUSTOMS AND BORDER PROTECTION, and TROY A. MILLER, U.S. Customs and Border Protection Acting Commissioner, in his official capacity,<br><br>    Defendants. | Case No.: 3:21-cv-00198-SLG |

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.   CASE NO. 3:21-cv-00198-SLG
REPLY ISO MOTION FOR EXTENSION OF EXPERT DEADLINE                 PAGE 1 OF 10
01256607.DOCX

Case 3:21-cv-00198-SLG   Document 201   Filed 09/15/22   Page 1 of 10

# PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME FOR EXPERT DISCLOSURE (DKT. 194)

Plaintiffs respectfully submit this Reply in support of the Motion for Extension of Time for Expert Disclosure (the "Motion") (Dkt. 194).

## PRELIMINARY STATEMENT

Expert testimony in this case would assist the Court in understanding the specialized issues underlying Plaintiffs' claim that CBP's prior actions, over a period of nearly a decade, of allowing entry of Plaintiffs' frozen seafood into the eastern United States, constitutes a "treatment" under 19 U.S.C. § 1625(c)(2). In an apparent attempt to gain a litigation advantage with respect to the resolution of this specialized issue, Defendants seek to deny Plaintiffs the opportunity to present *any* expert testimony or, in the alternative, to require Plaintiffs' identification of their experts before the close of fact discovery and disclosure of their reports — in a staggered way designed to give Defendants the final say on any expert issue. But Defendants have not presented any valid basis for preventing Plaintiffs from exercising their right under the Federal Rules to proffer expert testimony concerning the specialized issue at the heart of this case. Nor have they articulated any cognizable reason for their proposed schedule, which would prejudice Plaintiffs' ability to respond to CBP's arguments concerning the nature and significance of the actions, policies, procedures and practices of CBP, and its related components, concerning enforcement of the Jones Act.

Plaintiffs respectfully request that this Court grant Plaintiffs' Motion and (i) extend the initial expert disclosure deadline to October 31, 2022; (ii) set the deadline for supplemental expert disclosures to November 14, 2022, on the assumption that the

Government will make a complete production of its responsive documents to permit Plaintiffs to identify the topics for an expert report and identify that expert; (iii) require simultaneous disclosure of expert reports 30 days after the close of fact discovery (June 26, 2023); and (iv) set the date for the completion of expert witness discovery (including rebuttal reports and depositions of experts) 90 days after the close of fact discovery (August 24, 2023).

## ARGUMENT

### I. Expert Testimony Would Assist the Court in Understanding CBP Actions, Policies, Procedures and Practices Supporting Plaintiffs' "Treatment" Claim

Expert testimony is appropriate in this case due to the specialized nature of the factual issues underlying Plaintiffs' claim that CBP's prior actions over the past decade repeatedly allowing entry of Plaintiffs' shipments on the BCR Route of frozen seafood constitute a legally binding "treatment" under 19 U.S.C. § 1625(c)(2). Federal Rule of Evidence 702 allows admission of "scientific, technical, or *other specialized knowledge*" by a qualified expert if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 (1993)). The nature of CBP's actions, policies, procedures and practices with respect to enforcement of cabotage laws generally, and the Jones Act specifically, is directly relevant to and would "logically advance a material aspect" of Plaintiffs' treatment claim. *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019). Understanding CBP's policies, practices and procedures in connection with, among other things, enforcement of the Jones

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.     CASE NO. 3:21-cv-00198-SLG
REPLY ISO MOTION FOR EXTENSION OF EXPERT DEADLINE     PAGE 3 OF 10
01256607.DOCX

Case 3:21-cv-00198-SLG    Document 201    Filed 09/15/22    Page 3 of 10

Act, and nature and scope of the responsibility of the different government officials involved in determining whether to allow entry of Plaintiffs' shipments of frozen seafood into the United States are important in determining whether a "treatment" was established under § 1625(c)(2).

