David Karl Gross, ABA #9611065
Birch Horton Bittner & Cherot
510 L Street, Suite 700
Anchorage, AK 99501
Telephone: 907.276.1550
dgross@bhb.com

Edward E. McNally, ABA #9203003
Marc E. Kasowitz *(Pro Hac Vice)*
Hector Torres (*Pro Hac Vice*)
David J. Abrams *(Pro Hac Vice)*
Kim Conroy *(Pro Hac Vice)*
David E. Ross (*Pro Hac Vice*)
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019
Telephone: 212.506.1700
emcnally@kasowitz.com
mkasowitz@kasowitz.com
htorres@kasowitz.com
dabrams@kasowitz.com
kconroy@kasowitz.com
dross@kasowitz.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KLOOSTERBOER INTERNATIONAL FORWARDING LLC and ALASKA REEFER MANAGEMENT LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> U.S.A., U.S. DEPT. OF HOMELAND SECURITY, U.S. CUSTOMS AND BORDER PROTECTION, and TROY A. MILLER, Acting Commissioner, <br><br> Defendants. | Case No.: 3:21-cv-00198 (SLG) |

# PLAINTIFFS' STATUS REPORT

On July 19, 2023, Defendants filed a Notice of Settlement and Joint Stipulation of Stay (Dkt. 207). The Court issued a Text Order (Dkt. 208) the same day ordering that (i) all deadlines in the above-captioned action were stayed for 90 days, and (ii) a status report or case closing documents shall be filed no later than October 17, 2023.

While Defendants undertook to draft the formal settlement agreement and agreed to send it to Plaintiffs as soon as reasonably possible, they did not send their draft to Plaintiffs until September 12, 2023, some fifty-five days after the settlement was reached. Plaintiffs then provided their edits to the draft on September 20, 2023, a mere eight days later. Defendants' response to those edits were not sent to Plaintiffs until another twenty-six days later, October 17, the day before the status report was due to the Court.

On October 17, the parties filed a Joint Status Report and Stipulation of Stay (Dkt. 210), stating that "the parties have been negotiating and continue to negotiate the terms of the formal settlement agreement. The parties hope to complete those negotiations, to execute the settlement agreement, and to be in a position to present case closing documents to the Court within 45 days[]" -- *i.e.,* December 4, 2023. (*Id.* at 2.) On October 19, 2023, the Court accepted the parties Joint Status Report and Stipulation of Stay and stayed all deadlines in this matter for an additional forty-five days. (Dkt. 211). The Court also ordered that a status report or case closing documents shall be filed no later than December 4, 2023. (*Id.*).

Since October 19, 2023, the parties have circulated numerous versions of the settlement agreement, and then finalized its terms on November 20, 2023. Plaintiffs have

repeatedly advised Defendants of the critical need to sign the settlement as soon as possible. Plaintiffs understand that the finalized agreement has been approved by the United States Attorney's Office in Alaska and by Customs and Border Protection. However, Counsel for Defendants advised Plaintiffs' counsel that, while the settlement agreement terms have been approved at the first three levels of approval among Defendants and the Department of Justice, two additional levels of approval are necessary before Defendants can sign the settlement agreement.

While Plaintiffs do not question Defendants' representations or good faith as regards the bureaucratic requirements for approval of the settlement, we are now at 139 days since agreement was reached on July 18, 2023. These proceedings are now well beyond any reasonable length of time to execute the settlement and case-closing documents. The ongoing delay is having a significant, material, negative impact on Plaintiffs' business and finances, and is interfering with crucially important corporate transactions. Plaintiffs are and have been ready to sign the settlement agreement as soon as Defendants obtain final approval from the Department of Justice in Washington, D.C.

Plaintiffs strongly prefer immediate signature of the settlement agreement and case closing documents and that there be no further continuation of these proceedings. However, in the interest of cooperation, Plaintiffs are willing to agree to an extension of no longer than fourteen (14) days, which counsel for the government was willing to agree to, if there is assurance that there will be no further extensions.

Accordingly, Plaintiffs request (i) that the Court stay all deadlines in this case for no longer than fourteen (14) days, and (ii) that the Court direct Defendants to sign the

settlement agreement and file case closing documents in this case as soon as possible and in no event later than December 18, 2023 or show cause at an in-person hearing why it has not done so.

DATED this the 4th day of December, 2023.

BIRCH HORTON BITTNER & CHEROT

By: */s/ David Karl Gross*
David Karl Gross, ABA #9611065

KASOWITZ BENSON TORRES LLP

Edward E. McNally, ABA #9203003
Marc E. Kasowitz (*Pro Hac Vice*)
Hector Torres (*Pro Hac Vice*)
David J. Abrams (*Pro Hac Vice*)
Kim Conroy (*Pro Hac Vice*)
David E. Ross (*Pro Hac Vice*)

*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 4th day of December, 2023, a true and correct copy of the foregoing was served via the Court's CM/ECF electronic filing system, on the following:

Dustin M. Glazier, Asst. U.S. Attorney
U.S. Attorney's Office
dustin.glazier@usdoj.gov

BIRCH HORTON BITTNER & CHEROT

By: /s/ David Karl Gross
David Karl Gross, ABA #9611065