Defendants argue that Plaintiffs should "not be allowed to engage in protracted expert discovery when they have not clearly identified the facts and allegations supporting their treatment claim[.]" (Dkt. 197 at 2-3). This is untrue. Plaintiffs have — from the outset of this litigation — claimed that CBP violated § 1625(c)(2) by unlawfully modifying or revoking its prior treatment of substantially identical transactions. (*See* Dkt. 1 at 28-29 (Count III)); *see also* (Dkt. 117 at 73-75) (basing Plaintiffs' "treatment" claim on the proposition that "importers may order their actions based not only on Customs' formal policy, 'position,' 'ruling' or 'decision,' but on its prior *actions*" (quoting *Precision Specialty Metals, Inc. v. United States*, 24 C.I.T. 1016, 1044 (2000) (emphasis added))). Defendants have been on further notice of the factual and legal nature of Plaintiffs' treatment claims through the extensive briefing in this case and have been made explicitly aware of the potential topics of expert testimony. (*See* Ex. 1, Pls.' Notice of Potential Topics of Expert Testimony, dated August 26, 2022). There is simply no basis for Defendants' contention that they are in the dark as to the nature of Plaintiffs' § 1625(c)(2) treatment claim.

Nor is there any basis for Defendants' argument that the "treatment" determination is a strictly legal question. (Dkt. 197 at 3). The regulation Defendants cite purporting to guide how a "treatment" may be established, 19 C.F.R. § 177.12(c), is inapplicable here and, in any event, unlawfully deviates from the plain meaning of "treatment" as used in

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.  CASE NO. 3:21-cv-00198-SLG
REPLY ISO MOTION FOR EXTENSION OF EXPERT DEADLINE  PAGE 4 OF 10
01256607.DOCX

Case 3:21-cv-00198-SLG   Document 201   Filed 09/15/22   Page 4 of 10

§ 1625(c)(2). The regulation referenced by Defendants is directed primarily, if not exclusively, toward determining if an importer has violated *customs* laws — laws concerning the importation of goods — not *cabotage* laws such as the Jones Act. The regulation focuses on the examination of "merchandise" — *i.e.,* the merchandise being transported — but provides no guidance or consideration to how a treatment may be established for issues concerning the *method* of transport, which is the purview of the cabotage laws. *See, e.g.*, 19 C.F.R. § 177.12(b)(2), (c)(ii). Defendants' attempts to limit the meaning of the word "treatment" in this fashion is unlawful and would impermissibly impose unauthorized requirements that would need to be satisfied for an importer to establish a "treatment" under the cabotage laws. CBP's overly restrictive interpretation of § 1625(c)(2) should be rejected. *See California Indus. Prod., Inc. v. United States*, 436 F.3d 1341, 1353 (Fed. Cir. 2006) (rejecting CBP's unduly narrow interpretation of the term "substantially identical transactions" under § 177.12).

But even assuming *arguendo* the application of the regulation to this action, § 177.12(c)(ii) provides that "[t]he determination of whether the requisite treatment occurred will be made by Customs on a *case-by-case basis* and will involve an assessment of *all relevant factors*." 19 C.F.R. § 177.12(c)(ii). Expert testimony will assist the Court in identifying those relevant factors, particularly as historically applied by CBP. Plaintiffs have the right to proffer such testimony, and should be allowed the customary opportunity to do so rather than be entirely dependent on the potentially self-interested and one-sided testimony of Defendants' witnesses. In determining the treatment issues, it will be important for the Court to consider a full record, including through expert testimony, of CBP's policies,

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.     CASE NO. 3:21-cv-00198-SLG
REPLY ISO MOTION FOR EXTENSION OF EXPERT DEADLINE     PAGE 5 OF 10
01256607.DOCX

Case 3:21-cv-00198-SLG    Document 201    Filed 09/15/22    Page 5 of 10

practices and procedures, in the context of CBP's consistent prior actions permitting Plaintiffs' shipments into the United States from 2012 to August 2021.

## II. Disclosure of Expert Reports Should Not Be Required Until the Close of Fact Discovery and Should Not Be Staggered

Defendants also have no reasonable basis for seeking an order that would mandate disclosure of expert reports before the close of fact discovery. (Dkt. 197 at 3).

Federal Rule of Civil Procedure 26 requires parties to disclose the identity of an expert witness "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2); *see also Rice v. Morehouse*, 839 F.App'x 169, 170 (9th Cir. 2021). Expert disclosures, as shown in Plaintiffs' Motion (Dkt. 194 at 3-4), typically are provided during the final stages of litigation or after fact discovery closes because experts almost invariably need to review information obtained during discovery to assist in the identification of the salient facts and the formulation of their opinions. Under Rule 26, expert disclosures must be accompanied by a written report that includes, among other content, "all the opinions the witness will express and the basis and reasons for them," as well as "the facts or data considered by the witness in forming them[.]" Fed. R. Civ. P. 26(a)(2)(B). Compelling Plaintiffs to disclose expert reports before fact discovery is completed is improper and would force the experts to rely on incomplete information, which would be prejudicial to Plaintiffs and would defeat the purpose of such reports, which is to assist the Court in the resolution of the specialized issue that is at the heart of Plaintiffs' treatment claim.

Nor have Defendants — which were just granted an additional seven months to complete fact discovery — shown that they will be prejudiced in any way by the requested

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.     CASE NO. 3:21-cv-00198-SLG
REPLY ISO MOTION FOR EXTENSION OF EXPERT DEADLINE     PAGE 6 OF 10
01256607.DOCX

Case 3:21-cv-00198-SLG    Document 201    Filed 09/15/22    Page 6 of 10

brief three-month extension. Now that the preliminary injunction has been partially dissolved (*see* Dkt. 191) and time is no longer of the essence, no conceivable justification exists for accelerating expert scheduling in the manner Defendants request. *See also Aszmus v. Mclnnis*, No. 3:14-CV-00166-SLG, 2014 WL 12631868, at *1 (D. Alaska Dec. 8, 2014) (Gleason, J.) (mandating simultaneous exchange of initial expert reports because "the Court was not persuaded that the simultaneous exchange of expert reports in this particular case would prejudice either defendant" and observing "the default provision under [Fed. R. Civ. P. 26(a)(2)(D)(i)] provides for an initial simultaneous exchange of expert reports unless otherwise stipulated or ordered").

Moreover, and contrary to the Court's explicit request at the September 1, 2022 status conference (Dkt. 200 at 7: 10-23), Defendants have provided no basis for a staggered expert identification or report disclosure deadline. Requiring expert reports to be disclosed simultaneously conforms to the default rule under Rule 26 and is sensible in this case in light of the clear advantage the responding party has if one party is forced to disclose first. *See id.* The only apparent basis for Defendants' request to stagger the reports — to provide Defendants an unfair and unwarranted tactical advantage in the litigation — compels its denial. The Court should follow its standard practice for requiring simultaneous expert reports (see Dkt. 200 at 7:16-21), and should treat the expert schedule in the same manner as it handled summary judgment briefing. Expert identification and reports should be due simultaneously so that neither party can gain an unfair advantage on this important issue.

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.   CASE NO. 3:21-cv-00198-SLG
REPLY ISO MOTION FOR EXTENSION OF EXPERT DEADLINE   PAGE 7 OF 10
01256607.DOCX

Case 3:21-cv-00198-SLG   Document 201   Filed 09/15/22   Page 7 of 10

### III. Plaintiffs Have Not Had Sufficient Time to Identify and Disclose Experts

Defendants next argue that Plaintiffs have had ample time to identify and disclose experts and that no additional time is warranted. (Dkt. 197 at 5). This argument is based on what Defendants characterize as the "comprehensive 1,369-page" agency record filed late last year. (Dkt. 197 at 5). But this record is in no way comprehensive. To the contrary, it consists of a cherry-picked, heavily-redacted production of *some* documents relevant to this case, mainly documenting CBP's calculation of the crushing penalties it levied without any notice or warning for the *Green Costa Rica* and *Duncan Island* shipments. *See, e.g.,* Dkt. 106-10–41). This record omits numerous categories of highly-relevant documents including, among many others, documents showing CBP's internal deliberations on issuing the penalties, internal communications regarding the BCR Route and KIF's Bayside facilities, documents reflecting CBP's training or procedures with respect to Jones Act enforcement, intra- or inter-agency communications regarding Jones Act enforcement generally and as applied in this case, and documents related to CBP's port of entry procedures and practices. Such documents are important to Plaintiffs' case, including for determining the appropriate scope and content of expert testimony. Until a genuinely complete production of such documents is completed — and to date only around 750 additional pages of documents have been produced in addition to the agency record previously filed — identification of Plaintiffs' experts will necessarily be based on pure conjecture, as the nature and content of additional documents Defendants produce in the course of their ongoing rolling production will be constantly evolving, and generation of expert reports will be extremely challenging.

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.     CASE NO. 3:21-cv-00198-SLG
REPLY ISO MOTION FOR EXTENSION OF EXPERT DEADLINE     PAGE 8 OF 10
01256607.DOCX

Case 3:21-cv-00198-SLG   Document 201   Filed 09/15/22   Page 8 of 10

Further, Defendants argue (Dkt. 197 at 6) that Plaintiffs are not entitled to an extension because the expert schedule was not addressed in Defendants' Unopposed Motion to Extend Discovery Deadlines and Scheduling Conference. (Dkt. 192). That is incorrect. The fact that the parties did not address the issue of expert scheduling in that motion does not preclude the Court from setting a reasonable expert schedule now, particularly because Defendants — who obtained a seven-month extension for fact discovery — have not provided any basis for precluding expert testimony, and in light of the obvious prejudice such a ruling would have on Plaintiffs' case.

## CONCLUSION

Based on the foregoing, Plaintiffs' Motion for Extension of Time for Expert Disclosure should be granted.

DATED this  15th  day of September, 2022.

BIRCH HORTON BITTNER & CHEROT
Attorneys for Plaintiffs

By:  /s/ David Karl Gross
David Karl Gross, ABA #9611065

KASOWITZ BENSON TORRES LLP
Edward E. McNally, ABA #9203003
Marc E. Kasowitz (*Pro Hac Vice*)
Hector Torres (*Pro Hac Vice*)
David J. Abrams (*Pro Hac Vice*)
Kim Conroy (*Pro Hac Vice*)
David E. Ross (*Pro Hac Vice*)

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.   CASE NO. 3:21-cv-00198-SLG
REPLY ISO MOTION FOR EXTENSION OF EXPERT DEADLINE   PAGE 9 OF 10
01256607.DOCX

Case 3:21-cv-00198-SLG   Document 201   Filed 09/15/22   Page 9 of 10

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the _____ day of September, 2022, a true and correct copy of the foregoing was served via the Court's CM/ECF electronic filing system, on the following:

S. Lane Tucker, U.S. Attorney
Dustin M. Glazier, Asst. U.S. Attorney
Christine Dollerhide, Asst. U.S. Attorney
E. Bryan Wilson, Asst. U.S. Attorney
Siobhan A. McIntyre, Asst. U.S. Attorney
U.S. Attorney's Office
dustin.glazier@usdoj.gov
christine.dollerhide@usdoj.gov
bryan.wilson@usdoj.gov
siobhan.mcintyre@usdoj.gov

James E. Torgerson
Stoel Rives, LP
jim.torgerson@stoel.com

Keith Bradley
Donald Michael Kaye
John J. Reilly
Squire Patton Boggs
keith.bradley@squirepb.com
michael.kaye@squirepb.com
john.reilly@squirepb.com

BIRCH HORTON BITTNER & CHEROT

By: _____/s/ David Karl Gross_____

KLOOSTERBOER V. UNITED STATES OF AMERICA, ET AL.  CASE NO. 3:21-cv-00198-SLG
REPLY ISO MOTION FOR EXTENSION OF EXPERT DEADLINE  PAGE 10 OF 10
01256607.DOCX

Case 3:21-cv-00198-SLG   Document 201   Filed 09/15/22   Page 10 of 10